# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

| | |
|---|---|
| **BID FOR POSITION, LLC**, | CASE NO. 2:07-cv-582 RBS/TEM |
| *Plaintiff*, | **Jury Trial Demanded** |
| v. | |
| **AOL, LLC,** **GOOGLE, INC.,** **MICROSOFT CORP.,** and **MIVA, INC.,** | |
| *Defendants*. | |
| **MICROSOFT CORPORATION**, | |
| *Counterclaim-Plaintiff*, | |
| v. | |
| **BID FOR POSITION, LLC**, | |
| *Counterclaim-Defendant*. | |

## DEFENDANT MICROSOFT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

For its answer to the complaint filed by Bid for Position, LLC, [Docket No. 1], Defendant Microsoft Corporation ("Microsoft") answers as follows, with each paragraph of the answer below responding to the corresponding numbered paragraph of the complaint:

## I. INTRODUCTION

1. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

2. Microsoft denies all allegations in this paragraph, as applied to Microsoft. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.

3.    Microsoft denies all allegations in this paragraph, as applied to Microsoft. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.

## II.  PARTIES

4.    Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

5.    Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

6.    Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

7.    Admitted.

8.    Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

## III.  JURISDICTION AND VENUE

9.    Microsoft admits that Bid for Position's complaint purports to state a cause of action under the Patent Act, 35 U.S.C. §§ 271 and 281, *et. seq*. Microsoft admits this Court has subject matter jurisdiction over such a cause of action under 28 U.S.C. § 1338(a), but Microsoft denies committing any infringement or other tortious or unlawful act.

10.   Microsoft admits, for purposes of this action only, that it transacts some business in this district, but denies that this business is relevant to, or infringes the '151 patent, either directly or indirectly.  Microsoft further states that even if venue is proper in this district, it is inconvenient.  Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.  Except as so admitted, Microsoft denies each and every allegation of this paragraph.

11. Microsoft admits, for purposes of this action only, that it transacts some business in this district, but denies that this business is relevant to, or infringes, the '151 patent, either directly or indirectly. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations. Except as so admitted, Microsoft denies each and every allegation of this paragraph.

## COUNT I

## INFRINGEMENT OF THE KONIA PATENT

12. Microsoft incorporates by reference paragraphs 1–11 above.

13. Microsoft acknowledges that plaintiff purports to attach a copy of the '151 patent to the complaint as Exhibit A, and that the face of Exhibit A shows a patent date of May 29, 2007. Microsoft lacks knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies such allegations.

14. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

15. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

16. Microsoft denies the allegations in this paragraph.

17. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies such allegations.

18. Microsoft denies all allegations in this paragraph, as applied to Microsoft. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.

19. Microsoft denies all allegations in this paragraph, as applied to Microsoft. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.

20. Microsoft denies all allegations in this paragraph, as applied to Microsoft. Microsoft lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph concerning other defendants, and on that basis denies such allegations.

21. Microsoft acknowledges and joins Bid for Position's request for a trial by jury on all issues so triable.

22. Microsoft denies all allegations not specifically admitted.

## PRAYER FOR RELIEF

Microsoft denies that Bid for Position is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

### THIRD AFFIRMATIVE DEFENSE

On information and belief, each and every claim of the '151 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101–103, 111–113, 133.

### FOURTH AFFIRMATIVE DEFENSE

On information and belief, the claims for relief are barred by license, estoppel and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE

The claims for relief are barred in whole or in part by the failure to give adequate notice of the patent and/or alleged infringement to Microsoft.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that the alleged invention has been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

### SEVENTH AFFIRMATIVE DEFENSE

On information and belief, Bid for Position lacks standing and an ownership interest and title in the '151 patent sufficient to enforce the '151 patent.

### EIGHTH AFFIRMATIVE DEFENSE

Microsoft reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### COUNTERCLAIMS

### NATURE OF THIS ACTION

1. Microsoft Corporation brings this compulsory counterclaim under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, to obtain a declaratory judgment that each and every claim of U.S. Patent No. 7,225,151 is neither valid nor infringed.

### PARTIES

2. Counterclaim-Plaintiff Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business in Redmond, Washington.

3. On information and belief, Counterclaim-Defendant Bid for Position, LLC ("Bid for Position") is a Florida corporation with its principal place of business in Boca Raton, Florida.

## JURISDICTION AND VENUE

4. This counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. This Court has subject-matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5. Bid for Position has consented to personal jurisdiction for this action in this district by filing the complaint in this action in this Court [Docket No. 1].

