UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| BID FOR POSITION, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 2:07-cv-582 |
| v. | |
| MICROSOFT CORP., *et al.* | JURY TRIAL REQUESTED |
| Defendants. | |

## DEFENDANT GOOGLE INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO BID FOR POSITION'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant and counterclaimant Google Inc. ("Google") by and through the undersigned counsel, answers the Complaint for Patent Infringement ("Complaint") of plaintiff and counterdefendant Bid For Position, LLC ("Plaintiff"), as follows:

## I.       INTRODUCTION

1.       Google is without knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff owns the invention described and claimed in United States Patent No. 7,225,151 entitled "Online Auction Bid Management System and Method" (the '151 patent) as alleged in paragraph 1 and therefore denies this allegation.

2.       Google denies that it has used, and denies that it continues to use, any technology claimed in the '151 patent. To the extent the allegations set forth in paragraph 2 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations. Google denies any remaining allegations in paragraph 2.

3.      Google admits that Plaintiff's Complaint purports to seek damages and an injunction preventing all of the defendants from making, using, selling, or offering to sell the technology claimed by the '151 patent, but denies that it has committed acts of infringement.  To the extent the allegations set forth in paragraph 3 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.  Google denies any remaining allegations in paragraph 3.

## II.      PARTIES

4.      Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of the Complaint and therefore denies them.

5.      Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint and therefore denies them.

6.      Admitted.

7.      Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint and therefore denies them.

8.      Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint and therefore denies them.

## III.      JURISDICTION AND VENUE

9.      Google denies liability, but admits that this Court has subject matter jurisdiction over Plaintiff's action as pled in paragraph 9 of the Complaint.  Google denies any remaining allegations in paragraph 9.

10.      In response to paragraph 10 of the Complaint and solely for the purpose of this action, Google does not contest venue in this District.  However, the interests and convenience of the parties would be better served by transferring this case to a different district. Google admits that it has conducted and does conduct business in the Eastern District of Virginia.  Google

denies it has committed, contributed to, and/or induced acts of infringement in this or any other District. To the extent the allegations set forth in paragraph 10 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations. Google denies any remaining allegations in paragraph 10.

11.     Google admits that it is subject to personal jurisdiction in this District solely for the purpose of this action. Google admits, for purposes of this action only, that it transacts some business in this district, but denies that this or any other business infringes the '151 patent, either directly or indirectly. To the extent the allegations set forth in paragraph 11 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations. Google denies any remaining allegations in paragraph 11.

<u>**First Claim for Patent Infringement**</u>
<u>**(Infringement of the '151 patent)**</u>

12.     As to paragraph 12 of the Complaint, Google reasserts and incorporates its responses to paragraphs 1 through 11 of the Complaint.

13.     As to paragraph 13, Google admits that the United States Patent and Trademark Office issued the '151 patent, albeit improperly, on May 29, 2007, and that Exhibit A to the Complaint indicates on its face that it is the '151 patent. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff is the owner of all rights, title, and interest in the '151 patent, including all rights to pursue and collect damages for past infringements of the patent as alleged in paragraph 13 and therefore denies this allegation. Google denies any remaining allegations in paragraph 13 of the Complaint.

14.     Google denies the allegations in paragraph 14.

15.    To the extent the allegations set forth in paragraph 15 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.  Google denies any remaining allegations in paragraph 15 of the Complaint.

16.    To the extent the allegations set forth in paragraph 16 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.  Google denies any remaining allegations in paragraph 16 of the Complaint.

17.    To the extent the allegations set forth in paragraph 17 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.  Google denies any remaining allegations in paragraph 17 of the Complaint.

18.    Google denies the allegations in paragraph 18.  To the extent the allegations set forth in paragraph 18 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

19.    Google denies the allegations in paragraph 19.  To the extent the allegations set forth in paragraph 19 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

20.    Google denies the allegations in paragraph 20.  To the extent the allegations set forth in paragraph 20 relate to other defendants, Google lacks knowledge or information

sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

21.    Google admits that Plaintiff demands a trial by jury.

**Prayer for Relief**

Google denies that Plaintiff is entitled to the relief sought by its Prayer for Relief, set forth on page 4-5 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE: Non-Infringement of the '151 Patent

Google has not infringed and is not infringing any valid and enforceable claim of the '151 patent.

## SECOND AFFIRMATIVE DEFENSE: Invalidity and/or Enforceability of the '151 Patent

The claims of the '151 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE: Prosecution History Estoppel

The claims of the '151 patent are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the application which resulted in the '151 patent, that none of the claims of the patent are infringed by Google.

