# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | |
|---|---|
| BID FOR POSITION, LLC, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:07CV582 (JBF-TEM) |
| v. | ) |
| | ) Jury Trial Demanded |
| AOL, LLC, GOOGLE, INC., | ) |
| MICROSOFT CORP., AND MIVA, INC., | ) |
| | ) |
| Defendants. | ) |

## AOL, LLC'S ANSWER AND COUNTERCLAIMS

Defendant and Counterclaimant AOL, LLC ("AOL"), by and through its attorneys, hereby answers the Complaint for Patent Infringement of Plaintiff and Counterclaim Defendant Bid for Position, LLC ("Plaintiff") as follows:

## INTRODUCTION

1.     AOL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2.     AOL denies the allegations in paragraph 2 with respect to AOL. AOL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies them.

3.     AOL admits that Plaintiff seeks damages and an injunction. AOL denies all other allegations of Paragraph 3.

## PARTIES

4.     AOL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.

5. AOL admits that it is a Delaware limited liability company with its principal place of business at 22000 AOL Way, Dulles, Virginia, 20166. AOL also admits that it has appointed the following as its agent for purposes of receiving service of process in Virginia: Corporation Service Company, 11 South 12th Street, P.O. Box 1463, Richmond, Virginia, 23218.

6. AOL is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 6 and therefore denies them.

7. AOL is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 7 and therefore denies them.

8. AOL is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 8 and therefore denies them.

## JURISDICTION AND VENUE

9. AOL admits that Plaintiff purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, Sections 271 and 281, *et seq.* AOL admits that this Court has subject matter jurisdiction over actions brought under 28 U.S.C. §§ 1131 and 1338(a).

10. AOL admits that for purposes of this litigation, venue is proper in this district as to AOL under 28 U.S.C. §§ 1391(c) and 1400(b). AOL admits that it has transacted business in this district, and denies all other allegations in Paragraph 10.

11. AOL admits that it is subject to this Court's personal jurisdiction, and denies all other allegations in Paragraph 11.

## COUNT 1
## INFRINGEMENT OF THE KONIA PATENT

12. AOL realleges and incorporates by reference its responses as set forth herein in Paragraphs 1 through 11 above.

13. AOL admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,225,151 entitled "Online Auction Bid Management System and Method" ("the Konia patent") on May 29, 2007. AOL is otherwise without sufficient knowledge or information to for a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14. AOL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. AOL denies the allegations in Paragraph 15.

16. AOL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17. AOL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18. AOL denies the allegations in Paragraph 18 with respect to AOL. AOL is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19. AOL denies the allegations in Paragraph 19 with respect to AOL. AOL is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20. AOL admits that Plaintiff purports to reserve the right to request a finding that Defendants' infringement is or has been willful at the time of trial, and denies all other allegations.

21. AOL admits that Plaintiff purports to demand a trial by jury of all issues relating to this claim.

**PRAYER FOR RELIEF**

AOL denies that Plaintiff is entitled to any of the relief prayed for in its Complaint.

**AFFIRMATIVE DEFENSES**

22. Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing responses to Plaintiff's allegations, AOL hereby asserts the following affirmative defenses. Moreover, AOL reserves the right to add to or amend its defenses further as additional information is developed through discovery or otherwise.

**First Affirmative Defense**

23. AOL is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid claim of the Konia patent, either literally or under the doctrine of equivalents.

**Second Affirmative Defense**

24. The claims of the Konia patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or one or more sections of Title 37, Code of Federal Regulations, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and 133.

**Third Affirmative Defense**

25. On information and belief, by reason of the proceeding in the United States Patent and Trademark Office during prosecution of the application that led to the issuance of the Konia patent, including statements, arguments, and amendments made to the claims, Plaintiff is estopped from asserting that AOL is infringing or has infringed the Konia patent.

### Fourth Affirmative Defense

26. Plaintiff's claims for relief and alleged damages are limited by 35 U.S.C. § 287.

### Fifth Affirmative Defense

27. Plaintiff fails to state a claim against AOL for which relief may be granted.

### Sixth Affirmative Defense

28. Plaintiff lacks standing to bring a claim to enforce the '151 patent.

## COUNTERCLAIMS

AOL asserts the following Counterclaims:

1. AOL incorporates by reference its responses and allegations as set forth herein in Paragraphs 1 through 29 above.

2. Defendant and Counterclaimant AOL, LLC is a Delaware limited liability company with its principal place of business at 22000 AOL Way, Dulles, Virginia, 20166.

3. Plaintiff and Counterclaim Defendant Bid for Position, LLC has alleged in Paragraph 4 of the Complaint that it is a Florida limited liability company with its principal place of business at 21413 Fairfield Lane, Boca Raton, Florida, 33486.

4. Plaintiff has alleged in Paragraph 13 of the Complaint that it is the owner of all rights, title and interest in the Konia patent, including all rights to pursue and collect damages for past infringements of the patent.

5. The United States District Court for the Eastern District of Virginia has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

6. Plaintiff is subject to personal jurisdiction in the judicial district of the United States District Court for the Eastern District of Virginia at least because Plaintiff has availed itself of this Court.

7. Venue for this action is proper in the judicial district of the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1391 and 1400 because Plaintiff consented to this venue by filing this action against AOL in the judicial district of the United States District Court for the Eastern District of Virginia, and the Counterclaims are closely related to the claims set forth in the Complaint.

