```
                        UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF VIRGINIA
                              NORFOLK DIVISION
```

---

BID FOR POSITION, LLC,

        Plaintiff,

-v-

AOL, LLC, GOOGLE, INC., MICROSOFT CORP.
and MIVA, INC.

        Defendant.

CIVIL ACTION NO. 2:07-CV-582

---

MIVA, INC.,

JURY TRIAL DEMANDED

        Counterclaim Plaintiff,

-v-

BID FOR POSITION, LLC,

        Counterclaim Defendant.

---

## **DEFENDANT MIVA, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO BID FOR POSITION'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant and counterclaim plaintiff, MIVA, Inc. ("MIVA") by and through the undersigned counsel, answers the Complaint for Patent Infringement ("Complaint") of plaintiff Bid for Position, LLC ("Plaintiff"), in corresponding numbered paragraphs as follows:

### I.    INTRODUCTION

    1.    MIVA is without knowledge or information sufficient to form a belief as to whether Plaintiff owns the invention described and claimed in United States Patent No.

7,225,151 entitled "Online Auction Bid Management System and Method" ("the '151 patent") as alleged in paragraph 1 and therefore denies this allegation.

2.  MIVA denies that it has used, and denies that it continues to use, any technology claimed in the '151 patent. To the extent the allegations set forth in paragraph 2 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations. MIVA denies any remaining allegations in paragraph 2.

3.  MIVA admits that Plaintiff's Complaint purports to seek damages and an injunction preventing all of the defendants from making, using, selling, or offering to sell the technology claimed by the '151 patent, but denies that it has committed any acts of infringement. To the extent the allegations set forth in paragraph 3 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations. MIVA denies any remaining allegations in paragraph 3.

## II. PARTIES

4.  MIVA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and therefore denies them.

5.  MIVA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and therefore denies them.

6.  MIVA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and therefore denies them.

7.  MIVA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and therefore denies them.

8.  MIVA admits that it is a Delaware Corporation and that MIVA maintains a place of business at 5220 (not 4220) Summerlin Commons Blvd., Ft. Myers, Florida 33907.

4850-9735-9106\1

### III. JURISDICTION AND VENUE

9. MIVA admits that this action arises under the patent laws of the United States and that this Court generally has subject matter jurisdiction over patent infringement actions as pled in paragraph 9 of the Complaint. However, MIVA is without knowledge or information sufficient to determine whether Plaintiff has standing to bring this action and therefore denies that the Court has subject matter jurisdiction over this patent infringement action. MIVA denies any remaining allegations in paragraph 9.

10. Solely for the purpose of this action, MIVA admits that venue is proper in this District pursuant to 28 U.S.C. §§1391(c) and 1400(b). However, MIVA asserts that the interests and convenience of the parties would be better served by transferring this case to a different judicial district. MIVA admits that it has conducted and does conduct at least some business in the Eastern District of Virginia. MIVA denies it has committed, contributed to, and/or induced acts of infringement of the '151 patent in this or any other district. To the extent the allegations set forth in paragraph 10 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations. MIVA denies any remaining allegations in paragraph 10.

11. For the limited purposes of this action, MIVA admits that it is subject to personal jurisdiction in this District. MIVA admits, for purposes of this action only, that it transacts some business in this district, but denies that any such business infringes any valid claim of the '151 patent, either directly or indirectly. MIVA denies using, selling and offering to sell products, methods, and systems that infringe the '151 patent, in this or any other district. To the extent the allegations set forth in paragraph 11 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations. MIVA denies any remaining allegations in paragraph 11.

4850-9735-9106\1

## Count I
### (Infringement of the '151 patent)

12. As to paragraph 12 of the Complaint, MIVA reasserts and incorporates by reference its responses to paragraphs 1 through 11 of the Complaint.

13. MIVA admits that the '151 patent was issued by the United States Patent and Trademark Office on May 29, 2007, and that Exhibit A to the Complaint indicates on its face that it is a copy of the '151 patent. MIVA is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is the owner of all rights, title, and interest in the '151 patent, including all rights to pursue and collect damages for past infringements of the patent as alleged in paragraph 13 and therefore denies this allegation. MIVA denies any remaining allegations in paragraph 13 of the Complaint.

14. MIVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 14 of the Complaint.

15. MIVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 15 of the Complaint.

16. MIVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 16 of the Complaint.

17. MIVA denies the allegations in paragraph 17 of the Complaint.

18. MIVA denies the allegations in paragraph 18 of the Complaint. To the extent the allegations set forth in paragraph 18 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

19. MIVA denies the allegations in paragraph 19 of the Complaint. To the extent the allegations set forth in paragraph 19 relate to other defendants, MIVA lacks knowledge or

4850-9735-9106\1

information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

20. MIVA denies the allegations in paragraph 20 of the Complaint. To the extent the allegations set forth in paragraph 20 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

21. MIVA admits that Plaintiff demands a trial by jury.

## Prayer for Relief

MIVA denies that Plaintiff is entitled to any of the relief sought by its Prayer for Relief, set forth on pages 5-6 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE
## Non-Infringement of the '151 Patent

22. MIVA has not infringed and is not now infringing, either directly or indirectly, any valid and enforceable claim of the '151 patent.

