IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| BID FOR POSITION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AOL, LLC, GOOGLE, INC., MICROSOFT CORP., and MIVA, INC., <br><br> Defendants. | CASE NO. 2:07-cv-582 JBF/TEM |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF AGREED
PROTECTIVE ORDER INCLUDING SEALING PROVISIONS**

Plaintiff Bid for Position, LLC ("Bid For"), by counsel, hereby submits this memorandum in support of its Motion for Entry of Agreed Protective Order Including Sealing Provisions. Bid For respectfully requests that the Court grant its motion to ensure that documents produced during discovery are adequately protected and that future filings under seal in this case comply with the procedures set forth in *Ashcraft v. Conoco,* 218 F.3d 288 (4th Cir. 2000). A proposed Agreed Protective Order, which includes sealing provisions, is attached to the Motion as Exhibit A.

**I. ANALYSIS AND DISCUSSION**

**A. The Parties Must Protect Their Competitive Interests.**

This case concerns highly confidential computer source code. Certain of the documents that will be exchanged pursuant to discovery in this case reflect sensitive proprietary, technical, financial, marketing, or other business information and trade secrets (including information about non-public patent applications, foreign or domestic) that would be highly valuable to competitors of either party. Thus, disclosure of such material to anyone other than the persons identified in the Agreed Protective Order may harm the parties. Accordingly, it is appropriate to protect those materials at this time, and entry of the attached Agreed Protective Order sealing

certain documents is warranted.

### B. The *Ashcraft* Requirements Have Been Properly Satisfied.

In *Ashcraft*, the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the district court had not complied with relevant precedent. 218 F.3d at 302. The *Ashcraft* court relied on two earlier Fourth Circuit cases regarding the procedures for sealing court documents: *See Stone v. Univ. of Maryland,* 855 F.2d 178 (4th Cir. 1988) and *In re Knight Publishing Co.,* 743 F.2d 231 (4th Cir. 1984). According to the *Ashcraft* court, before a district court may seal court documents it must:

> (1) Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;
>
> (2) Consider less drastic alternatives to sealing the documents; and
>
> (3) Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

218 F.3d at 288. Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight,* 743 F.3d at 235. As presented in more detail below, the entry of the Agreed Protective Order authorizing the filing under seal of certain documents in this case is appropriate at present.

#### 1. Public Notice Is Provided.

Entry of the attached Notice of Presentation of Sealing Order by the Clerk onto the Court's docket will notify members of the public of the fact that the Court will be considering the permissibility of the sealing of certain documents in this case, and provide sufficient time for objection. *See in re Knight*, 743 F.2d at 235 (stating that "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision"). Any hearing, if necessary, will occur after the filing of this Motion, and after filing of the Notice of Presentation of Sealing Order, so that members of the public have sufficient time

to note any objections that they might have to the motion. Finally, the detail provided below concerning the types of documents that would be appropriate for filing under seal in this case enables members of the public to understand the nature of the proceeding in the event anyone should wish to note objections.

    **2.**  **There Are No Less Drastic Alternatives.**

Bid For does not seek a blanket protective order, sealing all of the pleadings or documents filed in this case. A "less drastic" alternative is sought – namely that the parties be allowed to file under seal only confidential or proprietary information representing a competitive business advantage and trade secrets. Moreover, even this "less drastic" alternative of filing certain documents under seal would be utilized only when it was not possible for a party to redact the specific confidential information prior to filing a pleading. However, while redaction of specific confidential information may suffice for some documents, when the specific confidential information is relevant to the pleading being filed such procedure cannot be utilized. Overall, however, in each circumstance the least drastic alternative will be utilized for the protection of confidential information.

    **3.**  **Specific Reasons Necessitate the Protective Order and Certain Documents Require Filing Under Seal.**

The following types of documents are appropriate for filing under seal in this case:

Any document or thing produced by any of the parties containing a party's proprietary technical, financial, marketing, or other business information and trade secrets (including information about non-public patent applications, foreign or domestic), and any transcript, pleading, brief or other writing that discloses the substance or content of the foregoing information, except to the extent that information is already publicly available.

