UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

------------------------------------------------------------------X

BID FOR POSITION, LLC,

      Plaintiff,

   -v-

AOL, LLC, GOOGLE, INC., MICROSOFT CORP.
and MIVA, INC.

      Defendant.

CIVIL ACTION NO. 2:07-CV-582

------------------------------------------------------------------X

MIVA, INC.,           JURY TRIAL DEMANDED

      Counterclaim Plaintiff,

   -v-

BID FOR POSITION, LLC,

      Counterclaim Defendant.

------------------------------------------------------------------X

### DEFENDANT MIVA, INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO BID FOR POSITION'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant and counterclaim plaintiff, MIVA, Inc. ("MIVA") by and through the undersigned counsel, answers the Complaint for Patent Infringement ("Complaint") of plaintiff Bid for Position, LLC ("Plaintiff"), in corresponding numbered paragraphs as follows:

### I. INTRODUCTION

1. MIVA is without knowledge or information sufficient to form a belief as to whether Plaintiff owns the invention described and claimed in United States Patent No.

7,225,151 entitled "Online Auction Bid Management System and Method" ("the '151 patent") as alleged in paragraph 1 and therefore denies this allegation.

2. MIVA denies that it has used, and denies that it continues to use, any technology claimed in the '151 patent. To the extent the allegations set forth in paragraph 2 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations. MIVA denies any remaining allegations in paragraph 2.

3. MIVA admits that Plaintiff's Complaint purports to seek damages and an injunction preventing all of the defendants from making, using, selling, or offering to sell the technology claimed by the '151 patent, but denies that it has committed any acts of infringement. To the extent the allegations set forth in paragraph 3 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations. MIVA denies any remaining allegations in paragraph 3.

## II.   PARTIES

4. MIVA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and therefore denies them.

5. MIVA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and therefore denies them.

6. MIVA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and therefore denies them.

7. MIVA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and therefore denies them.

8. MIVA admits that it is a Delaware Corporation and that MIVA maintains a place of business at 5220 (not 4220) Summerlin Commons Blvd., Ft. Myers, Florida 33907.

### III. JURISDICTION AND VENUE

9. MIVA admits that the action arises under the patent laws of the United States and that this Court generally has subject matter jurisdiction over patent infringement actions as pled in paragraph 9 of the Complaint. However, MIVA is without knowledge or information sufficient to determine whether Plaintiff has standing to bring this action and therefore denies that the court has subject matter jurisdiction over this patent infringement action. MIVA denies any remaining allegations in paragraph 9.

10. Solely for the purpose of this action, MIVA admits that venue is proper in this District pursuant to 28 U.S.C. 1391(c) and 1400(b). However, MIVA asserts that the interests and convenience of the parties would be better served by transferring this case to a different judicial district. MIVA admits that it has conducted and does conduct at least some business in the Eastern District of Virginia. MIVA denies it has committed, contributed to, and/or induced acts of infringement of the '151 patent in this or any other district. To the extent the allegations set forth in paragraph 10 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations. MIVA denies any remaining allegations in paragraph 10.

11. For the limited purposes of this action, MIVA admits that it is subject to personal jurisdiction in this District. MIVA admits, for purposes of this action only, that it transacts some business in this district, but denies that any such business infringes any valid claim of the '151 patent, either directly or indirectly. MIVA denies using, selling and offering to sell products, methods, and systems that infringe the '151 patent, in this or any district. To the extent the allegations set forth in paragraph 11 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies such allegations. MIVA denies any remaining allegations in paragraph 11.

## Count I
### (Infringement of the '151 patent)

12. As to paragraph 12 of the Complaint, MIVA reasserts and incorporates its responses to paragraphs 1 through 11 of the Complaint.

13. MIVA admits that the '151 patent was issued by the United States Patent and Trademark Office on May 29, 2007, and that Exhibit A to the Complaint indicates on its face that it is a copy of the '151 patent. MIVA is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is the owner of all rights, title, and interest in the '151 patent, including all rights to pursue and collect damages for past infringements of the patent as alleged in paragraph 13 and therefore denies this allegation. MIVA denies any remaining allegations in paragraph 13 of the Complaint.

14. MIVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations in paragraph 14 of the Complaint.

15. MIVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 15 of the Complaint.

16. MIVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 16 of the Complaint.

17. MIVA denies the allegations in paragraph 17 of the Complaint.

18. MIVA denies the allegations in paragraph 18 of the Complaint. To the extent the allegations set forth in paragraph 18 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

19. MIVA denies the allegations in paragraph 19 of the Complaint. To the extent the allegations set forth in paragraph 19 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

20. MIVA denies the allegations in paragraph 20 of the Complaint. To the extent the allegations set forth in paragraph 20 relate to other defendants, MIVA lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

21. MIVA admits that Plaintiff demands a trial by jury.

## **Prayer for Relief**

MIVA denies that Plaintiff is entitled to any of the relief sought by its Prayer for Relief, set forth on pages 5-6 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### Non-Infringement of the '151 Patent

22. MIVA has not infringed and is not now infringing, either directly or indirectly, any valid and enforceable claim of the '151 patent.

### SECOND AFFIRMATIVE DEFENSE
### Invalidity of the '151 Patent

23. The claims of the '151 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and 133.

### THIRD AFFIRMATIVE DEFENSE
### Lack of Notice

24. On information and belief, prior to the filing of the Complaint against MIVA, Bid for Position failed to properly mark its products covered by the '151 patent and/or did not otherwise provide MIVA with notification of any alleged infringement of the '151 patent. Under 35 U.S.C. § 287(a), Plaintiff is barred from recovering damages for any alleged infringement of the '151 patent by MIVA prior to filing the Complaint.

### FOURTH AFFIRMATIVE DEFENSE
### Lack of Standing

25. On information and belief, Plaintiff lacks standing to assert the claims of the '151 patent against MIVA.

### FIFTH AFFIRMATIVE DEFENSE
### Unenforceability of the '151 Patent

26. On information and belief, the '151 patent is unenforceable as a result of inequitable conduct before the United States Patent and Trademark Office (USPTO). In this regard, material omissions and misrepresentations were made by the applicant and his attorney to the USPTO in violation of the duty of candor imposed on

patent applicants. Upon information and belief, such omissions and misrepresentations were made with the intent to deceive the Patent Office and resulted in the improper examination of U.S. Patent Application 09/491,747 ("the '747 application") that resulted in the issuance of the '151 Patent.

27. In a disclosure document dated June 15, 1999, the named inventor of the '151 patent identified OpenSite Technologies, Inc. ("OpenSite") as an "Existing Compan[y] offering Similar or Related Technologies." The named inventor stated that "OpenSite does allow the user to define a maximum bid and will *automatically increase the bid* until the maximum is reached… ." (emphasis added). Upon information and belief, this information was provided to the named inventor's patent counsel, on or about June 16, 1999.

28. Upon information and belief, neither the named inventor nor his patent counsel provided any information regarding OpenSite to the USPTO during the prosecution of the '151 Patent.

29. In an Amendment dated December 9, 2002, claims 1 and 11 were amended to read "*automatically incrementing* the first bid to a value exceeding a second bid…" and arguments were presented suggesting that the prior art references cited by the patent examiner failed to disclose "automatically incrementing." (emphasis added). For example, the applicant, through his counsel, stated: "In Davis et al. and *all of the other references cited by the examiner*, the incrementing step requires that the bidder manually increment their bid in order for their priority for service to exceed other bidder's priorities for service." (emphasis added).

30. Upon information and belief, it would be important to a reasonable examiner to know that the applicant and his patent counsel had knowledge of an "existing compan[y] offering similar or related technolog[y]," and that this similar or related technology specifically would "*automatically increase the bid* until the maximum is reached." This is especially true in view of the amendment and arguments made by applicant's patent counsel regarding this claim term. Therefore, the withheld information regarding OpenSite Technologies is material information to the examination of the '151 patent.

31. Upon information and belief, the non-disclosure of material information regarding OpenSite, and the arguments made in the December 9, 2002 Amendment in the face of this omission, were made with the intent to deceive the USPTO.

32. A related Patent Cooperation Treaty (PCT) application was filed on behalf of the inventor by his counsel, PCT/US01/01136. During the examination of the PCT application, the authorized officer, Mr. Vincent Millin (the supervisor of the examiner of the '151 patent, identified in *inter alia* the August 27, 2002 office action) issued an International Search Report on April 11, 2001, in which several references were identified as being of particular interest to the patentability of the claims, including two references that were identified as "of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone." Upon information and belief, it would be important to a reasonable patent examiner to know that his supervisor identified several references which he believed would invalidate the claims of the application for the '151 patent.

