**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| BID FOR POSITION, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AOL, LLC, GOOGLE, INC., MICROSOFT CORP., and MIVA, INC.,<br><br>    Defendants. | CASE NO. 2:07-cv-582 JBF/TEM<br><br>Jury Trial Demanded |

**Plaintiff and Counterdefendant Bid For Position, LLC's Answer to First Amended
<u>Counterclaims of Defendant Miva, Inc.</u>**

Plaintiff Bid for Position, LLC ("Bid For") hereby answers the First Amended Affirmative Defenses and Counterclaims of Defendant Miva, Inc. ("Miva"). The paragraphs in this reply are numbered to correspond to the paragraph numbers in Miva's First Amended Answer, Affirmative Defenses, and Counterclaims. All of the allegations not specifically admitted herein are specifically denied.

In paragraphs 8, 10, and 12 of its counterclaims, Miva incorporates by reference the allegations in paragraphs 1 through 40 of its Answer and Affirmative Defenses. With respect to Miva's incorporation of paragraphs 1 through 21 of its Answer, paragraphs 1 through 21 do not appear to contain any allegations, so no response appears necessary. To the extent that paragraphs 1 through 21 of Miva's Answer contain any allegations, Bid For denies those allegations. With respect to Miva's incorporation of paragraphs 22 through 26 of its Affirmative Defenses, Bid For denies the allegations contained in those paragraphs. Paragraphs 27 through 40 of Miva's fifth affirmative defenses are addressed separately below.

1

27. Bid For denies the allegations contained in paragraph 27 of Miva's affirmative defenses, except that it admits (a) that in a document dated June 15, 1999, the named inventor identified opensite.com and stated that "OpenSite does allow the user to define a maximum bid and will automatically increase the bid until the maximum is reached, however it is not capable of intelligently reducing bids and does not support continuous auctions;" and (b) that this information was provided to inventor's counsel on or about June 16, 1999.

28. Bid For denies the allegations contained in paragraph 28 of Miva's affirmative defenses, except that Bid For lacks information as to whether information regarding OpenSite was provided to the USPTO during the prosecution of the '151 Patent and, on that basis, denies that allegation.

29. Bid For denies the allegations contained in paragraph 29 of Miva's affirmative defenses, except that it admits that claims 1 and 11 were amended in an Amendment dated December 9, 2002.

30. Bid For denies the allegations contained in paragraph 30 of Miva's affirmative defenses.

31. Bid For denies the allegations contained in paragraph 31 of Miva's affirmative defenses.

32. Bid For denies the allegations contained in paragraph 32 of Miva's affirmative defenses.

33. Bid For denies the allegations contained in paragraph 33 of Miva's affirmative defenses.

34. Bid For denies the allegations contained in paragraph 34 of Miva's affirmative defenses, except that it admits that the applicant responded to a March 25, 2005 rejection letter.

35. Bid For denies the allegations contained in paragraph 35 of Miva's affirmative defenses.

36. Bid For denies the allegations contained in paragraph 36 of Miva's affirmative defenses.

37. Bid For denies the allegations contained in paragraph 37 of Miva's affirmative defenses.

38. Bid For denies the allegations contained in paragraph 38 of Miva's affirmative defenses.

39. Bid For denies the allegations contained in paragraph 39 of Miva's affirmative defenses.

40. Bid For denies the allegations contained in paragraph 40 of Miva's affirmative defenses.

## **COUNTERCLAIMS**

### PARTIES

1. Bid For admits the allegations contained in paragraph 1 of Miva's counterclaims.

2. Bid For admits the allegations contained in paragraph 2 of Miva's counterclaims.

### JURISDICTION AND VENUE

3. Bid For denies the allegations contained in paragraph 3 of Miva's counterclaims, except that it admits that the Court has subject matter jurisdiction.

4. Bid For denies the allegations contained in paragraph 4 of Miva's counterclaims, except that it admits that venue is proper in this judicial district.

### COUNTERCLAIMS

5. Bid For admits the allegations contained in paragraph 5 of Miva's counterclaims.

6. Bid For denies the allegations contained in paragraph 6 of Miva's counterclaims, except to the extent that it admits that Bid For has alleged that certain acts by Miva have infringed upon the '151 patent.

7. Bid For denies the allegations contained in paragraph 7 of Miva's counterclaims, except that it admits that an actual and justifiable controversy exists.

FIRST CAUSE OF ACTION
Declaratory Judgment of Non-Infringement

8. Bid For repeats and incorporates by reference its responses to the facts and allegations in paragraphs 1 through 7 of its reply to Miva's counterclaims as if fully set forth herein. With respect to Miva's incorporation of paragraphs 1 through 21 of its Answer, paragraphs 1 through 21 do not appear to contain any allegations, so no response appears necessary. To the extent that paragraphs 1 through 21 of Miva's Answer contain any allegations, Bid For denies those allegations. With respect to Miva's incorporation of paragraphs 22 through 26 of its Affirmative Defenses, Bid For denies the allegations contained in those paragraphs. With respect to Miva's incorporation of paragraphs 27 through 40 of Miva's Affirmative Defenses, Bid For repeats and incorporates by reference its response to the facts and allegations in paragraphs 27 through 40 of Miva's Affirmative Defenses as if fully set forth herein.

