IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BID FOR POSITION, LLC,

     Plaintiff/Counterclaim Defendant,

v.                                                                                             Civil Action No. 2:07cv582 (JBF-TEM)

AOL LLC,                                                                                **Jury Trial Demanded**
GOOGLE INC.,
MICROSOFT CORP.,
and MIVA, INC.,

     Defendants/Counterclaim Plaintiffs.

### DEFENDANT GOOGLE INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO BID FOR POSITION'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant and counterclaimant Google Inc. ("Google") by and through the undersigned counsel, answers the Complaint for Patent Infringement ("Complaint") of plaintiff and counterdefendant Bid For Position, LLC ("Plaintiff"), as follows:

### I.  INTRODUCTION

1.  Google is without knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff owns the invention described and claimed in United States Patent No. 7,225,151 entitled "Online Auction Bid Management System and Method" (the '151 patent) as alleged in paragraph 1 and therefore denies this allegation.

2.  Google denies that it has used, and denies that it continues to use, any technology claimed in the '151 patent. To the extent the allegations set forth in paragraph 2 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of

those allegations, and on this basis denies those allegations. Google denies any remaining allegations in paragraph 2.

3. Google admits that Plaintiff's Complaint purports to seek damages and an injunction preventing all of the defendants from making, using, selling, or offering to sell the technology claimed by the '151 patent, but denies that it has committed acts of infringement. To the extent the allegations set forth in paragraph 3 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations. Google denies any remaining allegations in paragraph 3.

## II. PARTIES

4. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of the Complaint and therefore denies them.

5. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint and therefore denies them.

6. Admitted.

7. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint and therefore denies them.

8. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint and therefore denies them.

## III. JURISDICTION AND VENUE

9. Google denies liability, but admits that this Court has subject matter jurisdiction over Plaintiff's action as pled in paragraph 9 of the Complaint. Google denies any remaining allegations in paragraph 9.

10. In response to paragraph 10 of the Complaint and solely for the purpose of this action, Google does not contest venue in this District. However, the interests and convenience of

the parties would be better served by transferring this case to a different district. Google admits that it has conducted and does conduct business in the Eastern District of Virginia. Google denies it has committed, contributed to, and/or induced acts of infringement in this or any other District. To the extent the allegations set forth in paragraph 10 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations. Google denies any remaining allegations in paragraph 10.

11. Google admits that it is subject to personal jurisdiction in this District solely for the purpose of this action. Google admits, for purposes of this action only, that it transacts some business in this district, but denies that this or any other business infringes the '151 patent, either directly or indirectly. To the extent the allegations set forth in paragraph 11 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations. Google denies any remaining allegations in paragraph 11.

### First Claim for Patent Infringement
### (Infringement of the '151 patent)

12. As to paragraph 12 of the Complaint, Google reasserts and incorporates its responses to paragraphs 1 through 11 of the Complaint.

13. As to paragraph 13, Google admits that the United States Patent and Trademark Office issued the '151 patent, albeit improperly, on May 29, 2007, and that Exhibit A to the Complaint indicates on its face that it is the '151 patent. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff is the owner of all rights, title, and interest in the '151 patent, including all rights to pursue and collect damages for past infringements of the patent as alleged in paragraph 13 and therefore denies this allegation. Google denies any remaining allegations in paragraph 13 of the Complaint.

14. Google denies the allegations in paragraph 14.

15. To the extent the allegations set forth in paragraph 15 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations. Google denies any remaining allegations in paragraph 15 of the Complaint.

16. To the extent the allegations set forth in paragraph 16 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations. Google denies any remaining allegations in paragraph 16 of the Complaint.

17. To the extent the allegations set forth in paragraph 17 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations. Google denies any remaining allegations in paragraph 17 of the Complaint.

