IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BID FOR POSITION, LLC,

      Plaintiff/Counterclaim Defendant,

v.                                                                    Civil Action No. 2:07cv582 (JBF-TEM)

AOL LLC,                                                              **Jury Trial Demanded**
GOOGLE INC.,
MICROSOFT CORP.,
and MIVA, INC.,

      Defendants/Counterclaim Plaintiffs.

### DEFENDANT AOL LLC'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO BID FOR POSITION'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant and Counterclaimant AOL, LLC ("AOL"), by and through its attorneys, hereby answers the Complaint for Patent Infringement of Plaintiff and Counterclaim Defendant Bid for Position, LLC ("Plaintiff") as follows:

### INTRODUCTION

1.    AOL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2.    AOL denies the allegations in paragraph 2 with respect to AOL. AOL is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies them.

3.    AOL admits that Plaintiff seeks damages and an injunction. AOL denies all other allegations of Paragraph 3.

## PARTIES

4.      AOL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies them.

5.      AOL admits that it is a Delaware limited liability company with its principal place of business at 22000 AOL Way, Dulles, Virginia, 20166.  AOL also admits that it has appointed the following as its agent for purposes of receiving service of process in Virginia:  Corporation Service Company, 11 South 12th Street, P.O. Box 1463, Richmond, Virginia, 23218.

6.      AOL is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 6 and therefore denies them.

7.      AOL is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 7 and therefore denies them.

8.      AOL is without sufficient knowledge or information to form a belief as to the truth of allegations in Paragraph 8 and therefore denies them.

## JURISDICTION AND VENUE

9.      AOL admits that Plaintiff purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, Sections 271 and 281, *et seq*.  AOL admits that this Court has subject matter jurisdiction over actions brought under 28 U.S.C. §§ 1131 and 1338(a).

10.      AOL admits that for purposes of this litigation, venue is proper in this district as to AOL under 28 U.S.C. §§ 1391(c) and 1400(b).  AOL admits that it has transacted business in this district, and denies all other allegations in Paragraph 10.

11.      AOL admits that it is subject to this Court's personal jurisdiction, and denies all other allegations in Paragraph 11.

## COUNT 1
## INFRINGEMENT OF THE KONIA PATENT

12.     AOL realleges and incorporates by reference its responses as set forth herein in Paragraphs 1 through 11 above.

13.     AOL admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,225,151 entitled "Online Auction Bid Management System and Method" ("the Konia patent") on May 29, 2007.  AOL is otherwise without sufficient knowledge or information to for a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14.     AOL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15.     AOL denies the allegations in Paragraph 15.

16.     AOL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17.     AOL is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18.     AOL denies the allegations in Paragraph 18 with respect to AOL.  AOL is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies them.

19.     AOL denies the allegations in Paragraph 19 with respect to AOL.  AOL is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies them.

20.     AOL admits that Plaintiff purports to reserve the right to request a finding that Defendants' infringement is or has been willful at the time of trial, and denies all other allegations.

21.     AOL admits that Plaintiff purports to demand a trial by jury of all issues relating to this claim.

## PRAYER FOR RELIEF

AOL denies that Plaintiff is entitled to any of the relief prayed for in its Complaint.

## AFFIRMATIVE DEFENSES

22.     Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing responses to Plaintiff's allegations, AOL hereby asserts the following affirmative defenses. Moreover, AOL reserves the right to add to or amend its defenses further as additional information is developed through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE: Non-Infringement of the '151 Patent

23.     AOL is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid claim of the Konia patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE: Invalidity of the '151 Patent

24.     The claims of the Konia patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or one or more sections of Title 37, Code of Federal Regulations, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and 133.

### THIRD AFFIRMATIVE DEFENSE: Prosecution History Estoppel

25.     On information and belief, by reason of the proceeding in the United States Patent and Trademark Office during prosecution of the application that led to the issuance of the Konia

patent, including statements, arguments, and amendments made to the claims, Plaintiff is estopped from asserting that AOL is infringing or has infringed the Konia patent.

### FOURTH AFFIRMATIVE DEFENSE: Lack of Notice

26.     Plaintiff's claims for relief and alleged damages are limited by 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE: Unenforceability

27.     On information and belief, the '151 patent is unenforceable as a result of inequitable conduct before the United States Patent and Trademark Office (USPTO).

