IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| BID FOR POSITION, LLC,<br><br>　　　　　　Plaintiff,<br>v.<br>AOL, LLC, GOOGLE, INC., MICROSOFT CORP., and MIVA, INC.,<br><br>　　　　　　Defendants. | CASE NO. 2:07-cv-582 JBF/TEM |

DECLARATION OF EMILY C. O'BRIEN
IN SUPPORT OF DEFENDANT GOOGLE, INC.'S MOTION FOR A PROTECTIVE ORDER
BARRING PLAINTIFF'S 30(B)(6) NOTICE AND DEPOSITION NOTICES BEYOND THE 10-
DEPOSITION RULE

I, Emily C. O'Brien, declare and state as follows:

1. I am an associate of the law firm Quinn Emanuel Urquhart Oliver & Hedges, LLP and represent Defendant Google Inc. ("Google") in this action.

2. This declaration is made in support of Defendant Google Inc.'s Motion for a Protective Order Barring Plaintiff's 30(b)(6) Notice and Deposition Notices Beyond the 10-Deposition Rule.

3. In a telephone call on June 10, 2008, David Perlson explained to David Rosen that he would be unavailable the week of June 16, due to the scheduled inducement of his wife. Mr. Perlson also explained that the other partners on the case would be unavailable the week of June 16, as both were scheduled to be in Korea for a different matter. Mr. Perlson also asked Mr. Rosen to serve the specific 30(b)(6) Notice, so that the parties could resolve any objections and Google could properly identify witnesses with sufficient knowledge to testify in response to these topics. Mr. Rosen indicated that Plaintiff intended to serve the notice during that week.

1

4.      On June 18, 2008, David Perlson, David Rosen, and Emily O'Brien participated in a meet and confer that spanned almost two full hours, addressing a number of outstanding discovery issues, including Plaintiff's 30(b)(6) Notice served on June 16, 2008. Counsel for Google raised concerns regarding the number of deposition topics, and the scope of those topics. With regard to Topic 1, we informed Plaintiff that Google did not have knowledge of the '151 Patent prior to Plaintiff's service of the lawsuit in this matter. With regard to questions about placement targeted ads, Google objected that these topics were not relevant and were not reasonably likely to lead to the discovery of admissible evidence. Google also indicated that it was concerned about the June 26, 2008 deadline, and that if Plaintiff insisted the deposition be completed on June 26 Google would need to move for a protective order. Plaintiff indicated that it would not require the deposition to go forward on June 26, but that it did expect to finish this deposition over the next two to three weeks. Google further indicated that certain deposition testimony of prior Google witnesses might be responsive to some of these categories, and offered to designate this testimony where responsive. Plaintiff agreed that it might accept such testimony as stipulated testimony on behalf of Google if responsive, after reviewing these designations.

5.      Because Plaintiff had indicated it would consider accepting deposition designations from prior Google witnesses in response to its 30(b)(6) topics, counsel for Google spent multiple hours reviewing the deposition transcripts of Clay Bavor and Adam Wildavsky and preparing page and line designations in response to a number of these topics.

6.      David Rosen, David Perlson and Emily O'Brien again met and conferred on July 1, 2008 regarding a number of outstanding discovery issues, including the 30(b)(6) Notice. During this meet and confer, the parties discussed the possibility of Google stipulating to facts in response to some of the deposition topics. Plaintiff agreed that such stipulations might be acceptable. With regard to

topics asking for testimony about placement targeted ads, Google again asked Plaintiff for any support it had for believing that these topics were reasonably likely to lead to the discovery of admissible evidence. Plaintiff stated that it was entitled to discovery in order to determine whether placement targeted ads appeared on web pages with multiple positions of priority. Plaintiff acknowledged this feature is necessary for any claim of infringement. Google also agreed to consider whether it could stipulate to a statement that the auction for placement targeted ads only has one position of priority. The parties discussed Plaintiff's topics related to the infrastructure of the AdWords auction. Plaintiff indicated that it needed to know how the whole system works, and understand all processes that go on during the auction. Plaintiff indicated it did not need a witness with knowledge of the source code. With regard to Plaintiff's financial topics, in particular topics 51-53, Google also asked Plaintiff to provide case law supporting Plaintiff's proposition that it is entitled to seek discovery regarding Google's non-U.S. revenue. Plaintiff agreed to search for this authority. Google also asked Plaintiff to consider narrowing the portion of Topic 61 asking for authentication of various screenshots produced by Plaintiff. Plaintiff agreed to consider this. Toward the end of the meet and confer call, Plaintiff indicated that what it was really seeking was a witness who could testify regarding how ad rank is calculated, how ads are ranked, how actual cpc is determined, and the data flow in that process.

7. During this meet and confer, Google also asked Plaintiff whether it believed the testimony of Adam Wildavsky was insufficient to respond to Topics 35-37, 39. Plaintiff did not state that this testimony was insufficient or nonresponsive, instead only stating that Plaintiff had follow up questions it wanted to ask.

8. During this meet and confer, Google also explained to Plaintiff that Rohit Rao had been provided in response to Topic 51(d) because he was the person most knowledgeable on this subject matter.

3

9. During this meet and confer, the parties also discussed the issue of Plaintiff noticing depositions beyond the 10-deposition rule. Google indicated that the majority of the 200 witnesses listed in Google's initial disclosures were third-party witnesses, not witnesses with personal knowledge regarding Google AdWords. Plaintiff indicated it may also want to take depositions of some of these prior art witnesses.

10. Plaintiff noticed its 30(b)(6) deposition, and the depositions of Jon Feldman, John Diorio, S. Muthukrishnan, Martin Pal, and Gagan Aggarwal without contacting Google to discuss scheduling.

