## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

| | |
|---|---|
| **BID FOR POSITION, LLC,** | |
| **Plaintiff,** | **CASE NO. 2:07-cv-582 JBF /TEM** |
| v. | **Jury Trial Demanded** |
| **AOL, LLC, GOOGLE, INC., MICROSOFT CORP., and MIVA, INC.,** | |
| **Defendants.** | |

### PLAINTIFF AND COUNTERCLAIM DEFENDANT BID FOR POSITION, INC.'S ANSWER TO FIRST AMENDED COUNTERCLAIMS <u>OF DEFENDANT GOOGLE, INC.</u>

Plaintiff Bid for Position, LLC ("Bid For") hereby answers the first amended affirmative defenses and counterclaims of Defendant Google, Inc. ("Google"). The paragraphs in this answer are numbered to correspond to the paragraph numbers in Google's counterclaims. All of the allegations of the counterclaims not specifically admitted herein are specifically denied.

With respect to Google's incorporation of paragraphs 1 through 21 of its Answer, paragraphs 1 through 21 do not appear to contain any allegations, so no response appears necessary. To the extent that paragraphs 1 through 21 of Google's Answer contain any allegations, Bid For denies those allegations. With respect to Google's incorporation of paragraphs 22 through 26 of its Affirmative Defenses, Bid For denies the allegations contained in those paragraphs. Paragraphs 27 through 57 of Google's fifth affirmative defenses are addressed separately below.

## FIFTH AFFIRMATIVE DEFENSES: Unenforceability

27. Bid For denies the allegations contained in paragraph 27 of Google's affirmative defenses.

28. Bid For denies the allegations contained in paragraph 28 of Google's affirmative defenses.

29. Bid For denies the allegations contained in paragraph 29 of Google's affirmative defenses.

## The Failure to Disclose the OpenSite Prior Art

30. Bid For denies the allegations contained in paragraph 30 of Google's affirmative defenses, except that it admits (a) Konia identified opensite.com and stated that "OpenSite does allow the user to define a maximum bid and will automatically increase the bid until the maximum is reached, however it is not capable of intelligently reducing bids and does not support continuous auctions," and (b) that this information was provided to inventor's counsel on or about June 16, 1999.

31. Bid For denies the allegations contained in paragraph 31 of Google's affirmative defenses.

32. Bid For denies the allegations contained in paragraph 32 of Google's affirmative defenses.

33. Bid For denies the allegations contained in paragraph 33 of Google's affirmative defenses.

34. Bid For denies the allegations contained in paragraph 34 of Google's affirmative defenses.

35. Bid For denies the allegations contained in paragraph 35 of Google's affirmative defense, except that it admits that claims 1 and 11 were amended in an Amendment dated December 9, 2002.

36. Bid For denies the allegations contained in paragraph 36 of Google's affirmative defenses.

37. Bid For denies the allegations contained in paragraph 37 of Google's affirmative defenses.

38. Bid For denies the allegations contained in paragraph 38 of Google's affirmative defenses.

**The Submission of a False Declaration From the Inventor to Overcome a Rejection**

39. Bid For denies the allegations contained in paragraph 39 of Google's affirmative defense, except that it admits that the examiner issued a rejection on March 25, 2005, and cited Borgeson in that office action.

40. Bid For denies the allegations contained in paragraph 40 of Google's affirmative defenses, except that it admits that Posey filed an Amendment after the office action stating in part "neither the *Borgeson* Publication, the Parent '118 Application, nor '028 Provisional Application are prior art to the claimed invention."

41. Bid For denies the allegations contained in paragraph 41, except that it admits that Konia signed a 37 CFR § 1.131 Declaration of Prior Invention.

42. Bid For denies the allegations contained in paragraph 42, except that it admits that in that declaration, Konia stated, "Prior to December 23, 1999, I had completed

my invention as described and claimed in the subject application in this country, as evidenced by the following:

   a. Prior to December 23, 1999, I created a flowchart indicating a fully functional system and other descriptive materials regarding the invention. A copy of an electronic mail dated July 1, 1999, from me to my attorney, Ivan Posey, is attached hereto as Exhibit A.

   b. A letter sent by facsimile transmission from my attorney, Ivan Posey, to me dated July 6, 1999, with draft patent drawings is attached as Exhibit B (with material that is subject to attorney-client privilege or work product immunity), which further indicates that the invention had been reduced to practice."

