**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| **BID FOR POSITION, LLC,** | |
| **Plaintiff,** | **CASE NO.  2:07-cv-582 JBF/TEM** |
| **v.** | **Jury Trial Demanded** |
| **AOL, LLC, GOOGLE, INC., MICROSOFT CORP., and MIVA, INC.,** | |
| **Defendants.** | |

**Plaintiff Bid For Position, LLC's Brief in Support of Its Motion for Partial
<u>Summary Judgment re: Anticipation (35 U.S.C. §102)</u>**

# TABLE OF CONTENTS

*Page*

I. Introduction................................................................................................1

II. The invention..............................................................................................2

    A. Summary and background of the invention. ..............................................2

    B. The claims. ...............................................................................................3

        1. Claim 1 ...........................................................................................3

        2. Claim 11 .........................................................................................3

        3. Dependent Claims ...........................................................................4

            a. Dependent claim 2 ................................................................4

            b. Dependent claim 3 ................................................................4

            c. Dependent claim 4 ................................................................5

            d. Dependent claim 12 ..............................................................5

            e. Dependent claim 13 ..............................................................5

            g. Dependent claim 23 ..............................................................5

III. Statement of undisputed facts. ...................................................................5

IV. Summary judgment standard. .....................................................................6

V. Defendants cannot meet their burden of establishing anticipation under Section 102. ..................................................................................................8

    A. The asserted claims are not anticipated by Davis.......................................8

    B. The asserted claims are not anticipated by Fisher......................................9

    C. The asserted claims are not anticipated by Semret...................................10

    D. The asserted claims are not anticipated by Ausubel.................................12

    E. The asserted claims are not anticipated by Ad Auction............................13

    F. The asserted claims are not anticipated by any other reference.................13

V. Conclusion. ..............................................................................................14

**I.     Introduction.**

In this action, Plaintiff Bid For Position, LLC has asserted that Google, Inc. and AOL, LLC infringe U.S. Patent No. 7,225,151 ("the Konia patent").[1]

Defendants have alleged, as affirmative defenses and in counterclaims for declaratory relief, that the claims of the Konia patent are invalid under 35 U.S.C. §102 ("Section 102") because they are anticipated by prior art. In their responses to interrogatories, however, Defendants provided no evidence that any references anticipate the claims of the Konia patent. In reports submitted by their expert witnesses, Defendants have asserted five prior art references in support of their anticipation defense: (1) U.S. Patent No. 6,269,361 ("Davis"); (2) U.S. Patent Nos. 5,835,896 and 6,243,691 ("Fisher"); U.S. Patent No. 7,177,832 ("Semret"); (4) U.S. Patent No. 5,905,975 ("Ausubel"); and (5) Adauction.com, a website that Defendants describe as an online marketplace ("Ad Auction"). Defendants, however, have failed to present any evidence (much less clear and convincing evidence) that these or any other references teach *every limitation* of the asserted claims of the Konia patent. Accordingly, Plaintiff brings this motion for partial summary judgment and asks this Court to issue an order establishing that Defendants' affirmative defenses and counterclaims, to the extent they rest on assertions of anticipation under Section 102, are without merit. Alternately, to the extent the Court determines that there are disputed issues of fact relating to particular references, Plaintiff asks this Court to issue an order that the asserted claims of the Konia patent are not anticipated by any other prior art references.[2]

---

[1]     The asserted claims are independent claim 1 (along with dependent claims 2 through 4 and 23) and independent claim 11 (along with dependent claims 12 through 14).

[2]     To the extent the Court determines that there are disputed issues of fact relating to one of the asserted claims but not the other, Plaintiff asks this Court to enter partial summary judgment as to those claims for which there are no disputed facts.

**II.     The invention.**

   **A.     Summary and background of the invention.**

In a conventional online auction, each item is sold only once to the highest bidder. When the bid is accepted, the auction is over. Continuous online auctions, on the other hand, are used where the auctioned service is on-going. One example of such a continuous online auction is the auction for advertising space on a search engine results page. In this type of auction, keyword-based advertisements are ranked, in the order of the value of the bids from advertisers, with the highest ranking keyword ad appearing first in the list, the second highest ranking appearing second, and so on. Because advertising space for the same keyword phrases can be sold repeatedly – literally each time a user's search triggers the keyword – the auction runs continuously, with the rankings changing according to current bids from advertisers.