6. To the extent that venue over Bid For Positions claims is found to be proper, venue is proper in this district for this counterclaim pursuant to 28 U.S.C. § 1391(b)–(c).

## FACTUAL BACKGROUND

7. Bid for Position has alleged that it is the owner of U.S. Patent No. 7,225,151, entitled "Online Auction Bid Management System and Method," (the "'151 patent").

8. Bid for Position has expressly charged Microsoft with infringement of the '151 patent by filing a complaint against Microsoft in this Court [Docket No. 1]. Microsoft has denied these allegations. Thus, for at least this reason, there exists an actual controversy between Bid for Position and Microsoft regarding the '151 patent.

## COUNT I

### Declaratory Judgment of Noninfringement of U.S. Patent No. 7,225,151

9. Microsoft repeats and incorporates by reference all of the allegations set forth in paragraphs 1–8.

10. Microsoft has not been and is not now infringing any claim of the '151 patent, either directly or indirectly.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,225,151

11. Microsoft repeats and incorporates by reference all of the allegations set forth in paragraphs 1–10.

12. Each and every claim of the '151 patent is invalid for failure to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101–103, 111–113, 133.

## **DEMAND FOR JURY TRIAL**

Microsoft demands a trial by jury of all issues so triable in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Microsoft prays for judgment in its favor and against Bid for Position as follows:

A. Dismissing with prejudice Bid for Position's claims against Microsoft;

B. Declaring that Microsoft has not been and is not now infringing any claim of the '151 patent, either directly or indirectly;

C. Declaring that each and every claim of the '151 patent is invalid;

D. Denying Bid for Position's request for damages, costs, attorneys' fees, interest, and injunctive relief;

E. Declaring this an "exceptional case" under 35 U.S.C. § 285 and awarding Microsoft its expenses, costs, and attorneys' fees; and

F. Granting Microsoft other and further equitable or legal relief as the Court deems just and proper.

Dated:  January 16, 2008               Respectfully submitted,

/s/
William D. Dolan, III
Virginia State Bar No. 12455
Michael W. Robinson
Virginia State Bar No. 26522
**VENABLE LLP**
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Tel.  703-760-1684
Fax. 703-821-8949
wddolan@venable.com
mwrobinson@venable.com

Richard A. Cederoth
**SIDLEY AUSTIN LLP**
1 South Dearborn Street
Chicago, Illinois 60603
Tel. 312-853-7000
Fax 312-853-7036
rcederoth@sidley.com

*Counsel for Microsoft Corporation*

## CERTIFICATE OF SERVICE

I, William D. Dolan, III, hereby certify that on the 16th day of January, 2008, I will electronically file the foregoing with the Clerk of the Court using the CM/EMF system, which will then send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff Bid for Position, LLC**
Craig T. Merritt (cmerritt@cblaw.com)
R. Braxton Hill, IV (bhill@cblaw.com)
Nichole Buck Vanderslice (nvanderslice@cblaw.com)
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Tel:  (804) 697-4100
Fax:  (804) 697-4112

Gregory S. Dovel (greg@dovellaw.com)
Christin Cho (christen@dovellaw.com)
**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel:  (310) 656-7066
Fax:  (310) 656-7069

David Rosen (drosen@mrellp.com)
**MURPHY ROSEN & COHEN, L.L.P.**
100 Wilshire Blvd., Suite 1300
Santa Monica, CA 90401
Tel:  (310) 899-3300
Fax:  (310) 399-7201

**Counsel for Defendant Google, Inc.**
Charles P. Chalmers (Pchalmers@wsgr.com)
**WILSON SONSINI GOODRICH & ROSATI PC**
1700 K Street, NW, Suite 500
Washington, DC 20006-3817
Tel:  (202) 973-8800
Fax:  (202) 973-8899

**Counsel for AOL, LLC**
John C. Lynch (john.lynch@troutmansanders.com)
Virginia State Bar No. 39267
**TROUTMAN SANDERS LLP**
150 West Main Street, Suite 1600
Norfolk, VA 23510
Tel:  (757) 687-7765
Fax:  (757) 687-1504


_____/s/_____
William D. Dolan, III
Virginia State Bar No. 12455
Michael W. Robinson
Virginia State Bar No. 26522
**VENABLE LLP**
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
tel.  703-760-1684
fax. 703-821-8949
wddolan@venable.com

*Counsel for Microsoft Corporation*