## FOURTH AFFIRMATIVE DEFENSE: Lack of Notice

On information and belief, prior to the filing of the Complaint against Google, Bid for Position failed to properly mark its products covered by the '151 patent and/or did not otherwise provide Google with notification of any alleged infringement of the '151 patent.  Under 35 U.S.C. § 287(a), Plaintiff is barred from recovering damages for any alleged infringement of the '151 patent by Google prior to filing the Complaint.

## FIFTH AFFIRMATIVE DEFENSE:  Lack of Standing

On information and belief, Plaintiff lacks the standing necessary to assert the claims of the '151 patent against Google.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Google ("Google") for its Counterclaims against Bid for Position LLC ("Plaintiff") alleges as follows:

### PARTIES

1.      Google is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA, 94043.

2.      Plaintiff alleges that it is a Florida limited liability company with its principal place of business at 21413 Fairfield Lane, Boca Raton, Florida  33486.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

### COUNTERCLAIMS

5.      The '151 patent was issued, albeit improperly, by the United States Patent and Trademark Office on May 29, 2007.  Plaintiff claims to be the owner of the '151 patent.

6.      Plaintiff has alleged that certain acts by Google infringe the '151 patent.

7.      An actual controversy exists between Google and Plaintiff regarding the validity and infringement of the '151 patent.

### FIRST CAUSE OF ACTION: Declaratory Judgment of Non-Infringement

8.      Google incorporates the allegations in paragraphs 1 through 21 of the answer and defenses herein and paragraphs 1 through 7 of these counterclaims as if fully set forth herein.

9.      Google has not infringed and is not infringing any valid and enforceable claim of the '151 patent.

### SECOND CAUSE OF ACTION: Declaratory Judgment of Invalidity and/or Unenforceability

10.     Google incorporates the allegations in paragraphs 1 through 21 of the answer and defenses herein and paragraphs 1 through 9 of these counterclaims as if fully set forth herein.

11.     The '151 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

### EXCEPTIONAL CASE

12.     On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the '151 patent against Google with the knowledge that Google does not infringe any valid or enforceable claim of the '151 patent and/or that the '151 patent is invalid and/or unenforceable.

### RELIEF REQUESTED

WHEREFORE, Google respectfully requests the following relief:

1.      A judgment in favor of Google denying Plaintiff all relief requested in this action and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2.      A judgment declaring that each claim of the '151 patent is invalid and/or unenforceable;

3.      A judgment declaring that Google has not infringed and is not infringing any valid and/or enforceable claim of the '151 patent, and that Google has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '151 patent;

4.      A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Google its costs, expenses, and reasonable attorneys' fees;

5.      That the Court award Google such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

Dated:  January 17, 2008

                                        Respectfully submitted,


                                        _____/s/   C. Paul Chalmers_____
                                        C. Paul Chalmers (pchalmers@wsgr.com)
                                        WILSON SONSINI GOODRICH & ROSATI PC
                                        1700 K Street, N.W., Suite 500
                                        Washington, D.C.  20006-3817
                                        Tel:  (202) 973-8800
                                        Fax:  (202) 973-8899

                                        COUNSEL
                                        FOR DEFENDANT GOOGLE INC.

## CERTIFICATE OF SERVICE

I, C. Paul Chalmers, hereby certify that on the 17th day of January, 2008, I will

electronically file the foregoing with the Clerk of the Court using the CM/EMF system, which

will then send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff Bid for Position, LLC**
Craig T. Merritt (cmerritt@cblaw.com)
R. Braxton Hill, IV (bhill@cblaw.com)
Nichole Buck Vanderslice (nvanderslice@cblaw.com)
CHRISTIAN & BARTON, LLP
900 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Tel:  9804) 697-4100
Fax:  (804) 697-4112

Gregory S. Dovel (greg@dovellaw.com
Christian Cho (christen@dovellaw.com)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
Tel:  (310) 656-7066
Fax:  (310) 656-7069

David Rosen (drosen@mrellp.com)
MURPHY ROSEN & COHEN, L.L.P.
100 Wilshire Blvd., Suite 1300
Santa Monica, CA  90401
Tel:  9310) 899-3300
Fax:  (310) 399-7201

**Counsel for AOL, LLC**
John c. Lynch (john.lynch@troutmansanders.com)
TROUTMAN SANDERS LLP
150 West Main Street, Suite 1600
Norfolk, VA  23510
Tel:  (757) 687-7765
Fax:  (767-687-1504

**Counsel for Microsoft Corporation**
William D. Dolan, III
Michael W. Robinson (wddolan@venable.com)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA  22182
Tel:  (703) 766-01684
Fax:  (703) 821-8949

_____/s/   C. Paul Chalmers_____
C. Paul Chalmers (pchalmers@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street, N.W., Suite 500
Washington, D.C.  20006-3817
Tel:  (202) 973-8800
Fax:  (202) 973-8899