### First Counterclaim – Declaratory Judgment of Noninfringement

8.   AOL incorporates by reference its responses and allegations as set forth herein in responsive Paragraphs 1 through 29 above and Counterclaim paragraphs 1 through 7 above.

9.   Plaintiff is not entitled to any relief against AOL because AOL is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid claim of the Konia patent, either literally or under the doctrine of equivalents.

### Second Counterclaim – Declaratory Judgment of Invalidity

10.   AOL incorporates by reference its responses and allegations as set forth herein in responsive Paragraphs 1 through 29 above and Counterclaim paragraphs 1 through 9 above.

11.   The claims of the Konia patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or one or more sections of Title 37, Code of Federal Regulations, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and 133.

### REQUEST FOR RELIEF

WHEREFORE, for the reasons set forth in AOL's response to Plaintiff's Complaint and in AOL's Counterclaims, AOL respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.   Dismissal of Plaintiff's Complaint against AOL with prejudice;

B.   A declaration that Plaintiff recovers nothing from AOL;

C.   A declaration that AOL has not infringed, either directly or indirectly, and is not infringing, either directly or indirectly, any valid and enforceable claim of U.S. Patent No. 7,225,151;

D.   A declaration that all claims of U.S. Patent No. 7,225,151 are invalid;

E. An order enjoining Plaintiff, its officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the Konia patent against AOL or anyone in privity with AOL;

F. An order awarding AOL its costs and disbursements in this action;

G. A declaration that this case is an exceptional case under 35 U.S.C. § 285 and an order awarding AOL its reasonable attorneys' fees in this action; and

H. An order awarding AOL such other and further legal and equitable relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

AOL respectfully requests a trial by jury on all claims, defenses, and counterclaims.

                    Respectfully submitted
                    Attorneys for Defendant, **AOL, LLC**

                    By:  /s/ E. Kyle McNew

John C. Lynch, Esquire (VSB No. 39267)
E. Kyle McNew, Esquire (VSB No. 73210)
Counsel for Defendant AOL, LLC
TROUTMAN SANDERS LLP
150 West Main Street, Suite 1600
Norfolk, Virginia 23510
Telephone: (757) 687-7778
Facsimile: (757) 687-1551
E-mail: john.lynch@troutmansanders.com
E-mail: kyle.mcnew@troutmansanders.com

Gerald F. Ivey (DCB No. 367009)
John M. Williamson (DCB No. 472713)
C. Brandon Rash (VSB No. 72248)
Counsel for Defendant AOL, LLC
Finnegan, Henderson, Farabow,
  Garrett & Dunner L.L.P.
901 New York Avenue, NW
Washington, DC 20001-4413
Phone: (202) 408-4000
Fax: (202) 408-4400
E-mail: gerald.ivey@finnegan.com
E-mail: john.williamson@finnegan.com
E-mail: brandon.rash@finnegan.com

Robert L. Burns (VSB No. 65159)
Counsel for Defendant AOL, LLC
Finnegan, Henderson, Farabow,
  Garrett & Dunner L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
Phone: (571) 203-2700
Fax: (202) 408-4400
E-mail: robert.burns@finnegan.com


## CERTIFICATE OF SERVICE


      I hereby certify that on the 17 day of January, 2008, I electronically filed the foregoing AOL, LLC's Answer and Counterclaims with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

### Counsel for Plaintiff Bid for Position, LLC

Craig T. Merritt, Esquire
Nichole B. Vanderslice, Esquire
Rowland B. Hill, IV, Esquire
CHRISTIAN & BARTON, LLP
909 East Main Street, Suit 1200
Richmond, VA 23219-3095
Email: cmerritt@cblaw.com
Email: nvanderslice@cblaw.com
Email: bhill@cblaw.com

Christin K. Cho, Esquire
Gregory S. Dovel, Esquire
Dovel & Luner LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Email: christin@dovellaw.com
Email: greg@dovellaw.com

David Rosen, Esquire
Murphy Rosen & Cohen LLP
100 Wilshire Blvd, Suite 1300
Santa Monica, CA 90401
Email: drosen@mrcllp.com

**Counsel for Defendant Google, Inc.,**
Charles P. Chalmers, Esquire
Wilson Sonsini Goodrich & Rosati PC
1700 K St NW, Suite 500
Washington, DC 20006-3817
Telephone: 202-973-8800
Facsimile: 202-973-8899
Email: pchalmers@wsgr.com

**Counsel for Defendant Microsoft Corporation**
William D. Dolan, III, Esquire
Venable LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
Telephone: (703) 760-1684
Facsimile: (703) 821-8949

Richard A. Dederoth, Esquire
Sidley Austin LLP
1 S Dearborn Street
Chicago, Illinois 60603
E-mail: rcederoth@sidley.com

/s/ E. Kyle McNew
E. Kyle McNew, Esquire (VSB No. 73210)
Counsel for Defendant AOL, LLC
TROUTMAN SANDERS LLP
150 West Main Street, Suite 1600
Norfolk, Virginia 23510
Telephone: (757) 687-7778
Facsimile: (757) 687-1551
E-mail: kyle.mcnew@troutmansanders.com