## SECOND AFFIRMATIVE DEFENSE
## Invalidity of the '151 Patent

23. The claims of the '151 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and 133.

## THIRD AFFIRMATIVE DEFENSE
## Lack of Notice

24. On information and belief, prior to the filing of the Complaint against MIVA, Bid for Position failed to properly mark its products covered by the '151 patent and/or did not otherwise provide MIVA with notification of any alleged infringement of the '151 patent. Under

35 U.S.C. § 287(a), Plaintiff is barred from recovering damages for any alleged infringement of the '151 patent by MIVA prior to filing the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### Lack of Standing

25. On information and belief, Plaintiff lacks standing to assert the claims of the '151 patent against MIVA.

## COUNTERCLAIMS

For its Counterclaims against Bid for Position LLC ("Plaintiff"), MIVA alleges as follows:

## PARTIES

1. MIVA is a corporation organized and existing under the laws of the state of Delaware and maintains a place of business at 5220 Summerlin Commons Blvd., Ft. Myers, Florida, 33907.

2. Bid for Position, LLC ("Bid for Position") alleges that it is a Florida limited liability company with its principal place of business at 21413 Fairfield Lane, Boca Raton, Florida 33486.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) and because Plaintiff has consented to this venue by filing a related action against MIVA in this judicial district.

## COUNTERCLAIMS

4850-9735-9106\1

5. Bid for Position claims to be the owner of the '151 patent, which was issued by the United States Patent and Trademark Office on May 29, 2007.

6. Bid for Position has alleged that certain acts by MIVA infringe the '151 patent. MIVA denies that the '151 patent was validly issued and denies infringement of all claims of the '151 patent.

7. An actual and justifiable controversy exists between MIVA and Bid for Position regarding the validity, enforceability and infringement of the '151 patent.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment of Non-Infringement**

8. MIVA incorporates by reference the allegations in paragraphs 1 through 25 of the Answer and Affirmative Defenses herein and paragraphs 1 through 7 of these counterclaims as if fully set forth herein.

9. MIVA has not infringed and is not infringing any valid and enforceable claim of the '151 patent.

**SECOND CAUSE OF ACTION**
**Declaratory Judgment of Invalidity**

10. MIVA incorporates by reference the allegations in paragraphs 1 through 26 of the Answer and Affirmative Defenses herein and paragraphs 1 through 9 of these counterclaims as if fully set forth herein.

11. The '151 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and 133.

**EXCEPTIONAL CASE**

12. On information and belief, this is an exceptional case entitling MIVA to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant

to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the '151 patent against MIVA with the knowledge that MIVA does not infringe any valid or enforceable claim of the '151 patent and/or that the '151 patent is invalid and/or unenforceable.

**RELIEF REQUESTED**

WHEREFORE, MIVA respectfully requests the following relief:

1. A judgment in favor of MIVA denying Plaintiff all relief it requested in this action and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2. A judgment declaring that each claim of the '151 patent is invalid;

3. A judgment declaring that MIVA has not infringed and is not infringing any valid and/or enforceable claim of the '151 patent, and that MIVA has not contributed to or induced infringement and is not now contributing to or inducing infringement of any valid and enforceable claim of the '151 patent;

4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding MIVA its costs, expenses and reasonable attorneys' fees;

5. That the Court award MIVA such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), MIVA demands a trial by jury on all issues so triable.

Dated: Richmond, Virginia
February 14, 2008

By: _____/S/_____
Dana J. Finberg (VSB #34977)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Post Office Box 2499
Richmond, Virginia 23219
Tel.: (804) 916-7109
Fax.: (804) 916-7219
dana.finberg@leclairryan.com

Counsel for Defendant,
MIVA, Inc.

*OF COUNSEL*

Paul D. Ackerman, Esq.
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177
Tel.: 212-415-9372
Fax.: 212-953-7201
ackerman.paul@dorsey.com

Counsel for Defendant,
MIVA, Inc.

# CERTIFICATE OF SERVICE

I, Dana J. Finberg, hereby certify that on the 14th day of February, 2008, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the parties listed below, and I hereby certify that a copy of same will also be sent via First Class mail to the following:

**Counsel for Plaintiff Bid for Position, LLC**
Craig T. Merritt (cmerrit@cblaw.com)
R. Braxton Hill, IV (bhill@cblaw.co)
Nichole Buck Vanderslice (nvanderslice@cblaw.com)
CHRISTIAN & BARTON, LLP
900 East Mains Street, Suite 1200
Richmond, Virginia 23219-3095
Tel: (804) 697 – 4100
Fax: (804) 697 – 4112

Gregory S. Dovel (greg@dovellaw.com)
Christian Cho (christen@dovellaw.com)
DOVEL & LUNDER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656 – 7066
Fax: (310) 656 – 7069

David Rosen (drosen@mrellp.com)
MURPHY ROSEN 7 COHEN, L.L.P.
100 Wilshire Blvd., Suite 1300
Santa Monica, CA 90401
Tel: (310) 899 – 3300
Fax: (31) 399 – 7201

**Counsel for AOL, LLC**
John C. Lynch (john.lynch@troutmansanders.com)
TROUTMAN SANDERS LLP
150 West Main Street, Suite 1600
Norfolk, VA 23510
Tel: (757) 687 – 7765
Fax: (767) 687 – 1504

4850-9735-9106\1

**Counsel for Microsoft Corporation**
William D. Dolan, III
Michael W. Robinson (wddolan@venable.com)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Tel: (703) 766 – 1684
Fax: (703) 821 – 8949

**Counsel for Google, Inc.**
C. Paul Chalmers (pchalmers@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street, N.W. Suite 500
Washington, D.C. 20006-3817
Tel.:(202) 973-8800
Fax.: (202) 973-8899

By: _____/S/_____
Dana J. Finberg (VSB No. 34977)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Tel.: (804) 916-7109
Fax.: (804) 916-7219
dana.finberg@leclairryan.com

Counsel for Defendant,
MIVA, Inc.