In this case, documents that fall within the category listed above must be filed under seal and kept sealed to the extent they are filed at all. Documents relating to a party's research and

development processes and economic information must be kept confidential because their disclosure could provide competitors with unfair advantages in their attempt to compete with the party who produced the document. If the documents are not filed under seal, they will become available as part of the public record in this case and could be accessed by competitors.

Overall, the possible harms that are presented to the parties by the disclosure or potential availability of confidential information, as described above, to the general public and thus potentially to competitors are significant. Correspondingly, the general public would have little interest in the types of confidential information discussed above, but a business competitor can seek such information in an attempt to gain an unfair advantage. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as . . . unfairly gaining a business advantage"). The information does not relate to any process or event of historical significance or general interest to the general public. *Id.* In sum, the potential harms that could be suffered by a party due to disclosure of such confidential information far outweighs any prejudice to the general public caused by non-disclosure of only a limited number of documents.

## II. **CONCLUSION**

For the foregoing reasons, Bid For respectfully requests that the Court grant its Motion for Entry of Agreed Protective Order.

Dated: April 18, 2008

                                                  Respectfully submitted,
                                                  BID FOR POSITION, LLC
                                                  By Counsel

By:   /s/
Nichole Buck Vanderslice
Virginia State Bar No. 42637
Email: nvanderslice@cblaw.com
R. Braxton Hill, IV
Virginia State Bar No. 41539
Email: bhill@cblaw.com
Craig T. Merritt
Virginia State Bar No. 20281
Email: cmerritt@cblaw.com
**Christian & Barton, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: 804-697-4100
Facsimile: 804-697-4112

Gregory S. Dovel
CA State Bar No. 135387
Email: greg@dovellaw.com
Christin Cho
CA State Bar No. 238173
Email: christin@dovellaw.com
**Dovel & Luner, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

David Rosen
CA State Bar No. 155385
Email: drosen@mrcllp.com
**Murphy, Rosen & Cohen LLP**
100 Wilshire Boulevard Suite 300
Santa Monica, CA 90401
Telephone: 310-899-3300
Facsimile: 310-399-7201

ATTORNEYS FOR PLAINTIFF
BID FOR POSITION, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Richard A Cederoth
*Attorney for Microsoft Corp.*
Sidley Austin LLP
1 S Dearborn St
Chicago, IL 60603
(312) 853-7000
(312) 853-7036 (fax)
Email: rcederoth@sidley.com

William David Dolan, III
*Attorney for Microsoft Corp.*
Venable LLP
8010 Towers Crescent Dr
Suite 300
Vienna, VA 22182-5601
703-760-1684
703-821-8949 (fax)
wddolan@venable.com

David Andrew Perlson
*Attorney for Google, Inc.*
Quinn Emanuel Urquhart Oliver & Hedges
50 California St
22nd Floor
San Francisco, CA 94111
(415) 875-6600
Fax: (415) 875-6700
Email: charlesverhoeven@quinnemanuel.com

Stephen Edward Noona
*Attorney for Google, Inc.*
Kaufman & Canoles PC
150 W Main St
PO Box 3037
Norfolk, VA 23510
(757) 624-3239
Email: senoona@kaufcan.com

Robert L. Burns
*Attorney for AOL, LLC*
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedon Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700
(202) 408-4400 (fax)

Stephen Edward Noona
*Attorney for AOL, LLC.*
Kaufman & Canoles PC
150 W Main St
PO Box 3037
Norfolk, VA 23510
(757) 624-3239
Email: senoona@kaufcan.com

Paul Douglas Ackerman
*Attorney for MIVA, Inc.*
Dorsey & Whitney, LLP
250 Park Avenue
New York, NY 10117
(212) 415-9200
(212) 953-7201 (fax)
Ackerman.paul@dorsey.com

Dana Johannes Finberg
*Attorney for MIVA, Inc.*
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
804-916-7109
Fax: 804-916-7219
Email: dana.finberg@leclairryan.com

/s/
Nichole Buck Vanderslice (VSB 42637)
*Attorney for Bid for Position, LLC*
**Christian & Barton, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone:    (804) 697-4100
Facsimile:    (804) 697-4112
Email: nvanderslice@cblaw.com

863572