33. Upon information and belief, the inventor and his patent counsel were both in possession of the International Search Report during the prosecution of the '151 patent but failed to provide a copy of this report to the examiner of the '151 patent. Upon information and belief, the failure to provide the International Search Report to the examiner was made with the intent to deceive the USPTO.

34. In a response to a March 25, 2005 rejection, applicant and his counsel argued that "the claimed invention predates the newly cited art." Applicant's counsel further stated that "[a]s such, neither the Borgeson Publication, the Parent '118 Application, nor the '028 Provisional Application are prior art to the claimed invention." (August 25, 2005 Amendment, at 4). These assertions were purportedly supported by a "37 C.F.R. Declaration of Prior Invention" executed by the inventor on August 24, 2005 and filed with the USPTO along with the Amendment. In this Declaration, the inventor states that "[p]rior to December 23, 1999, I had *completed my invention* as described in the subject application… ." (Declaration, para. 2, emphasis added). The inventor's declaration also states that "Prior to December 23, 1999, I created a flow chart indicating *a fully functional system* and other descriptive materials regarding the invention." (*Id*., emphasis added). The inventor's declaration further states that "[a] letter sent by facsimile transmission from my attorney, [], to me dated July 6, 1999, with draft patent drawings is attached as Exhibit B (with material that is subject to attorney-client privilege or work product immunity), which further indicates that the invention had been *reduced to practice*." (Declaration, para. 2b) (emphasis added).

35. Each of the statements set forth in the Declaration cited *supra* were and are false. At no time did the inventor create a "fully functional system" or

successfully exhibit an actual "reduction to practice" of the subject matter described and claimed in the '151 patent. Indeed, Plaintiff now concedes that there was *no* actual reduction to practice by the inventor at any time and that the earliest effective "reduction to practice" is the January 27, 2000 "constructive reduction to practice" associated with the filing of the '747 application which issued as the '151 patent. Thus, contrary to the Declaration, there was no "completed … invention," "fully functional system," or "reduction to practice" of the "invention as described in the subject application" (if at all) until the earliest date of January 27, 2000, more than a month after the December 23, 1999 priority date of the prior art being antedated.

36. In Amendments filed on April 19, 2006 and July 31, 2006, applicant, through his counsel, repeatedly argued that "the Applicant established that his invention date was before July 1, 1999." These statements were false.

37. False or misleading statements made in factual declarations are inherently material to the examination of a patent application. Further, the false statements in the Declaration were relied upon by the USPTO in withdrawing the certain prior art applied by the Examiner in rejecting the claims, and therefore are material.

38. Upon information and belief, the false statements made in the Declaration and repeated in the arguments made to the USPTO, were made with the intent to deceive the USPTO.

39. Upon information and belief, the inventor and/or his counsel engaged in a pattern of conduct, including false statements and material omissions, which evidences an intent to deceive the USPTO.

40.     Accordingly, the '151 patent is unenforceable as a result of inequitable conduct committed before the USPTO.

## COUNTERCLAIMS

For its Counterclaims against Bid for Position LLC ("Plaintiff"), MIVA alleges as follows:

### PARTIES

1.     MIVA is a corporation organized and existing under the laws of the state of Delaware and maintains a place of business at 5220 Summerlin Commons Blvd., Ft. Myers, Florida, 33907.

2.     Bid for Position, LLC ("Bid for Position") alleges that it is a Florida limited liability company with its principal place of business at 21413 Fairfield Lane, Boca Raton, Florida 33486.

### JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) and because Plaintiff has consented to this venue by filing a related action against MIVA in this judicial district.

### COUNTERCLAIMS

5.     Bid for Position claims to be the owner of the '151 patent, which was issued by the United States Patent and Trademark Office on May 29, 2007.

6. Bid for Position has alleged that certain acts by MIVA infringe the '151 patent. MIVA denies that the '151 patent was validly issued and denies infringement of all claims of the '151 patent.

7. An actual and justifiable controversy exists between MIVA and Bid for Position regarding the validity, enforceability and infringement of the '151 patent.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment of Non-Infringement**

8. MIVA incorporates the allegations in paragraphs 1 through 40 of the Answer and Affirmative Defenses herein and paragraphs 1 through 7 of these counterclaims as it fully set forth herein.