9. Bid For denies the allegations contained in paragraph 9 of Miva's counterclaims.

SECOND CAUSE OF ACTION
Declaratory Judgment of Invalidity and/or Unenforceability

10. Bid For repeats and incorporates by reference its responses to the facts and allegations in paragraphs 1 through 9 of its reply to Miva's counterclaims as if fully set forth herein. With respect to Miva's incorporation of paragraphs 1 through 21 of its Answer, paragraphs 1 through 21 do not appear to contain any allegations, so no response appears

necessary. To the extent that paragraphs 1 through 21 of Miva's Answer contain any allegations, Bid For denies those allegations. With respect to Miva's incorporation of paragraphs 22 through 26 of its Affirmative Defenses, Bid For denies the allegations contained in those paragraphs. With respect to Miva's incorporation of paragraphs 27 through 40 of Miva's Affirmative Defenses, Bid For repeats and incorporates by reference its response to the facts and allegations in paragraphs 27 through 40 of Miva's Affirmative Defenses as if fully set forth herein.

11. Bid For denies the allegations contained in paragraph 11 of Miva's counterclaims.

### THIRD CAUSE OF ACTION
### Declaratory Judgment of Unenforceability

12. Bid For repeats and incorporates by reference its responses to the facts and allegations in paragraphs 1 through 11 of its reply to Miva's counterclaims as if fully set forth herein. With respect to Miva's incorporation of paragraphs 1 through 21 of its Answer, paragraphs 1 through 21 do not appear to contain any allegations, so no response appears necessary. To the extent that paragraphs 1 through 21 of Miva's Answer contain any allegations, Bid For denies those allegations. With respect to Miva's incorporation of paragraphs 22 through 26 of its Affirmative Defenses, Bid For denies the allegations contained in those paragraphs. With respect to Miva's incorporation of paragraphs 27 through 40 of Miva's Affirmative Defenses, Bid For repeats and incorporates by reference its response to the facts and allegations in paragraphs 27 through 40 of Miva's Affirmative Defenses as if fully set forth herein.

13. Bid For denies the allegations contained in paragraph 13 of Miva's counterclaims.

### EXCEPTIONAL CASE

14. Bid For denies the allegations contained in paragraph 14 of Miva's counterclaims.

### RELIEF REQUESTED

Plaintiff and Counterdefendant Bid For denies that Miva is entitled to the relief it seeks or any relief for the allegations made in its Answer or Counterclaims. Plaintiff and Counterdefendant Bid For requests that judgment be entered in its favor on all issues and that it be awarded the appropriate damages, exceptional damages, costs, and attorneys' fees.

## DEMAND FOR JURY TRIAL

Bid For demands a trial by jury of all issues.

Dated: June 5, 2008

Respectfully submitted,

BID FOR POSITION, LLC

By Counsel

/s/
Nichole Buck Vanderslice
Virginia State Bar No. 42637
Email: nvanderslice@cblaw.com
Craig T. Merritt
Virginia State Bar No. 20281
Email: cmerritt@cblaw.com
R. Braxton Hill, IV
Virginia State Bar No. 41539
Email: bhill@cblaw.com
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: 804-697-4100
Fax: 804-697-4112

Christin Cho
CA State Bar No. 238173
Email: christin@dovellaw.com
Gregory S. Dovel
CA State Bar No. 135387
Email: greg@dovellaw.com
**Dovel & Luner, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

David Rosen
CA State Bar No. 155385
Email: drosen@mrcllp.com
**Murphy, Rosen & Cohen LLP**
100 Wilshire Boulevard Suite 300
Santa Monica, CA 9040l
Telephone: 310-899-3300
Fax: 310-399-7201

ATTORNEYS FOR PLAINTIFF
BID FOR, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Richard A Cederoth
*Attorney for Microsoft Corp.*
Sidley Austin LLP
1 S Dearborn St
Chicago, IL 60603
(312) 853-7000
(312) 853-7036 (fax)
Email: rcederoth@sidley.com

William David Dolan, III
*Attorney for Microsoft Corp.*
Venable LLP
8010 Towers Crescent Dr
Suite 300
Vienna, VA 22182-5601
(703)760-1684
(703) 821-8949 (fax)
Email: wddolan@venable.com

David Andrew Perlson
*Attorney for Google, Inc.*
Quinn Emanuel Urquhart Oliver & Hedges
50 California St
22nd Floor
San Francisco, CA 94111
(415) 875-6600
(415) 875-6700 (fax)
Email: davidperlson@quinnemanuel.com

Robert L. Burns
*Attorney for AOL, LLC*
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700
(202) 408-4400 (fax)
Email: robert.burns@finnegan.com

Stephen Edward Noona
*Attorney for AOL, LLC.*
Kaufman & Canoles PC
150 W Main St
PO Box 3037
Norfolk, VA 23510
(757) 624-3239
Email: senoona@kaufcan.com

Paul Douglas Ackerman
*Attorney for MIVA, Inc.*
Dorsey & Whitney, LLP
250 Park Avenue
New York, NY 10117
(212) 415-9200
(212) 953-7201 (fax)
Ackerman.paul@dorsey.com

Stephen Edward Noona
*Attorney for Google, Inc.*
Kaufman & Canoles PC
150 W Main St
PO Box 3037
Norfolk, VA 23510
(757) 624-3239
Email: senoona@kaufcan.com

Dana Johannes Finberg
*Attorney for MIVA, Inc.*
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
(804) 916-7109
(804) 916-7219 (fax)
Email: dana.finberg@leclairryan.com

/s/
Nichole Buck Vanderslice (VSB 42637)
*Attorney for Bid for Position, LLC*
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone:  (804) 697-4100
Facsimile:  (804) 697-4112
Email: bhill@cblaw.com

878113