18. Google denies the allegations in paragraph 18. To the extent the allegations set forth in paragraph 18 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

19. Google denies the allegations in paragraph 19. To the extent the allegations set forth in paragraph 19 relate to other defendants, Google lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

20. Google denies the allegations in paragraph 20. To the extent the allegations set forth in paragraph 20 relate to other defendants, Google lacks knowledge or information

sufficient to form a belief as to the truth of those allegations, and on this basis denies those allegations.

21. Google admits that Plaintiff demands a trial by jury.

## Prayer for Relief

22. Google denies that Plaintiff is entitled to the relief sought by its Prayer for Relief, set forth on page 4-5 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE: Non-Infringement of the '151 Patent

23. Google has not infringed and is not infringing any valid and enforceable claim of the '151 patent.

### SECOND AFFIRMATIVE DEFENSE: Invalidity of the '151 Patent

24. The claims of the '151 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112 and 133.

### THIRD AFFIRMATIVE DEFENSE: Prosecution History Estoppel

25. The claims of the '151 patent are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the application which resulted in the '151 patent, that none of the claims of the patent are infringed by Google.

### FOURTH AFFIRMATIVE DEFENSE: Lack of Notice

26. On information and belief, prior to the filing of the Complaint against Google, Bid for Position failed to properly mark its products covered by the '151 patent and/or did not otherwise provide Google with notification of any alleged infringement of the '151 patent. Under 35 U.S.C. § 287(a), Plaintiff is barred from recovering damages for any alleged infringement of the '151 patent by Google prior to filing the Complaint.

## FIFTH AFFIRMATIVE DEFENSE: Unenforceability

27. On information and belief, the '151 patent is unenforceable as a result of inequitable conduct before the United States Patent and Trademark Office (USPTO).

28. The inventor, Brad Konia, and his attorney, Ivan Posey, both had a duty of candor and good faith to the USPTO.

29. However, both Konia and Posey made material misstatements and omissions in their dealings with the Examiner, thus violating their duty of candor and good faith. These misstatements and omissions were intentional and made with an intent to deceive.

### The Failure to Disclose the OpenSite Prior Art

30. In a written "patent proposal" which Konia sent to Posey on June 15, 1999, Konia identified OpenSite Technologies, Inc. ("OpenSite") as an "Existing Compan[y] offering Similar or Related Technologies." Konia stated that "OpenSite does allow the user to define a maximum bid and will *automatically increase the bid* until the maximum is reached… ." (emphasis added).

31. OpenSite's system was prior art to the patent-in-suit.

32. Posey received Konia's "patent proposal" in June 1999. He never told the Examiner what Konia had shared with him about the OpenSite prior art.

33. For his part, Konia never insisted that Posey disclose this information to the Examiner.

34. The withheld information about the OpenSite prior art was highly material, and a reasonable Examiner would have wanted this information.

35. In an Amendment dated December 9, 2002, claims 1 and 11 were amended to read "*automatically incrementing* the first bid to a value exceeding a second bid…" In remarks accompanying the Amendment, Posey argued that the prior art references cited by the patent

examiner failed to disclose "automatically incrementing." (emphasis added). In particular, Posey stated: "In Davis et al. and *all of the other references cited by the examiner*, the incrementing step requires that the bidder manually increment their bid in order for their priority for service to exceed other bidder's priorities for service." (emphasis added).

36. When making these arguments, Posey knew that the OpenSite prior art had the capability to automatically increment bids. Given Posey's argument that the prior art references cited by the Examiner failed to disclose "automatically incrementing," a reasonable Examiner would have wanted to know about other prior art that did have that capability.

37. By failing to inform the Examiner about such prior art that Konia had told him about, Posey violated his duty of candor and good faith. Posey acted with an intent to deceive.

38. By failing to insist that Posey disclose this prior art to the Examiner, Konia violated his duty of candor and good faith. Konia acted with an intent to deceive.

### The Submission of a False Declaration From the Inventor to Overcome a Rejection

39. On March 25, 2005, the Examiner rejected the pending claims based (among other things) upon a published patent application filed by Borgeson, U.S. Publication 2003/0236739.