28.     The inventor, Brad Konia, and his attorney, Ivan Posey, both had a duty of candor and good faith to the USPTO.

29.     However, both Konia and Posey made material misstatements and omissions in their dealings with the Examiner, thus violating their duty of candor and good faith.  These misstatements and omissions were intentional and made with an intent to deceive.

### The Failure to Disclose the OpenSite Prior Art

30.     In a written "patent proposal" which Konia sent to Posey on June 15, 1999, Konia identified OpenSite Technologies, Inc. ("OpenSite") as an "Existing Compan[y] offering Similar or Related Technologies."  Konia stated that "OpenSite does allow the user to define a maximum bid and will *automatically increase the bid* until the maximum is reached… ." (emphasis added).

31.     OpenSite's system was prior art to the patent-in-suit.

32.     Posey received Konia's "patent proposal" in June 1999.  He never told the Examiner what Konia had shared with him about the OpenSite prior art.

33.     For his part, Konia never insisted that Posey disclose this information to the Examiner.

34.     The withheld information about the OpenSite prior art was highly material, and a reasonable Examiner would have wanted this information.

35.     In an Amendment dated December 9, 2002, claims 1 and 11 were amended to read "*automatically incrementing* the first bid to a value exceeding a second bid…" In remarks accompanying the Amendment, Posey argued that the prior art references cited by the patent examiner failed to disclose "automatically incrementing." (emphasis added). In particular, Posey stated: "In Davis et al. and *all of the other references cited by the examiner*, the incrementing step requires that the bidder manually increment their bid in order for their priority for service to exceed other bidder's priorities for service." (emphasis added).

36.     When making these arguments, Posey knew that the OpenSite prior art had the capability to automatically increment bids. Given Posey's argument that the prior art references cited by the Examiner failed to disclose "automatically incrementing," a reasonable Examiner would have wanted to know about other prior art that did have that capability.

37.     By failing to inform the Examiner about such prior art that Konia had told him about, Posey violated his duty of candor and good faith. Posey acted with an intent to deceive.

38.     By failing to insist that Posey disclose this prior art to the Examiner, Konia violated his duty of candor and good faith. Konia acted with an intent to deceive.

**The Submission of a False Declaration From the Inventor
to Overcome a Rejection**

39.     On March 25, 2005, the Examiner rejected the pending claims based (among other things) upon a published patent application filed by Borgeson, U.S. Publication 2003/0236739.

40.     In response to this rejection, Posey argued that "the claimed invention predates the newly cited art."   Posey further stated that "[a]s such, neither the Borgeson Publication, the Parent '118 Application, nor the '028 Provisional Application are prior art to the claimed invention." (August 25, 2005 Amendment, at 4).

41.     Posey supported this assertion with a sworn declaration from Konia, his "37 C.F.R. Declaration of Prior Invention," which Konia executed on August 24, 2005.  Posey filed the Declaration with the USPTO along with the Amendment.

42.     In his Declaration, Konia stated that "[p]rior to December 23, 1999, I had *completed my invention* as described in the subject application… ." (Declaration, para. 2, emphasis added).

43.     Konia's Declaration also maintained that "[p]rior to December 23, 1999, I created a flow chart indicating *a fully functional system* and other descriptive materials regarding the invention." (*Id*., emphasis added).

44.     The Declaration also asserted  "[a] letter sent by facsimile transmission from my attorney, [], to me dated July 6, 1999, with draft patent drawings is attached as Exhibit B (with material that is subject to attorney-client privilege or work product immunity), which further indicates that the invention had been *reduced to practice*." (Declaration, para. 2b) (emphasis added).

45.     Each of these statements was untrue.

46.    Konia was never able to create a "fully functional system."

47.    Nor did he make an actual "reduction to practice" of the claimed subject matter at any time.

48.    Indeed, plaintiff now concedes that there was no actual reduction to practice by the inventor at any time and that the earliest allegedly effective "reduction to practice is the January 27, 2000 purported "constructive reduction to practice" associated with the filing of the '747 application which issued as the '151 patent.