11. In discussions with Plaintiff's counsel in April 2008, David Perlson informed Plaintiff that Rohit Rao, Guemmy Kim, and Adam Wildavsky, did not have knowledge on AdWords generally and instead had knowledge of Position Preference. Mr. Perlson encouraged Plaintiff not to take these depositions, to the extent Plaintiff was looking for information regarding AdWords generally.

12. Attached hereto as Exhibit 1 is a true and accurate copy of an e-mail from David Rosen to David Perlson sent on June 4, 2008.

13. Attached hereto as Exhibit 2 is a true and accurate copy of an e-mail from David Perlson to David Rosen sent on June 11, 2008.

14. Attached hereto as Exhibit 3 is a true and correct copy of an e-mail from David Perlson to David Rosen sent on June 13, 2008.

15. Attached hereto as Exhibit 4 is a true and correct copy of Bid for Position, LLC's complaint in this matter.

16. Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff's Notice of Rule 30(b)(6) Deposition of Google Inc.

17. Attached hereto as Exhibit 6 is a true and accurate copy of a letter from Emily O'Brien to David Rosen sent on June 19, 2008.

18. Attached hereto as Exhibit 7 is a true and accurate copy of a letter from David Rosen to Emily O'Brien sent on June 20, 2008.

19. Exhibit 8 has been intentionally omitted.

20. Attached hereto as Exhibit 9 is a true and accurate copy of a letter from Emily O'Brien to David Rosen sent on June 26, 2008.

21. Attached hereto as Exhibit 10 is a true and correct copy of a letter from David Rosen to Emily O'Brien sent on June 27, 2008.

22. Attached hereto as Exhibit 11 is a true and correct copy of Plaintiff's Notice of Rule 30(b)(6) Deposition of Google Inc., renoticed for July 10, 2008.

23. Attached hereto as Exhibit 12 is a true and correct copy of selected pages of the deposition transcript of Clayton W. Bavor, Jr..

24. Attached hereto as Exhibit 13 is a true and correct copy of selected pages of the deposition transcript of Adam Wildavsky.

25. Attached hereto as Exhibit 14 is a true and correct copy of the rough transcript of the 30(b)(6) deposition of Rohit Rao.

26. Attached hereto as Exhibit 15 is a true and correct copy of a letter from David Rosen to David Perlson sent on July 1, 2008.

27. Exhibit 16 has been intentionally left blank.

28. Exhibit 17 has been intentionally left blank.

29. Attached hereto as Exhibit 18 is a true and correct copy of the Rule 16(b) Scheduling Order entered in this matter.

30. Attached hereto as Exhibit 19 are true and correct copies of Plaintiff's notice of deposition to Jon Feldman, John Diorio, S. Muthukrishnan, Martin Pal, and Gagan Aggarwal.

31. Attached hereto as Exhibit 20 is a true and correct copy of a letter from Emily O'Brien to David Rosen sent June 26, 2008.

32. Attached hereto as Exhibit 21 is a true and correct copy of an e-mail from Emily O'Brien to David Rosen sent June 17, 2008.

33. Attached hereto as Exhibit 22 is a true and correct copy of the Initial Expert Report of Don Turnbull, PhD.

34. Attached hereto as Exhibit 23 is a true and correct copy of the Rule 26(f) Order in this matter.

35. Attached hereto as Exhibit 24 is a true and correct copy of Google's Third Supplemental Initial Disclosures.

I hereby affirm, under the penalty of perjury of the laws of the United States, that the foregoing statements are true and correct.

Dated: July 3, 2008

_Emily C. O'Brien_
Emily C. O'Brien

Dated: July 3, 2008

Respectfully submitted,

/s/
Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

Thomas D. Pease, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
thomaspease@quinnemanuel.com

*Counsel for Defendant Google Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff Bid for Position, LLC**
Craig T. Merritt (VSB No. 20281)
R. Braxton Hill, IV (VSB No. 41539)
Nichole Buck Vanderslice (VSB No. 42637)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
bhill@cblaw.com
nvanderslice@cblaw.com

Gregory S. Dovel, *pro hac vice*
Christin K. Cho, *pro hac vice*
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069
greg@dovellaw.com
christin@dovellaw.com

David E. Rosen, *pro hac vice*
MURPHY ROSEN & MEYLAN, LLP
100 Wilshire Blvd., Suite 1300
Santa Monica, CA 90401
Telephone: (310) 899-3300
Facsimile: (310) 399-7201
drosen@mrmlawyers.com

**Counsel for Defendant AOL LLC**
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

John M. Williamson, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP

901 New York Avenue, NW, Suite 700
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
john.williamson@finnegan.com

Robert L. Burns, II, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400
robert.burns@finnegan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

Thomas D. Pease, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
thomaspease@quinnemanuel.com

**Counsel for Defendant Microsoft Corporation**
William D. Dolan, III (VSB No. 12455)
Michael W. Robinson (VSB No. 26522)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Telephone: (703) 760-1684
Facsimile: (703) 821-8949
wddolan@venable.com

mwrobinson@venable.com

Richard A. Cederoth, *pro hac vice*
Laura L. Kolb, *pro hac vice*
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
rcederoth@sidley.com
lkolb@sidley.com

**Counsel for Defendant MIVA, Inc.**
Dana J. Finberg (VSB No. 34977)
LECLAIR RYAN, PC
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, VA 23219
Telephone: (804) 916-7109
Facsimile: (804) 916-7219
dana.finberg@leclairryan.com

Paul D. Ackerman, *pro hac vice*
Aasheesh Shravah, *pro hac vice*
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
ackerman.paul@dorsey.com
shravah.aasheesh@dorsey.com

/s/
Stephen E. Noona
VSB No. 25367
*Counsel for Defendant Google Inc.*
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com