43. Bid For denies the allegations contained in paragraph 43 of Google's affirmative defenses, except that it admits that Konia's declaration stated, "Prior to December 23, 1999, I created a flowchart indicating a fully functional system and other descriptive materials regarding the invention. A copy of an electronic mail dated July 1, 1999, from me to my attorney, Ivan Posey, is attached hereto as Exhibit A."

44. Bid For denies the allegations contained in paragraph 44 of Google's affirmative defenses, except that it admits that Konia's declaration stated, "A letter sent by facsimile transmission from my attorney, Ivan Posey, to me dated July 6, 1999, with draft patent drawings is attached as Exhibit B (with material that is subject to attorney-client privilege or work product immunity), which further indicates that the invention had been reduced to practice."

45. Bid For denies the allegations contained in paragraph 45 of Google's affirmative defenses.

46. Bid For denies the allegations contained in paragraph 46 of Google's affirmative defenses.

47. Bid For denies the allegations contained in paragraph 47 of Google's affirmative defenses.

48. Bid For denies the allegations contained in paragraph 48 of Google's affirmative defenses.

49. Bid For denies the allegations contained in paragraph 49 of Google's affirmative defenses.

50. Bid For denies the allegations contained in paragraph 50 of Google's affirmative defenses.

51. Bid For denies the allegations contained in paragraph 51 of Google's affirmative defenses.

52. Bid For denies the allegations contained in paragraph 52 of Google's affirmative defenses.

**The Failure to Supply the International Search Report**

53. Bid For denies the allegations contained in paragraph 53 of Google's affirmative defenses.

54. Bid For denies the allegations contained in paragraph 54 of Google's affirmative defenses.

55. Bid For denies the allegations contained in paragraph 55 of Google's affirmative defenses.

56. Bid For denies the allegations contained in paragraph 56 of Google's affirmative defenses.

57. Bid For denies the allegations contained in paragraph 57 of Google's affirmative defenses.

## COUNTERCLAIMS

1. Bid For admits the allegations contained in paragraph 1 of Google's counterclaims.

2. Bid For admits the allegations contained in paragraph 2 of Google's counterclaims.

3. Bid For denies the allegations contained in paragraph 3 of Google's counterclaims, except that it admits that this court has jurisdiction.

4. Bid For denies the allegations contained in paragraph 4 of Google's counterclaims, except that it admits that venue is proper.

5. Bid For denies the allegations contained in paragraph 5 of Google's counterclaims, except that it admits that the '151 patent issued on May 29, 2007, and that Plaintiff is the owner of that patent.

6. Bid For admits the allegations contained in paragraph 6 of Google's counterclaims.

7. Bid For admits the allegations contained in paragraph 7 of Google's counterclaims.

**FIRST CAUSE OF ACTION: Declaratory Judgment of Noninfringement**

8. Bid For repeats and incorporates by reference its responses to the facts and allegations in paragraphs 1 through 7 of its reply to Google's counterclaims as if

fully set forth herein.  With respect to Google's incorporation of paragraphs 1 through 21 of its answer, paragraphs 1 through 21 of Google's answer do not appear to contain any allegations, so no response appears necessary.  To the extent that paragraphs 1 through 21 of Google's answer contain any allegations, Bid For denies those allegations.  With respect to Google's incorporation of paragraphs 22 through 26 of its Affirmative Defenses, Bid For denies the allegations contained in those paragraphs.  Paragraphs 27-57 of Google's answer are addressed separately above.

9. Bid For denies the allegations contained in paragraph 9 of Google's counterclaims.

**SECOND CAUSE OF ACTION: Declaratory Judgment of Invalidity**

10. Bid For repeats and incorporates by reference its responses to the facts and allegations in paragraphs 1 through 9 of its reply to Google's counterclaims as if fully set forth herein.  With respect to Google's incorporation of paragraphs 1 through 21 of its answer, paragraphs 1 through 21 of Google's answer do not appear to contain any allegations, so no response appears necessary.  To the extent that paragraphs 1 through 21 of Google's answer contain any allegations, Bid For denies those allegations.  With respect to Google's incorporation of paragraphs 22 through 26 of its Affirmative Defenses, Bid For denies the allegations contained in those paragraphs.  Paragraphs 27-57 of Google's answer are addressed separately above.