The inventor of the Konia patent recognized the need for a system to monitor the current rankings in continuous online auctions and automatically adjust a bidder's bids in an effort to maintain the position of priority that the bidder wishes to maintain. (Konia patent, Ex. 1, at 1:6-30.) The Konia patent discloses a method and system for automatically managing an auction for determining relative priority for a service in a system where priority is based on the relative value of the bids. (*Id.* at Abstract.)

The method and system taught in the claims of the Konia patent have several distinguishing features. Three are particularly relevant:

   1.     Positions of priority – unlike a typical auction that involves a single item or multiple identical items (or even an atypical auction that involves multiple dissimilar items), what is auctioned in the claims of the Konia patent are *positions of priority* for providing a service. As such, (a) the "items" auctioned are the positions of priority themselves, and (b) each position is different from the others and yet has a priority relationship with the others;

2. Maintaining – the Konia patent is concerned with allowing a bidder to *maintain* a selected position in the continuous auction; and

3. Automation – in the invention disclosed in the Konia patent, the bidder's bid can be (a) *automatically increased* to a value exceeding the next highest bid in order to maintain the selected position of priority, or (b) *automatically reduced* to a minimum that allows the bidder to keep the selected position of priority.

### B. The claims.

#### 1. Claim 1:

A method for automatically managing an auction for determining relative priority for a service in a system wherein priority is based on the relative value of related bids, comprising:

[a] receiving bid management data from a first bidder for managing bidding by the first bidder in the auction, ***the auction having at least two or more positions of priority***, the received bid management data including information for selecting one of the two or more positions of priority that the first bidder wishes to maintain in the auction;

[b] checking for if a second bidder holds the selected position of priority, and

[c] checking for whether a first bid from the first bidder exceeds a second bid from the second bidder in the auction for determining continuing priority for providing an ongoing service for the first and second bidder, wherein the relative position of priority for providing the service for the first bidder is dependent on whether the value of the first bid exceeds the value of the second bid, and wherein the relative position of priority for providing the service for the second bidder is dependent on whether the value of the second bid exceeds the value of the first bid;

[d] according to the bid management data received from the first bidder, ***automatically incrementing the first bid*** to a value exceeding the second bid if the first bid does not exceed the second bid, ***to thereby maintain the selected position of priority*** for providing the service for the first bidder;

[e] checking for whether the first bid is higher than needed to maintain the selected position of priority that the first bidder wishes to maintain in the auction, and

[f] if the first bid is higher than needed to maintain the selected position of priority that the first bidder wishes to maintain in the auction, ***automatically reducing the first bid*** to a minimum which allows the bidder ***to keep the selected position of priority***. (Konia patent, Ex. 1, 14:2-39.)

#### 2. Claim 11:

A system for automatically managing an auction for determining relative priority for a service in a system wherein priority is based on the relative value of related bids, comprising:

[a] an input device for receiving bid management data from a first bidder for managing bidding by the first bidder in the auction, *the auction having at least two or more positions of priority*, the received bid management data including selected one of the two or more positions of priority that the first bidder wishes to maintain in the auction;

[b] a processor electrically connected to a network for checking for if a second bidder holds the selected position of priority, and for checking for whether a first bid from the first bidder exceeds a second bid from a second bidder in the auction for determining continuing priority on a server electrically connected to the network for providing an ongoing service for the first and second bidder, wherein the relative position of priority for providing the service for the first bidder is dependent on whether the value of the first bid exceeds the value of the second bid, and wherein the relative position of priority for providing the service for the second bidder is dependent on whether the value of the second bid exceeds the value of the first bid, and for *automatically incrementing the first bid* according to the bid management data received from the first bidder to a value exceeding the second bid if the first bid does not exceed the second bid, to *thereby maintain the selected position of priority* for providing the service for the first bidder; and

[c] a database electrically connected to the processor for storing the first and second bids;

[d] the processor further for checking for whether the first bid is higher than needed to maintain the selected position of priority that the first bidder wishes to maintain in the auction,

[e] the processor further for *automatically reducing the first bid* to a minimum which allows the bidder to *keep the selected position of priority* if the first bid is higher than needed to maintain the selected position of priority that the first bidder wishes to maintain in the auction. (Konia patent, Ex. 1, 15:4-45.)