9. MIVA has not infringed and is not infringing any valid and enforceable claim of the '151 patent.

**SECOND CAUSE OF ACTION**
**Declaratory Judgment of Invalidity**

10. MIVA incorporates the allegations in paragraphs 1 through 40 of the Answer and Affirmative Defenses herein and paragraphs 1 through 9 of these counterclaims as if fully set forth herein.

11. The '151 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and 133.

## THIRD CAUSE OF ACTION
### Declaratory Judgment of Unenforceability

12. MIVA incorporates the allegations in paragraphs 1 through 40 of the Answer and Affirmative Defenses herein and paragraphs 1 through 11 of these counterclaims as if fully set forth herein.

13. The '151 patent is unenforceable by reason of inequitable conduct on behalf of the applicant and/or his counsel in connection with the prosecution of the application that issued as the '151 patent.

## EXCEPTIONAL CASE

14. On information and belief, this is an exceptional case entitling MIVA to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, acts of inequitable conduct before the USPTO and plaintiff's assertion of the '151 patent against MIVA with the knowledge that MIVA does not infringe any valid or enforceable claim of the '151 patent and/or that the '151 patent is invalid and/or unenforceable.

## RELIEF REQUESTED

WHEREFORE, MIVA respectfully requests the following relief:

1. A judgment in favor of MIVA denying Plaintiff all relief it requested in this action and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2. A judgment declaring that each claim of the '151 patent is invalid;

3. A judgment declaring that MIVA has not infringed and is not infringing any valid and/or enforceable claim of the '151 patent, and that MIVA has not contributed

to or induced infringement and is not now contributing to or inducing infringement of any valid and enforceable claim of the '151 patent;

4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding MIVA its costs, expenses and reasonable attorneys' fees;

5. That the Court award MIVA such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), MIVA demands a trial by jury on all issues so triable.

Dated: Richmond, Virginia
May 27, 2008

By: _____ /s/_____
Dana J. Finberg (VSB # 34977)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Tel.: (804) 916-7109
Fax.: (804) 916-7219
Dana.finberg@leclairryan.com

Counsel for Defendant,
MIVA, Inc.

*OF COUNSEL*

Paul D. Ackerman, Esq.
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177
Tel.: 212-415-9372
Fax.: 212-953-7201
ackerman.paul@dorsey.com

**Counsel for Defendant,
MIVA, Inc.**

# CERTIFICATE OF SERVICE

I, Dana J. Finberg, hereby certify that on the 27th day of May, 2008, I will electronically file the foregoing with the Clerk of the Court using the CM/EMF system, which will then send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff Bid for Position, LLC**
Craig T. Merritt (cmerrit@cblaw.com)
R. Braxton Hill, IV (bhill@cblaw.co)
Nichole Buck Vanderslice (nvanderslice@cblaw.com)
CHRISTIAN & BARTON, LLP
900 East Mains Street, Suite 1200
Richmond, Virginia 23219-3095
Tel: (804) 697 – 4100
Fax: (804) 697 – 4112

Gregory S. Dovel (greg@dovellaw.com)
Christian Cho (christen@dovellaw.com)
DOVEL & LUNDER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel: (310) 656 – 7066
Fax: (310) 656 – 7069

David Rosen (drosen@mrellp.com)
MURPHY ROSEN 7 COHEN, L.L.P.
100 Wilshire Blvd., Suite 1300
Santa Monica, CA 90401
Tel: (310) 899 – 3300
Fax: (31) 399 – 7201

**Counsel for AOL, LLC**
John C. Lynch (john.lynch@troutmansanders.com)
TROUTMAN SANDERS LLP
150 West Main Street, Suite 1600
Norfolk, VA 23510
Tel: (757) 687 – 7765
Fax: (767) 687 – 1504

**Counsel for Microsoft Corporation**
William D. Dolan, III
Michael W. Robinson (wddolan@venable.com)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Tel: (703) 766 – 1684
Fax: (703) 821 – 8949

**Counsel for Google, Inc.**
C. Paul Chalmers (pchalmers@wsgr.com)
WILSON SONSINI GOODRICH & ROSATI PC
1700 K Street, N.W. Suite 500
Washington, D.C. 20006-3817
Tel.: (202) 973-8800
Fax.: (202) 973-8899

By: _____/s/_____
Dana J. Finberg
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Tel.: (804) 916-7109
Fax.: (804) 916-7219
Dana.finberg@leclairryan.com
**Counsel for Defendant,
MIVA, Inc**.