40. In response to this rejection, Posey argued that "the claimed invention predates the newly cited art." Posey further stated that "[a]s such, neither the Borgeson Publication, the Parent '118 Application, nor the '028 Provisional Application are prior art to the claimed invention." (August 25, 2005 Amendment, at 4).

41. Posey supported this assertion with a sworn declaration from Konia, his "37 C.F.R. Declaration of Prior Invention," which Konia executed on August 24, 2005. Posey filed the Declaration with the USPTO along with the Amendment.

7

42. In his Declaration, Konia stated that "[p]rior to December 23, 1999, I had *completed my invention* as described in the subject application… ." (Declaration, para. 2, emphasis added).

43. Konia's Declaration also maintained that "[p]rior to December 23, 1999, I created a flow chart indicating *a fully functional system* and other descriptive materials regarding the invention." (*Id.*, emphasis added).

44. The Declaration also asserted "[a] letter sent by facsimile transmission from my attorney, [], to me dated July 6, 1999, with draft patent drawings is attached as Exhibit B (with material that is subject to attorney-client privilege or work product immunity), which further indicates that the invention had been *reduced to practice*." (Declaration, para. 2b) (emphasis added).

45. Each of these statements was untrue.

46. Konia was never able to create a "fully functional system."

47. Nor did he make an actual "reduction to practice" of the claimed subject matter at any time.

48. Indeed, plaintiff now concedes that there was no actual reduction to practice by the inventor at any time and that the earliest allegedly effective "reduction to practice is the January 27, 2000 purported "constructive reduction to practice" associated with the filing of the '747 application which issued as the '151 patent.

49. In Amendments filed on April 19, 2006 and July 31, 2006, Posey repeatedly argued that "the Applicant established that his invention date was before July 1, 1999." These statements too were false.

50. False or misleading statements made in an inventor's sworn declaration are inherently material to the examination of a patent application. Moreover, these sworn statements were made for the purpose of attempting to avoid prior art.

51. Further, the false statements in Konia's Declaration were relied upon by the Examiner in withdrawing the Borgeson prior art that had been applied by the Examiner in rejecting the claims. The false statements were highly material for this reason as well.

52. Because Konia signed the false declaration and Posey drafted it and relied upon it in making arguments to the Examiner, both had an intent to deceive the Examiner.

## The Failure to Supply the International Search Report

53. A related Patent Cooperation Treaty (PCT) application was filed by Posey on Konia's behalf, PCT/US01/01136. During the examination of the PCT application, the authorized officer, Vincent Millin (the supervisor of the Examiner handling the application for the '151 patent) issued an International Search Report on April 11, 2001. The International Search Report identified several references as being of particular interest to the patentability of the claims, including two references that were identified as "of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone."

54. A reasonable patent examiner would have wanted to know that his supervisor identified several references which he believed would invalidate the claims of the application for the '151 patent. The International Search Report was material to the examination of the patent application.

55. Neither Posey nor Konia supplied the Examiner with a copy of the International Search Report.

56. Upon information and belief, Konia and Posey were both in possession of the International Search Report during the prosecution of the '151 patent. Upon information and belief, their failure to provide the International Search Report to the examiner was made with the intent to deceive the USPTO.

57. Accordingly, the '151 patent is unenforceable as a result of inequitable conduct committed before the USPTO.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Google ("Google") for its Counterclaims against Bid for Position LLC ("Plaintiff") alleges as follows:

### PARTIES

1. Google is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA, 94043.

2. Plaintiff alleges that it is a Florida limited liability company with its principal place of business at 21413 Fairfield Lane, Boca Raton, Florida 33486.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

### COUNTERCLAIMS

5. The '151 patent was issued, albeit improperly, by the United States Patent and Trademark Office on May 29, 2007. Plaintiff claims to be the owner of the '151 patent.

6. Plaintiff has alleged that certain acts by Google infringe the '151 patent.

7. An actual controversy exists between Google and Plaintiff regarding the validity and infringement of the '151 patent.

**FIRST CAUSE OF ACTION: Declaratory Judgment of Non-Infringement**

8. Google incorporates the allegations in paragraphs 1 through 57 of the answer and defenses herein and paragraphs 1 through 7 of these counterclaims as if fully set forth herein.