49.    In Amendments filed on April 19, 2006 and July 31, 2006, Posey repeatedly argued that "the Applicant established that his invention date was before July 1, 1999." These statements too were false.

50.    False or misleading statements made in an inventor's sworn declaration are inherently material to the examination of a patent application. Moreover, these sworn statements were made for the purpose of attempting to avoid prior art.

51.    Further, the false statements in Konia's Declaration were relied upon by the Examiner in withdrawing the Borgeson prior art that had been applied by the Examiner in rejecting the claims. The false statements were highly material for this reason as well.

52.    Because Konia signed the false declaration and Posey drafted it and relied upon it in making arguments to the Examiner, both had an intent to deceive the Examiner.

### The Failure to Supply the International Search Report

53.    A related Patent Cooperation Treaty (PCT) application was filed by Posey on Konia's behalf, PCT/US01/01136. During the examination of the PCT application, the authorized officer, Vincent Millin (the supervisor of the Examiner handling the application for the '151 patent) issued an International Search Report on April 11, 2001. The International

8

Search Report identified several references as being of particular interest to the patentability of the claims, including two references that were identified as "of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone."

54. A reasonable patent examiner would have wanted to know that his supervisor identified several references which he believed would invalidate the claims of the application for the '151 patent. The International Search Report was material to the examination of the patent application.

55. Neither Posey nor Konia supplied the Examiner with a copy of the International Search Report.

56. Upon information and belief, Konia and Posey were both in possession of the International Search Report during the prosecution of the '151 patent. Upon information and belief, their failure to provide the International Search Report to the examiner was made with the intent to deceive the USPTO.

57. Accordingly, the '151 patent is unenforceable as a result of inequitable conduct committed before the USPTO.

<u>**COUNTERCLAIMS**</u>

AOL asserts the following Counterclaims:

1. AOL incorporates by reference its responses and allegations as set forth herein in Paragraphs 1 through 29 above.

2. Defendant and Counterclaimant AOL, LLC is a Delaware limited liability company with its principal place of business at 22000 AOL Way, Dulles, Virginia, 20166.

3.      Plaintiff and Counterclaim Defendant Bid for Position, LLC has alleged in Paragraph 4 of the Complaint that it is a Florida limited liability company with its principal place of business at 21413 Fairfield Lane, Boca Raton, Florida, 33486.

4.      Plaintiff has alleged in Paragraph 13 of the Complaint that it is the owner of all rights, title and interest in the Konia patent, including all rights to pursue and collect damages for past infringements of the patent.

5.      The United States District Court for the Eastern District of Virginia has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

6.      Plaintiff is subject to personal jurisdiction in the judicial district of the United States District Court for the Eastern District of Virginia at least because Plaintiff has availed itself of this Court.

7.      Venue for this action is proper in the judicial district of the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1391 and 1400 because Plaintiff consented to this venue by filing this action against AOL in the judicial district of the United States District Court for the Eastern District of Virginia, and the Counterclaims are closely related to the claims set forth in the Complaint.

**FIRST CAUSE OF ACTION: Declaratory Judgment of Noninfringement**

8.      AOL incorporates by reference its responses and allegations as set forth herein in responsive Paragraphs 1 through 29 above and Counterclaim paragraphs 1 through 7 above.

9.      Plaintiff is not entitled to any relief against AOL because AOL is not infringing and has not infringed, either directly, contributorily, or by inducement, any valid claim of the Konia patent, either literally or under the doctrine of equivalents.

**<u>SECOND CAUSE OF ACTION: Declaratory Judgment of Invalidity</u>**

10. AOL incorporates by reference its responses and allegations as set forth herein in responsive Paragraphs 1 through 29 above and Counterclaim paragraphs 1 through 9 above.

11. The claims of the Konia patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or one or more sections of Title 37, Code of Federal Regulations, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and 133.

**<u>THIRD CAUSE OF ACTION: Declaratory Judgment of Unenforceability of the '151 Patent</u>**

12. AOL incorporates by reference its responses and allegations as set forth herein in responsive Paragraphs 1 through 29 above and Counterclaim paragraphs 1 through 11 above.

13. The '151 patent is unenforceable by reason of inequitable conduct on behalf of Konia and Posey in connection with the prosecution of the application that issued as the '151 patent.