11. Bid For denies the allegations contained in paragraph 11 of Google's counterclaims.

### THIRD CAUSE OF ACTION: Declaratory Judgment of Unenforceability of the '151 Patent

12. Bid For repeats and incorporates by reference its responses to the facts and allegations in paragraphs 1 through 11 of its reply to Google's counterclaims as if fully set forth herein. With respect to Google's incorporation of paragraphs 1 through 21 of its answer, paragraphs 1 through 21 of Google's answer do not appear to contain any allegations, so no response appears necessary. To the extent that paragraphs 1 through 21 of Google's answer contain any allegations, Bid For denies those allegations. With respect to Google's incorporation of paragraphs 22 through 26 of its Affirmative Defenses, Bid For denies the allegations contained in those paragraphs. Paragraphs 27-57 of Google's answer are addressed separately above.

13. Bid For denies the allegations contained in paragraph 13 of Google's counterclaims.

### EXCEPTIONAL CASE

14. Bid For denies the allegations contained in paragraph 14 of Google's counterclaims.

### RELIEF REQUESTED

Plaintiff and Counterclaim Defendant Bid For denies that Google is entitled to the relief it seeks or any relief for the allegations made in its Answer or Counterclaims. Plaintiff and Counterclaim Defendant Bid For requests that judgment be entered in its favor on all issues and that it be awarded the appropriate damages, exceptional damages, costs, and attorneys' fees.

### DEMAND FOR JURY TRIAL

Bid For demands trial by jury of all issues.

Dated: July 7, 2008

Respectfully submitted,

BID FOR POSITION, LLC

By Counsel

  /s/
Nichole Buck Vanderslice
Virginia State Bar No. 42637
Email: nvanderslice@cblaw.com
Craig T. Merritt
Virginia State Bar No. 20281
Email: cmerritt@cblaw.com
R. Braxton Hill, IV
Virginia State Bar No. 41539
Email: bhill@cblaw.com
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: 804-697-4100
Fax: 804-697-4112

Christin Cho
CA State Bar No. 238173
Email: christin@dovellaw.com
Gregory S. Dovel
CA State Bar No. 135387
Email: greg@dovellaw.com
**Dovel & Luner, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

David Rosen
CA State Bar No. 155385
Email: drosen@mrcllp.com
**Murphy, Rosen & Cohen LLP**
100 Wilshire Boulevard Suite 300
Santa Monica, CA 9040l
Telephone: 310-899-3300
Fax: 310-399-7201

ATTORNEYS FOR PLAINTIFF
BID FOR, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Stephen Edward Noona
*Attorney for AOL, LLC.*
Kaufman & Canoles PC
150 W Main St
PO Box 3037
Norfolk, VA 23510
(757) 624-3239
Email: senoona@kaufcan.com

Robert L. Burns
*Attorney for AOL, LLC*
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700
(202) 408-4400 (fax)
Email: robert.burns@finnegan.com

David Andrew Perlson
*Attorney for Google, Inc.*
Quinn Emanuel Urquhart Oliver & Hedges
50 California St
22nd Floor
San Francisco, CA 94111
(415) 875-6600
(415) 875-6700 (fax)
Email: davidperlson@quinnemanuel.com

Paul Douglas Ackerman
*Attorney for MIVA, Inc.*
Dorsey & Whitney, LLP
250 Park Avenue
New York, NY 10117
(212) 415-9200
(212) 953-7201 (fax)
Ackerman.paul@dorsey.com

Stephen Edward Noona
*Attorney for Google, Inc.*
Kaufman & Canoles PC
150 W Main St
PO Box 3037
Norfolk, VA 23510
(757) 624-3239
Email: senoona@kaufcan.com

Dana Johannes Finberg
*Attorney for MIVA, Inc.*
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
(804) 916-7109
(804) 916-7219 (fax)
Email: dana.finberg@leclairryan.com

      /s/
_____
Nichole Buck Vanderslice (VSB 42637)
*Attorney for Bid for Position, LLC*
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone:    (804) 697-4100
Facsimile:    (804) 697-4112
Email: nvanderslice@cblaw.com