### 3. Dependent Claims

The asserted claims include dependent claims that have additional elements not found in the prior art cited by Defendants. For example claims 4 and 14 add that "the service to bidders comprises providing ranking of hypertext links to web pages in search results in an on-line web page search engine."

#### a. Dependent claim 2:

The method of claim 1, further comprising executing the steps of checking and incrementing a plurality of times. (*Id.* at 14:40-41.)

#### b. Dependent claim 3:

The method of claim 2, further comprising pausing for a fixed period of time between each series of steps of checking and incrementing. (*Id.* at 14:42-44.)

  **c.**  **Dependent claim 4:**

The method of claim 3, wherein the service to bidders comprises providing ranking of hypertext links to web pages in search results in an on-line web page search engine. (*Id.* at 14:45-47.)

  **d.**  **Dependent claim 12:**

The system of claim 11, wherein the processor is further for checking an incrementing the first bid a plurality of times. (*Id.* at 15:46-48.)

  **e.**  **Dependent claim 13:**

The system of claim 12, wherein the processor is further for pausing for a fixed period of time between each checking and incrementing of the first bid. (*Id.* at 16:1-3.)

  **f.**  **Dependent claim 14:**

The System of claim 13, wherein the service to bidders comprises providing ranking of hypertext links to web pages in search results in an on-line web page search engine stored on the server. (*Id.* at 16:4-7.)

  **g.**  **Dependent claim 23:**

The method of claim 1, further comprising executing a plurality of times the step of automatically reducing the first bid to a minimum which allows the bidder to keep the selected position of priority if the first bid exceeds a value needed to maintain the selected position of priority. (*Id.* at 16:37-41.)

**III.** **Statement of undisputed facts.**

  1. U.S. Patent No. 7,225,151 was issued to Konia on May 29, 2007 based on an application filed on January 27, 2000 ("the Konia patent"). (Ex. 1 to the Rosen Decl.)

  2. U.S. Patent No. 6,269,361 was issued to Davis, et al. on July 3, 2001 ("Davis"). (Ex. 2 to the Rosen Decl.)

  3. U.S. Patent No. 5,835,896 was issued to Fisher, et al. on November 10, 1998, and U.S. Patent No. 6,243,691 was issued to Fisher, et al. on June 5, 2001 (collectively, "Fisher"). (Exs. 3 and 4 to the Rosen Decl.)

  4. U.S. Patent No. 7,177,832 was issued to Semret, et al. on February 13, 2007 ("Semret"). (Ex. 5 to the Rosen Decl.)

  5. U.S. Patent No. 5,905,975 was issued to Ausubel on May 18, 1999 ("Ausubel"). (Ex. 6 to the Rosen Decl.)

6. Defendants contend that Adauction.com was founded in February 1998 and operated an online marketplace ("Ad Auction"). (Ex. 7 to Rosen Decl., p. 41, ¶¶84-85.)

7. Davis does not disclose every limitation of the asserted claims of the Konia patent. (Ex. 8 to Rosen Decl., p. 6, 8; *see also*, Ex. 2 at 4:8-29; 4:55-5:1, 5:59-62 as compared to Ex. 1 at 14:26-31, 15:28-34.)

8. Fisher does not disclose every limitation of the asserted claims of the Konia patent. (Ex. 9 to Rosen Decl., p. 4; *see also*, Ex. 3 at 6:65-10:3, 10:29-39 as compared to Ex. 1 at 14:8-9, 15:10-11.)

9. Semret does not disclose every limitation of the asserted claims of the Konia patent. (Ex. 7, p. 93, ¶236; *see also*, Ex. 5 at 2:33-45, 9:38-43 as compared to Ex. 1 at 14:8-9, 15:10-11; Ex. 5 at 2:62-65, 2:39-42, 4:27-30, 5:32-39, 5:44-50 as compared to Ex.1 at 14:15-25, 15:15-25.)

10. Ausubel does not disclose every limitation of the asserted claims of the Konia patent. (Ex. 10 to Rosen Decl., pp. 2, 6.)