9. Google has not infringed and is not infringing any valid and enforceable claim of the '151 patent.

**SECOND CAUSE OF ACTION: Declaratory Judgment of Invalidity**

10. Google incorporates the allegations in paragraphs 1 through 57 of the answer and defenses herein and paragraphs 1 through 9 of these counterclaims as if fully set forth herein.

11. The '151 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112 and 133.

**THIRD CAUSE OF ACTION: Declaratory Judgment of Unenforceability of the '151 Patent**

12. Google incorporates the allegations in paragraphs 1 through 57 of the answer and defenses herein and paragraphs 1 through 11 of these counterclaims as if fully set forth herein.

13. The '151 patent is unenforceable by reason of inequitable conduct on behalf of Konia and Posey in connection with the prosecution of the application that issued as the '151 patent.

**EXCEPTIONAL CASE**

14. On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the '151 patent against

Google with the knowledge that Google does not infringe any valid or enforceable claim of the '151 patent and/or that the '151 patent is invalid and/or unenforceable.

**RELIEF REQUESTED**

WHEREFORE, Google respectfully requests the following relief:

1. A judgment in favor of Google denying Plaintiff all relief requested in this action and dismissing Plaintiff's Complaint for patent infringement with prejudice;

2. A judgment declaring that each claim of the '151 patent is invalid and/or unenforceable;

3. A judgment declaring that Google has not infringed and is not infringing any valid and/or enforceable claim of the '151 patent, and that Google has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '151 patent;

4. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Google its costs, expenses, and reasonable attorneys' fees;

5. That the Court award Google such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

Dated: June 20, 2008

Respectfully submitted,


/s/
Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

Thomas D. Pease, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
thomaspease@quinnemanuel.com

*Counsel for Defendant Google Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff Bid for Position, LLC**
Craig T. Merritt (VSB No. 20281)
R. Braxton Hill, IV (VSB No. 41539)
Nichole Buck Vanderslice (VSB No. 42637)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
bhill@cblaw.com
nvanderslice@cblaw.com

Gregory S. Dovel, *pro hac vice*
Christin K. Cho, *pro hac vice*
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069
greg@dovellaw.com
christin@dovellaw.com

David E. Rosen, *pro hac vice*
MURPHY ROSEN & MEYLAN, LLP
100 Wilshire Blvd., Suite 1300
Santa Monica, CA 90401
Telephone: (310) 899-3300
Facsimile: (310) 399-7201
drosen@mrmlawyers.com

**Counsel for Defendant AOL LLC**
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

John M. Williamson, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP

901 New York Avenue, NW, Suite 700
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
john.williamson@finnegan.com

Robert L. Burns, II, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400
robert.burns@finnegan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

Thomas D. Pease, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
thomaspease@quinnemanuel.com


**Counsel for Defendant Microsoft Corporation**
William D. Dolan, III (VSB No. 12455)
Michael W. Robinson (VSB No. 26522)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Telephone: (703) 760-1684
Facsimile: (703) 821-8949
wddolan@venable.com

mwrobinson@venable.com

Richard A. Cederoth, *pro hac vice*
Laura L. Kolb, *pro hac vice*
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
rcederoth@sidley.com
lkolb@sidley.com

**Counsel for Defendant MIVA, Inc.**
Dana J. Finberg (VSB No. 34977)
LECLAIR RYAN, PC
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, VA 23219
Telephone: (804) 916-7109
Facsimile: (804) 916-7219
dana.finberg@leclairryan.com

Paul D. Ackerman, *pro hac vice*
Aasheesh Shravah, *pro hac vice*
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
ackerman.paul@dorsey.com
shravah.aasheesh@dorsey.com

/s/
Stephen E. Noona
VSB No. 25367
*Counsel for Defendant Google Inc.*
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

1373322\1