**<u>EXCEPTIONAL CASE</u>**

14. On information and belief, this is an exceptional case entitling AOL to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of the '151 patent against AOL with the knowledge that AOL does not infringe any valid or enforceable claim of the '151 patent and/or that the '151 patent is invalid and/or unenforceable.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, for the reasons set forth in AOL's response to Plaintiff's Complaint and in AOL's Counterclaims, AOL respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.       Dismissal of Plaintiff's Complaint against AOL with prejudice;

B.       A declaration that Plaintiff recovers nothing from AOL;

C.       A declaration that AOL has not infringed, either directly or indirectly, and is not infringing, either directly or indirectly, any valid and enforceable claim of U.S. Patent No. 7,225,151;

D.       A declaration that all claims of U.S. Patent No. 7,225,151 are invalid;

E.       An order enjoining Plaintiff, its officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the Konia patent against AOL or anyone in privity with AOL;

F.       An order awarding AOL its costs and disbursements in this action;

G.       A declaration that this case is an exceptional case under 35 U.S.C. § 285 and an order awarding AOL its reasonable attorneys' fees in this action; and

H.       An order awarding AOL such other and further legal and equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

AOL respectfully requests a trial by jury on all claims, defenses, and counterclaims.

Dated:  June 20, 2008

Respectfully submitted,

/s/
Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  (757) 624-3000
Facsimile:   (757) 624-3169
senoona@kaufcan.com

John M. Williamson, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT &
DUNNER LLP
901 New York Avenue, NW, Suite 700
Washington, DC  20001
Telephone:  (202) 408-4000
Facsimile:   (202) 408-4400
john.williamson@finnegan.com

Robert L. Burns, II, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT &
DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190
Telephone:  (571) 203-2700
Facsimile:   (202) 408-4400
robert.burns@finnegan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

Thomas D. Pease, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100
thomaspease@quinnemanuel.com

*Counsel for Defendant AOL LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2008, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following:

**Counsel for Plaintiff Bid for Position, LLC**
Craig T. Merritt (VSB No. 20281)
R. Braxton Hill, IV (VSB No. 41539)
Nichole Buck Vanderslice (VSB No. 42637)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
bhill@cblaw.com
nvanderslice@cblaw.com

Gregory S. Dovel, *pro hac vice*
Christin K. Cho, *pro hac vice*
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069
greg@dovellaw.com
christin@dovellaw.com

David E. Rosen, *pro hac vice*
MURPHY ROSEN & MEYLAN, LLP
100 Wilshire Blvd., Suite 1300
Santa Monica, CA 90401
Telephone: (310) 899-3300
Facsimile: (310) 399-7201
drosen@mrmlawyers.com

**Counsel for Defendant Google Inc.**
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000

Facsimile:   (757) 624-3169
senoona@kaufcan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

Thomas D. Pease, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100
thomaspease@quinnemanuel.com

**Counsel for Defendant Microsoft Corporation**
William D. Dolan, III (VSB No. 12455)
Michael W. Robinson (VSB No. 26522)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA  22182
Telephone:  (703) 760-1684
Facsimile:   (703) 821-8949
wddolan@venable.com
mwrobinson@venable.com

Richard A. Cederoth, *pro hac vice*
Laura L. Kolb, *pro hac vice*
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL  60603
Telephone:  (312) 853-7000
Facsimile:   (312) 853-7036

rcederoth@sidley.com
lkolb@sidley.com


**Counsel for Defendant MIVA, Inc.**
Dana J. Finberg (VSB No. 34977)
LeClair Ryan, PC
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, VA  23219
Telephone:  (804) 916-7109
Facsimile:   (804) 916-7219
dana.finberg@leclairryan.com

Paul D. Ackerman, *pro hac vice*
Aasheesh Shravah, *pro hac vice*
Dorsey & Whitney LLP
250 Park Avenue
New York, NY  10177
Telephone:  (212) 415-9200
Facsimile:   (212) 953-7201
ackerman.paul@dorsey.com
shravah.aasheesh@dorsey.com


/s/                                                              
Stephen E. Noona
VSB No. 25367
*Counsel for Defendant AOL LLC*
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  (757) 624-3000
Facsimile:   (757) 624-3169
senoona@kaufcan.com


1375131\1

17