11. Ad Auction does not disclose every limitation of the asserted claims of the Konia patent. (Ex. 11 to Rosen Decl., pp. 4, 7.)

12. No other prior art discloses every limitation of the asserted claims of the Konia patent.

**IV.  Summary judgment standard.**

The Konia patent is presumed to be valid. *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1378 (Fed. Cir. 2005). In order to overcome this presumption, Defendants must establish, by clear and convincing evidence, that the claims of the Konia patent are anticipated under Section 102. *Id.* ("A patent is presumed valid. Overcoming the presumption requires a showing of facts proved by clear and convincing evidence. That standard of proof also applies in the summary judgment context") (internal citations omitted)).

6

Because Defendants bear the burden of establishing anticipation, Plaintiff need not affirmatively show that the defense has no merit (by, for example, showing the absence of each element of the asserted claims of the Konia patent in any single prior art reference identified by the Defendants). Instead, Plaintiff need only point to the Defendants' lack of evidence supporting their defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("a motion for summary judgment may be made pursuant to Rule 56 with or without supporting affidavits. . . [W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file") (internal quotation marks omitted)). Stated differently:

> [W]ithout any supporting affidavits or other materials negating the adversary's claim, a movant for summary judgment may cast upon a non-moving party who will have the burden of proof at trial the burden of producing a forecast of evidence sufficient to establish his prima facie case; that the movant's summary judgment burden is simply that of "informing the district court of the basis for its motion, and identifying those portions of the pleadings [etc.], which it believes demonstrate the absence of genuine issue of material fact."

*Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211, 216 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 325). *See also*, *Cray Communications v. Novatel Computer Sys.*, 33 F.3d 390, 393-394 (4th Cir. 1994) ("The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case").

In response, Defendants cannot rely on conclusory, unsupported assertions of invalidity to survive summary judgment. Instead, they must present admissible evidence establishing that there are genuine issues of material fact that warrant trial of their Section 102 defenses and counterclaims. *See Celotex*, 477 U.S. at 324 ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific

facts showing that there is a genuine issue for trial'"). If they do not, summary judgment on Defendants' defenses and counterclaims must be granted. *Id.*

**V.  Defendants cannot meet their burden of establishing anticipation under Section 102.**

To establish that the asserted claims of the Konia patent are anticipated under Section 102, Defendants must show by clear and convincing evidence that, with respect to each claim, each element of the claim is found identically in a single piece of prior art. *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003) ("A patent is invalid for anticipation if a single prior art reference discloses <u>each and every limitation of the claimed invention</u>" (emphasis added)); *Gechter v. Davidson*, 116 F.3d 1454, 1457 (Fed. Cir. 1997) ("Under 35 U.S.C. § 102, <u>every limitation of a claim must identically appear in a single prior art reference</u> for it to anticipate the claim" (emphasis added)); *Jamesbury Corp. v. Litton Industrial Products, Inc.*, 756 F.2d 1556, 1560 (Fed. Cir. 1985) (prior art that "disclosed substantially the same things" does not anticipate).

Defendants cannot meet this burden. Defendants recently produced two expert reports purporting to opine that the claims of the Konia patent are anticipated by Davis, Fisher, Semret, Ausubel and Ad Auction references. The conclusions of Defendants and their experts, however, do not set forth a sufficient evidentiary basis to support their claims of anticipation. Based on the record, Defendants cannot establish that any of the references they have identified, or any other prior art, anticipates any of the claims of the Konia patent under Section 102.

**A.  The asserted claims are not anticipated by Davis.**

The asserted claims are not anticipated by Davis for at least the following reasons. <u>First</u>, elements [d] of claim 1 and [b] of claim 11 of the Konia patent provide for automatically incrementing the first bid to a value exceeding the second bid if the first bid does not exceed the second bid, to thereby maintain the selected position of priority for providing the service for the first bidder. Element [e] of claim 1 and claim

11 provide for automatically reducing the first bid to a minimum which allows the bidder to keep the selected position of priority if the first bid is higher than needed to maintain the selected position of priority that the first bidder wishes to maintain in the auction (Konia patent, Ex. 1, 14:26-39, 15:28-42.) Defendants' expert – Dr. Parkes – admits that this element is missing from Davis. See Ex. 8. p. 6 ("Davis does not increment the bid automatically"); p. 8 ("Davis does not decrement the bid automatically").

*Second*, element [d] of claim 1 and element [b] of claim 11 of the Konia patent provide for adjusting bids in order to "maintain the selected position of priority." (Konia patent, Ex. 1, 14:26-31, 15:28-34.) Davis does not show any awareness of the concept of having a bidder *maintain* a position. Instead, Davis provides only that a bidder would have a method to "*influence*" the position or their ads. (Davis, Ex. 2, at 4:26-29, 4:50-55, 4:60-64, 4:65-5:1, 5:59-62.) In fact, Davis teaches away from the concept of maintaining a position. Specifically, in a situation where an advertiser is faced with an overbid from another advertiser, Davis teaches that the advertiser should lose the position and then be notified of that loss after the fact. (*Id*. at 14:8-20.)

In addition, Davis does not identically set forth all of elements [a], [c] or [e] of claim 1 or all of elements [a] or [d] of claim 11, or the additional elements of the dependent claims. As discussed above, anticipation is established only if (1) all of the elements of an invention as stated in the asserted claims, (2) are identically set forth, (3) in a single prior art reference. *Gechter*, 116 F.3d at 1457; *Scripps*, 927 F.2d at 1576. Because all of the claims in the Konia patent are not identically set forth in Davis, the Konia patent is not anticipated by Davis.

### B. The asserted claims are not anticipated by Fisher.

The asserted claims are not anticipated by Fisher for at least the following reasons. *First*, element [c] of claim 1 and element [b] of claim 11 provide that the auction is to determine continuing priority for providing an ongoing service for the first

9

and second bidder. (Konia patent, Ex. 1, at 14:15-25, 15:15-22.) Defendants' expert admits that this element is missing from Fisher. *See* Ex. 9 at p. 4 ("the auction described by Fisher is a single instance auction; it does not provide continuing priority for an ongoing service").

*Second*, element [a] of claims 1 and 11 of the Konia patent provide that the auction have "at least two or more positions of priority." (Konia patent, Ex. 1, at 14:8-9, col. 15:10-11.) Fisher does not consider, much less teach, a system where there are two or more positions of priority. Instead, Fisher teaches that the auction may be for multiple identical items. (Fisher, Ex. 3, at 9:65-10:3, 10:29-39.) In the auction taught by Fisher, there can be multiple winners, but they do not win different positions of priority. For example, Fig 2 of Fisher depicts an example where a seller auctions 16 identical cordless telephones. The winners of the auction get identical telephones, not telephones that are prioritized in some way. *Third*, because Fisher does not discuss positions of priority, Fisher does not discuss – let alone teach – *maintaining* a position of priority, as set forth in claims 1 and 11 of the Konia patent.

In addition, Fisher does not identically set forth all of elements [b], [d] or [f] of claim 1 or all of elements [c], [d] or [e] of claim 11, or the additional elements of the dependent claims. Because all of the claims in the Konia patent are not identically set forth in Fisher, the Konia patent is not anticipated by Fisher.

### C. The asserted claims are not anticipated by Semret.

U.S. Patent No. 7,177,832 was issued to Semret, et al. on February 13, 2007 based on an application filed on March 23, 1999. Semret generally teaches "a system and method for allocating a divisible resource using a progressive second price action technique." (Semret, Ex. 5, at 2:33-35.)

The asserted claims are not anticipated by Semret for at least the following reasons. *First*, element [a] of claims 1 and 11 of the Konia patent provide that the auction have "at least two or more positions of priority." (Konia patent, Ex. 1, at 14:8-9,

10

15:10-11.) Semret does not consider or teach a system where there are two or more positions of priority. Instead, Semret teaches an auction for a divisible resource (such as oil or internet bandwidth). (Semret, Ex. 5, at 2:35-45). A divisible resource is one that can be arbitrarily divided into smaller units. (*Id*. at 9:38-43.) Auctions for positions of priority are not auctions for a divisible resource. For example, there is only one position number one, and it is not "arbitrarily divisible" into smaller increments that can be allocated among different parties. Bidders cannot be allocated one-third of position number one, and position number one is not fungible with position number five, because, by definition, they are positions of priority. By contrast, a quantity of oil or Internet bandwidth is divisible into increments (*e.g.* barrels of oil), all of which are fungible and equal in value. Thus, by teaching an auction for a divisible resource, Semret teaches away from this aspect of the Konia claimed inventions.

Understanding that Semret does not anticipate an auction with two or more positions of priority, Defendants' expert argues that "[w]hile the 'positions of priority' to which the Konia patent applies are not divisible, one skilled in the art would recognize that there is nothing to prevent the Semret invention being used as is for the allocation of indivisible items." (Ex. 7, p. 93, ¶236.) This argument, however, confuses the standard for anticipation with the standard for other invalidity defenses. It is well settled that if an element of the claimed invention is not found in the prior art, there is no anticipation, no matter how minimal the difference, and no matter how obvious to one skilled in the art. *See, e.g.*, *Trintec Industries, Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1296-97 (Fed. Cir. 2002) ("Given the strict identity required of the test for novelty," a reference disclosing a color printer did not anticipate a claim that that included the element of a color photocopier; "The difference between a printer and a photocopier may be minimal and obvious to those of skill in this art. Nevertheless, obviousness is not inherent anticipation."); *American Permahedge, Inc. v. Barcana, Inc.*, 857 F. Supp. 308, 318

(S.D.N.Y. 1994) ("[A]ny degree of physical difference between the patented product and the prior art, no matter how slight, defeats the claim of anticipation.").

*Second*, element [c] of claim 1 and element [b] of claim 11 of the Konia patent provide for checking for whether a first bid exceeds a second bid "wherein the relative position of priority for providing the service for the first bidder is dependent on whether the value of the first bid exceeds the value of the second bid." (Konia patent, Ex. 1, at 14:15-25, col. 15:15-25.) Semret does not teach a comparison of the value of the bids. Instead, Semret teaches a straight comparison of the price of bids. (Semret, Ex. 5, at 2:62-65, 2:39-42, 4:27-30, 5:32-39, 5:44-50.) Semret shows no awareness that, in the auction, the price of the bid may not reflect its value and that, consequently, whether one bid exceeds another should be determined based on a comparison of the value of one bid to the value of another bid, rather than the amount of the bids.

In addition, Semret does not identically set forth all of elements [b] and [d] through [f] of claim 1 or all of elements [c] through [e] of claim 11, or the additional elements of the dependent claims. Because all of the claims in the Konia patent are not identically set forth in Semret, the Konia patent is not anticipated by Semret.

### D. The asserted claims are not anticipated by Ausubel.

The asserted claims are not anticipated by Ausubel for at least the following reasons. *First*, element [a] of claims 1 and 11 of the Konia patent provide that the auction have "at least two or more positions of priority." (Konia patent, Ex. 1, at 14:8-9, col. 15:10-11.) Defendants' expert admits that this element is missing from Ausubel. *See* Ex. 10 at p. 2 ("Ausubel does not specifically consider an auction for positions of priority"). Because Ausubel does not teach positions of priority, it also does not teach selecting a position of priority or maintaining a position of priority, as set forth in claims 1 and 11 of the Konia patent.

*Second*, element [f] of claim 1 and [e] of claim 11 provide for "automatically reducing the first bid to a minimum which allows the bidder to keep the selected position

12

of priority." (Konia patent, Ex. 1, at 14:36-39, 15:41-45.) Defendants' expert admits that this element is missing from Ausubel. *See* Ex. 10 at p. 6 ("the automated bidding method disclosed in Ausubel is used to increment but not decrement bids").

In addition, Ausubel does not identically set forth all of elements [b] through [e] of claim 1 or all of elements [b] through [d] of claim 11. Because all of the claims in the Konia patent are not identically set forth in Ausubel, the Konia patent is not anticipated by Ausubel.

**E.     The asserted claims are not anticipated by Ad Auction.**

The asserted claims are not anticipated by Ad Auction for at least the following reasons. *First*, element [a] of claims 1 and 11 of the Konia patent provide that the auction have "at least two or more positions of priority." (Konia patent, Ex. 1, at 14:8-9, col. 15:10-11.) Defendants' expert admits that this element is missing from Ad Auction. *See* Ex. 11 at p. 4 ("AdAuction.com does not have two or more positions of priority").

*Second*, element [e] of claim 1 and element [d] of claim 11 provide for checking whether the first bid is higher than needed to maintain the selected position of priority that the first bidder wishes to maintain in the auction. (Konia patent, Ex. 1, 14:32-35, 15:37-40.) Defendants' expert admits that this element is missing from Ad Auction. *See* Ex. 11 at p. 7 ("Adauction.com does not check to see whether a bid is higher than it needs to be.").

In addition, Ad Auction does not identically set forth all of elements [b] through [d] or [f] of claim 1 or all of elements [b], [c] or [e] of claim 11, or the additional elements of the dependent claims. Because all of the claims in the Konia patent are not identically set forth in Ad Auction, the Konia patent is not anticipated by Ad Auction.

**F.     The asserted claims are not anticipated by any other reference.**

Defendants have not even attempted to proffer evidence that the asserted claims of the Konia patent are anticipated by any other references. Accordingly, it is undisputed that the asserted claims are not anticipated by any other prior art.

13

**V.     Conclusion.**

No prior art references anticipate the asserted claims of the Konia patent. Accordingly, Plaintiff respectfully requests that this Court issue an order establishing that Defendants' affirmative defenses and counterclaims, to the extent they rest on assertions of anticipation under Section 102, are without merit. Alternately, to the extent the Court determines that there are disputed issues of fact relating to particular references, Plaintiff respectfully requests that this Court issue an order that the asserted claims of the Konia patent are not anticipated by any other prior art references.

Dated:  July 14, 2008                    Respectfully submitted,

BID FOR POSITION, LLC,

By Counsel


 /s/
Nichole Buck Vanderslice
Virginia State Bar No. 42637
Email: nvanderslice@cblaw.com
Craig T. Merritt
Virginia State Bar No. 20281
Email: cmerritt@cblaw.com

R. Braxton Hill, IV
Virginia State Bar No. 41539
Email: bhill@cblaw.com
**CHRISTIAN & BARTON, LLP**
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: 804-697-4100
Fax: 804-697-4112

Christin Cho
CA State Bar No. 238173
Email: christin@dovellaw.com
Gregory S. Dovel
CA State Bar No. 135387
Email:  greg@dovellaw.com
**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401

Telephone:  310-656-7066
Facsimile:  310-657-7069

David Rosen
CA State Bar No. 155385
Email: drosen@mrcllp.com
**MURPHY, ROSEN & COHEN, LLP**
100 Wilshire Boulevard Suite 300
Santa Monica, CA 9040l
Telephone: 310-899-3300
Fax: 310-399-7201

*ATTORNEYS FOR PLAINTIFF*
*BID FOR POSITION, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Stephen Edward Noona
*Attorney for AOL, LLC.*
Kaufman & Canoles PC
150 W Main St
PO Box 3037
Norfolk, VA 23510
(757) 624-3239
Email: senoona@kaufcan.com

Robert L. Burns
*Attorney for AOL, LLC*
Finnegan, Henderson, Farabow,
Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700
(202) 408-4400 (fax)
Email: robert.burns@finnegan.com

David Andrew Perlson
*Attorney for Google, Inc.*
Quinn Emanuel Urquhart Oliver & Hedges
50 California St
22nd Floor
San Francisco, CA 94111
(415) 875-6600
(415) 875-6700 (fax)
Email: davidperlson@quinnemanuel.com

Paul Douglas Ackerman
*Attorney for MIVA, Inc.*
Dorsey & Whitney, LLP
250 Park Avenue
New York, NY 10117
(212) 415-9200
(212) 953-7201 (fax)
Ackerman.paul@dorsey.com

Stephen Edward Noona
*Attorney for Google, Inc.*
Kaufman & Canoles PC
150 W Main St
PO Box 3037
Norfolk, VA 23510
(757) 624-3239
Email: senoona@kaufcan.com

Dana Johannes Finberg
*Attorney for MIVA, Inc.*
LeClair Ryan PC
PO Box 2499
Richmond, VA 23218-2499
(804) 916-7109
(804) 916-7219 (fax)
Email: dana.finberg@leclairryan.com

       /s/
Nichole Buck Vanderslice (VSB 42637)
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone:    (804) 697-4100
Facsimile:    (804) 697-4112
Email: nvanderslice@cblaw.com
*Attorney for Bid for Position, LLC*