**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| BID FOR POSITION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 2:07-cv-582 JBF/TEM |
| AOL, LLC, GOOGLE INC., MICROSOFT | ) | |
| CORP., and MIVA, INC., | ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GOOGLE INC.'S REPLY IN SUPPORT OF MOTION FOR A
PROTECTIVE ORDER BARRING TESTIMONY RELATED TO PLAINTIFF'S 30(B)(6)
DEPOSITION NOTICE AND DEPOSITION NOTICES BEYOND THE 10-DEPOSITION
RULE**

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    PLAINTIFF'S 30(B)(6) NOTICE IS IMPROPER AND SHOULD BE BARRED...........2

    A.    Plaintiff Fails to Refute that the 61 Topics in its 30(b)(6) Deposition
    Notice Are Overbroad and Unduly Burdensome, and the Topics Seek
    Testimony that is Not Discoverable..........................................................................2

        1.    Topics seeking information related to "selecting a particular
        position preference for displaying an ad." (35-37, 39) ..............................3

        2.    Topics seeking information related to how Google calculates Ad
        Rank, ranks the Ads, calculates Actual CPC, and the computer
        system that performs these tasks (Topics 4-6, 8-9, 11-18, 21-31,
        38, 40-50, 54).............................................................................................4

            a.    Plaintiff cannot refute that these topics are overbroad....................4

            b.    Plaintiff does not dispute that it refused to accept Google's
            designations of prior deposition testimony. ....................................6

        3.    Topics seeking information related to the calculation of Ad Rank
        for placement targeted ads (7, 10, 19-20) ...................................................9

        4.    Topics seeking information related to Google's revenues, profits,
        and costs (51-53, 55-56) ...........................................................................10

        5.    Topics seeking information regarding AOL Search Marketplace
        (57-60)........................................................................................................11

        6.    Topics seeking information about Google's first notice regarding
        the '151 Patent and actions taken in response (1-3) .................................12

        7.    Topic seeking "authentication" of documents (61) ...................................12

    B.    Plaintiff Does Not Dispute that Its 30(b)(6) Notice is Unduly Burdensome
    Because it Gives Google and Unreasonably Short Period of Time to
    Respond...................................................................................................................13

    C.    Plaintiff Does Not Dispute that Its 30(b)(6) Notice is Overly Duplicative ...........14

    D.    Google Has Met Its Burden, Whereas Plaintiff Has Not .......................................14

III.    PLAINTIFF SHOULD NOT BE PERMITTED TO TAKE DEPOSITIONS IN EXCESS OF 10.................................................................................................17

IV.    CONCLUSION.................................................................................................20

# TABLE OF AUTHORITIES

**Page**

## Cases

Blankenship v. Hearst Corp.,
    519 F.2d 418 (9th Cir. 1975) ...................................................................16

CSX Transp. v. Vela,
    2007 WL. 3334966 (S.D. Ind. Nov. 8, 2007) ...........................................8

ICE Corp. v. Hamilton Sandstrand Corp.,
    2007 U.S. Dist. LEXIS 37286 (D. Kan. 2007) .........................................8

Jackson v. United States,
    153 F.R.D. 646 (D. Colo. 1993) ..............................................................16

Sprint Communs. Co., L.P. v. Theglobe.com, Inc.,
    236 F.R.D. 524 (D. Kan. 2006) .................................................................8

## Statutes

Rule 26(b) ................................................................................................9, 10

Rule 26(b)(2)(C) .........................................................................................14

Rule 26(c) .................................................................................................16

Rule 26(f) .................................................................................................1, 17

Rule 30 .......................................................................................................17

Rule 30(a)(2)(A) ...................................................................................1, 17, 19

Rule 30(a)(2)(A)(i) .....................................................................................17

Rule 30(b)(1) .............................................................................................13

Rule 30(b)(6) .............................................................................................2, 14

Rule 30(H) .................................................................................................13

Rule 37 .......................................................................................................20

I. **INTRODUCTION**

Plaintiff's opposition is most notable for what it does not say. Throughout its brief, Plaintiff either completely ignores or utterly fails to refute many of the problems with its 30(b)(6) Deposition Notice as cited by Google. For example, in its opening brief, Google argued that it was unduly burdensome for Plaintiff to demand that Google produce multiple witnesses on its 61 deposition topics, particularly when many of the topics themselves are overbroad, Plaintiff has given Google an unreasonable time to respond, the deposition notice is duplicative and cumulative of other discovery served in this matter, and the Notice improperly seeks testimony that is not discoverable. Plaintiff does not substantively address most of Defendants arguments. Plaintiff merely asserts that its Notice is permissible, without ever explaining why.

Plaintiff also largely ignores that Google has already produced, or offered to produce, witnesses on a number of these topics. Nor does it address Defendants' detailed showing that Google's designated prior deposition testimony is sufficient for Plaintiff's expressed needs, and that if it is not, that Plaintiff has failed to explain just what else it is supposedly looking for. In sum, Google has attempted to work with Plaintiff at length to try to get Plaintiff what it is looking for in its Notice. Yet, Plaintiff refuses to accept Defendants' attempts to compromise.

Finally, Plaintiff fails to demonstrate that good cause exists to allow depositions in excess of the ten permitted by Rule 30(a)(2)(A). As described below, the Court's Rule 26(f) Order does not allow for such additional depositions. Moreover, Google has already provided a witness with knowledge of the "design, development, and operation of Google AdWords." Finally, Plaintiff cannot justify these additional depositions by citing to Google's disclosure of prior art witnesses in its initial disclosures, as Plaintiff does not even seek the depositions of these witnesses. For

all these reasons, then, Google respectfully requests that this Court enter a protective order barring Plaintiff from taking any depositions beyond the ten permitted by Rule 30(a)(2)(A).

## II.     PLAINTIFF'S 30(B)(6) NOTICE IS IMPROPER AND SHOULD BE BARRED

### A.     Plaintiff Fails to Refute that the 61 Topics in its 30(b)(6) Deposition Notice Are Overbroad and Unduly Burdensome, and the Topics Seek Testimony that is Not Discoverable

As Google has already pointed out, the sheer volume of 61 deposition topics renders Plaintiff's 30(b)(6) Notice plainly overbroad, unduly burdensome, and unreasonable. The 61 topics, some with subtopics, seek an unreasonably broad spectrum of information, such that numerous different individuals would need to be noticed to testify regarding parts of topics. Google cannot fairly be expected to designate, prepare and produce the person most knowledgeable as to each of the overbroad 61 topics under *any* time frame. Moreover, Plaintiff to date has taken almost three hours of Rule 30(b)(6) testimony, which has covered only parts of three of Plaintiff's 61 deposition topics. On this pace, the deposition would take a minimum of 58 hours to complete.[1] Plaintiff does not dispute this. For all these reasons, Plaintiff's Notice imposes an unnecessary and undue burden on Google, which could have been avoided if Plaintiff had been willing to reasonably narrow its topics or accept Google's designated deposition testimony as it initially indicated it would.

---

[1]   Indeed, Plaintiff has already tried to extend the length of Google's 30(b)(6) deposition. Plaintiff took the personal deposition of Rohit Rao for almost 5 hours, then proceeded to take his deposition in his Rule 30(b)(6) capacity for less than 10 minutes, asking Rao only if he would answer questions in the same manner as a Google representative as he did in his individual capacity. When Rao indicated he would, Plaintiff closed the 30(b)(6) deposition. Assuming then that Rao's personal deposition time should also be counted towards Google's 30(b)(6) deposition time, Plaintiff has taken eight hours of Rule 30(b)(6) testimony covering only parts of three of its 61 deposition topics. On this pace, the deposition would take a minimum of 154 hours to complete.

Plaintiff attempts to downplay Google's arguments regarding the overbreadth of its 30(b)(6) deposition topics by suggesting that these arguments were intentionally "burie[d]" nearly halfway into Google's brief. This is ironic because the beginning of the brief contained five pages listing Plaintiff's 61 deposition topics. This length of space only underscores Google's argument that the number and breadth of 30(b)(6) deposition topics is unduly burdensome on its face. But more critically, Plaintiff ignores the problems with its topics, much of which Plaintiff does not discuss at all.

1. Topics seeking information related to "selecting a particular position preference for displaying an ad." (35-37, 39)

Here Plaintiff argues that the terms "select" and "position" will never be construed by the Court because neither of the parties asked it to. This is a misrepresentation to the Court. In its very own claim construction brief, Plaintiff offers a construction of "selected" as "selected from the bid management data" or "chosen based on fitness or preference," and the parties vigorously contested its meaning. (Plaintiff's Claim Construction Brief, at 10-12; Defendants' Joint Claim Construction Brief at 14-16; Plaintiff's Brief in Opposition to Defendants' Joint Opening Brief on Claim Construction at 17-19; Defendants' Joint Response Brief on Claim Construction at 10-13.) Moreover, while Plaintiff did inform Google that "the terms select and position have their ordinary meaning," Opposition at 10, it refused to specify what "ordinary meaning" it was using. The parties' claim construction briefs thus demonstrate that a variety of different meanings could reasonably be attributed to these terms.[2] (Plaintiff's Claim Construction Brief at 11.)

Moreover, in its opposition, Plaintiff does not dispute that Google previously designated the deposition testimony of Adam Wildavsky, a Google engineer with extensive knowledge

---

[2]  The Court issued a claim construction ruling this afternoon. Plaintiff has not indicated whether the ruling affects the scope of its notice.

regarding AdWords Position Preference feature, in response to these topics. As Google pointed out in its opening brief, Plaintiff initially admitted that Wildavsky's testimony was responsive to these requests, but later rejected his testimony, claiming that it would need the opportunity to cross-examine Wildavsky. Motion at 14-15. Plaintiff behaved in the same manner with respect to Google's designation of Bavor's testimony on other topics. It is unfair for Plaintiff to suggest it would be willing to accept a designation of Wildavksy's testimony that it admits is responsive to these topics, only to reject it after Google has undertaken the time-consuming effort to designate such testimony. And Plaintiff fails to provide any legitimate reason for its approval to do so or why further questioning should be necessary in any other than conclusory statements.

Moreover, Plaintiff's behavior is inconsistent with its practice to date in taking the 30(b)(6) deposition of another Google witness, Rohit Rao. As pointed out in Google's opening motion, Google designated Rohit Rao in response to Topic 51(d) of Plaintiff's 30(b)(6) deposition for less than 10 minutes, asking Rao only if he would answer questions in the same manner as a Google representative as he did in his individual capacity. When Rao indicated he would, Plaintiff closed the 30(b)(6) deposition. Plaintiff did not ask any of the follow-up questions on his personal testimony that Plaintiff states it would need to ask of Wildavsky. Moreover, Plaintiff has indicated that it will continue to take 30(b)(6) depositions in this manner. Plaintiff's reply brief does not dispute any of this. Plaintiff is attempting to game the deposition system in order to take far more than the allowed number of depositions under the Federal Rules of Civil Procedure. This is unnecessarily burdensome on Google, and Plaintiff should be stopped from abusing the discovery system in this way.

      2.      Topics seeking information related to how Google calculates Ad Rank, ranks the Ads, calculates Actual CPC, and the computer system that performs these tasks (Topics 4-6, 8-9, 11-18, 21-31, 38, 40-50, 54)

        a.      Plaintiff cannot refute that these topics are overbroad.

First, Plaintiff asserts that has Google failed to present any "evidence" that it is confused by these categories, or that Plaintiff's lack of detail has any impact on Google's ability to produce witnesses.  Opposition at 10.  This argument is without merit.

Plaintiff has repeatedly stated that what it is really seeking from these thirty-seven separate topics is a witness "that knows how Google calculates rank, ranks the Ads, and calculated Actual CPC, and knows about the computer systems that perform these tasks." (Declaration of Emily O'Brien in Support of Google's Motion ("O'Brien Dec.") p. 6, Ex. 15 at 3-4.)  Clay Bavor has provided testimony regarding these calculations.  Clay provided testimony regarding how Google calculates Ad Rank (Id. Ex. 12 at 51:4-8, 80:15-20), how Ads are ranked (Id. at 39:2-40:12, 207:10-208:6), and how Google calculates Actual CPC (Id. at 91:24-92:11, 93:4-11) for the "search network," as Google understood Plaintiff to mean that term.   Google also designated testimony from Bavor and Wildavsky about the computer systems used in connection with these functions.  (Id. Ex. 12 at 80:5-81:6, 81:21-25, 83:7-11; Ex. 13 at 63:8-10, 63:19-64:3).

Plaintiff fails to explain the need for a far broader set of categories or what level of detail they seek beyond Bavor's prior testimony.  For example, Google has asked whether Plaintiff seeks simply the rules of the auction and the formula used to calculate these elements, the architecture of the entire AdWords system, the technical specifications of an untold number of computers and servers used in this architecture, or the precise location of all the devices used by the system, etc.?  Motion at 16.  Google then provided detailed, specific examples of its confusion with respect to topic numbers 4, 23-24, and 40-48.  *Id.*  Yet, Plaintiff does not explain just what it seeks as to these various topics to resolve this confusion and has made it impossible for Google to determine what testimony is sought, or what more "evidence" Plaintiff needs.

Plaintiff also mischaracterizes the parties' discussion on these topics. Plaintiff states that, during the meet and confer process, Google's counsel pointed to a diagram contained in an AdWords architecture document and asked Plaintiff to identify which specific "box" in the diagram Google's 30(b)(6) witness should have knowledge of. Opposition at 11. Plaintiff claims that it was unable to answer Google's question because it does not know what each box does. However Google's counsel was not asking Plaintiff to enumerate all the questions it intended to ask its 30(b)(6) witness. Rather, Google's counsel was merely trying to ascertain what level of detail the witness would have to testify to. For example, does Plaintiff want Google to produce a witness to testify as to every box described in the Adwords architecture document? Plaintiff refused to say.

Plaintiff's continued refusal to provide sufficient guidance regarding what testimony it seeks creates the highly likely possibility that Google will provide a witness on these topics only to have Plaintiff complain afterwards that they were not sufficiently prepared. This would only waste both parties' time.

b.    <u>Plaintiff does not dispute that it refused to accept Google's designations of prior deposition testimony.</u>

Plaintiff does not dispute that, in a good faith effort to cooperate, Google has offered to designate the deposition testimony of Clayton Bavor and Adam Wildavsky on these topics. Plaintiff has indicated that it is really seeking a witness that knows how Google calculates Ad Rank, ranks the Ads, and calculates Actual CPC, and knows about the computer systems that perform these tasks. As Google showed (Motion at 17-18; citing O'Brien Dec. Ex. 12 at 5:4-8, 39:2-40:12, 64:5-16, 65:4-66:11, 67:1-15, 70:19-71:6, 80:15-20, 80:5-81:6, 81:21-25, 83:7-11, 91:24-92:11, 93:4-11, 207:10-208:6; Ex. 13 at 63:8-10, 63:19-64:3), Messrs. Bavor and Wildavsky have both provided deposition testimony on these subjects. Nevertheless, after

receiving Google's deposition designations, Plaintiff for the first time stated that such designations could *never* be acceptable. Plaintiff stated that the testimony of Mr. Bavor was insufficient because he did not know enough about how the auction runs, in particular how the system and architecture operates. As Google has shown, this just is not true. Mr. Bavor provided specific testimony on the subject areas Plaintiff supposedly wants. In any event, Messrs. Bavor and Wildavsky were the only two witnesses who had been deposed when Google offered to designate deposition testimony in response to these topics. Plaintiff therefore would have known of any objections it had to these witnesses testifying as to the noticed topics before Google invested significant time and effort designating their testimony. Yet, Plaintiff unfairly waited until *after* the fact to articulate these objections to Google.

In its brief, Plaintiff complains that Google suggested Plaintiff *agreed* to accept prior deposition testimony from Google witnesses in lieu of 30(b)(6) deposition testimony on certain topics. Opposition at 6. This is simply false. Google never said that Plaintiff *agreed* to Google's designations. Rather, Google simply said that during the parties' first meet and confer, Plaintiff agreed that such designations *could be acceptable*, and then later reversed itself, claiming that it could *never* be acceptable. Motion at 17. And initially, during the parties' discussions on prior deposition testimony, Plaintiff never once mentioned that it "would still need to examine the witnesses on various additional issues" even if it accepted designations as it now asserts. Opposition at 7. Had Plaintiff mentioned this, Google would never have agreed to designate prior deposition testimony, and would never invested time and resources to do so, as the whole point of this exercise was to avoid having to produce Google witnesses on topics they have already testified about.

Notably, Plaintiff ignores entirely *CSX Transp. v. Vela*, 2007 WL 3334966 (S.D. Ind. Nov. 8, 2007), the case cited by Google which holds that a protective order may issue to limit deposition topics where a party has already provided sworn testimony. 2007 WL 3334966 at *3. As detailed above, Google has already provided testimony on many of these topics. Thus it is unduly duplicative and cumulative to require Google to provide additional witnesses on these topics, and Plaintiff should be barred from doing so.

Moreover, the cases cited by Plaintiff on this topic are inapposite. In *Sprint Communs. Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524 (D. Kan. 2006), Plaintiff claimed that the only witnesses who were responsive to Defendant's 8 topic 30(b)(6) deposition notice were its attorneys. 236 F.R.D. at 528. There, the Court found Plaintiff's arguments to be meritless, and ordered Plaintiff to choose one or more non-attorney deponents to respond to the notice. *Id.* at 529. Here, Google is not refusing to produce employees as 30(b)(6) designees. Indeed, in a good faith effort to cooperate with Plaintiff, Google designated employee witnesses in response to Topics 51(c), 51(d), 52(c), 54-55 of the Notice, and Plaintiff has already commenced with those depositions. Here, the significantly higher number of topics than were at issue in *Sprint*, and Google's good faith efforts to compromise underscores that Plaintiff's about face on prior deposition testimony was particularly inappropriate and unfair.

Similarly, in *ICE Corp. v. Hamilton Sandstrand Corp.*, 2007 U.S. Dist. LEXIS 37286 (D. Kan. 2007), Defendants sought a protective order barring Plaintiff's 30(b)(6) deposition notice on the grounds that defendants intended to use five previously deposed witnesses as 30(b)(6) designees, and deposing these individuals a second time would impose an undue burden. 2007 U.S. Dist. LEXIS at *9. There, the Court held that the previous depositions of certain witnesses could not prevent the 30(b)(6) depositions of those same witnesses from proceeding. *Id.* at 11.

But this case is also inapposite.  First, neither this case nor any of the others cited by Plaintiff stand for the proposition that a party should be forced to provide multiple witnesses on a 61 topic deposition notice.  Plaintiff simply cannot provide authority to support the unreasonable and unduly burdensome discovery it attempts to impose on Google.  Moreover, here Google is not arguing that the previous depositions of certain employees should bar the 30(b)(6) deposition of Google in its entirety.  Rather, Google argues that it has already produced witnesses on several of these deposition topics, and it is unreasonable for Plaintiff to refuse designations of this testimony without articulating any reason why they are insufficient.

> 3. <u>Topics seeking information related to the calculation of Ad Rank for placement targeted ads (7, 10, 19-20)</u>

In its motion, Google argued that under Rule 26(b), Google should not be required to prepare and provide witnesses in response to these topics because Plaintiff failed to articulate a reasonable basis for believing that placement targeted ads may infringe the '151 patent.  Plaintiff does not dispute this.  Instead, Plaintiff merely states, in conclusory fashion, that it has articulated a basis for believing that placement targeted ads infringe the '151 patent, and points to documents that allegedly support its position.  Opposition at 11.  Tellingly, however, Plaintiff does not even explain what these documents are or how they support its position.  As Google has previously explained, Plaintiff asserts that because "placement targeted ads are part of AdWords," and because "the auction for placement targeted ads" may be "the same as the auction for keyword targeted ads," it is entitled to take this discovery.  Motion at 20.  By this reasoning, Plaintiff would be entitled to discovery regarding any aspect or feature of AdWords because AdWords is accused of infringing, even those that have nothing to do with the accused feature(s), or features that could be accused in good faith.  Google noted, however, that the scope

of Plaintiff's discovery is limited Rule 26(b), which prohibits this very kind of fishing expedition in which Plaintiff seeks to engage. Plaintiff simply has no response to this.

>    4.    Topics seeking information related to Google's revenues, profits, and costs (51-53, 55-56)

Plaintiff similarly fails to address many of Google's arguments with respect to these topics. First, Plaintiff does not dispute that Google has already produced witnesses on many of these topics. In its continuing efforts to cooperate with Plaintiff, Google designated the testimony of Shane Antos[3], Gabe Mattera, and Rohit Rao in response to some of the topics and subtopics seeking testimony related to Google's revenues and costs.

Moreover, Plaintiff has no real response to Google's argument that its depositions topics are improper to the extent that they seek information regarding "Non-U.S. Revenues." During the meet and confer process, Plaintiff promised Google it would look for case law in support of its argument that it is entitled to discovery on these topics. Plaintiff never did provide a case to Google. Plaintiff still fails to provide such support to the Court.

Plaintiff also fails to meaningfully dispute that the deposition topics regarding revenues related to "placement targeted ads on the content network" are improper to the extent they seek information not relevant to the claims or defenses of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence. As outlined above, Plaintiff has provided no justification for seeking information related to placement targeted ads, which Plaintiff does not dispute have not been accused of infringing the '151 patent. Again, Plaintiff

---

[3]    It bears noting that the parties had agreed that Antos' personal and 30(b)(6) depositions would proceed on July 2. (O'Brien Dec. Ex. 8.) Yet Plaintiff unfairly waited until the day of Mr. Antos' deposition to inform Google that it would forego Antos' personal deposition. (Declaration of Katherine H. Bennett in Support of Google's Reply ("Bennett Dec.") ¶ 3.) Had Plaintiff informed Google of this sooner, Google would have arranged the deposition of Guemmy Kim on that same date, saving both parties' time and resources. (*Id.*)

merely summarily states that it has provided such justification, without explaining the basis for it. Such conclusory assertions cannot save Plaintiff's improper 30(b)(6) Notice.

Finally, Plaintiff asserts that because these categories use the term "operating profits, and not just "profits," Google should know what that term means. But as Google previously explained to Plaintiff and indicated in its opening brief (Motion at 22), it does not information in the manner noticed. Plaintiff refused to accept Google's good faith effort to cooperate, yet failed to provide any explanation as to why Google's offer was insufficient.[4]

     5.    <u>Topics seeking information regarding AOL Search Marketplace (57-60)</u>

Plaintiff again summarily dismisses Google's objections to these topics without providing any explanation why. Plaintiff refuses to articulate whether it is seeking a witness with a high-level knowledge of the topics regarding AOL Search Marketplace, or whether it seeks more specific information. Instead, Plaintiff merely provides the unhelpful statement that it is seeking "a sufficient level of detail so that Plaintiff could understand how the auction operates, how the auction is different from the AdWords auction, and the relationship between Google and AOL." These vague statements fail to provide Google with sufficient guidance to prepare and produce a witness to respond to Plaintiff's overbroad topics.

Moreover, it bears noting that Google made yet another good faith effort to cooperate with Plaintiff by designating the deposition testimony of Clayton Bavor in response to a number of these topics. Plaintiff again rejected Google's designation without providing any explanation why it believed Mr. Bavor's testimony was insufficient. Moreover, Plaintiff's infringement allegations with respect to AOL Search Marketplace are identical to its allegations regarding

---

[4]  Plaintiff cites a supposed statement by Shane Antos during his deposition that Google prepares reports that identify "operating profits," but provides no transcript or actual testimony.

Google's AdWords system.  Thus, while Mr. Bavor's testimony primarily concerned various aspects of AdWords, it is unclear why Plaintiff insists that Google produce an additional witness on these topics.

> 6.    Topics seeking information about Google's first notice regarding the '151 Patent and actions taken in response (1-3)

Here, Plaintiff mischaracterizes the stipulation that Google was willing to offer on Topics 1-3.  Google has repeatedly informed Plaintiff that the first date Google learned of the '151 Patent was the date the lawsuit in this matter was served.  Motion at 23.  This was all Google was ever willing to stipulate to, and it said as much in its motion.  *Id.*  Google further explained that Topics 2-3 only seek testimony that is squarely protected by the attorney-client privilege and or the work product doctrine.  *Id.* at 23-24.  Plaintiff has never disputed this.  Because these topics only seek information that is privileged, Google would never have agreed to stipulate that "all steps, actions and modifications that Google has made to AdWords in response to the '151 Patent were taken the direction of counsel," which itself suggests that such actions have taken place, and Plaintiff should not now be permitted to unilaterally modify the substance of Google's proffered stipulation.  These topics are therefore moot and should be barred.

> 7.    Topic seeking "authentication" of documents (61)

Here again,  Plaintiff cannot dispute that this topic is overbroad and unduly burdensome on Google.  Topic 61 asks Google to "authenticate" 23 separate Google documents, and confirm that they are "business records" as defined by Federal Rule of Evidence 803.  Through this topic, Plaintiff asks Google to verify, as to each of the 23 documents listed therein, whether it was Google's regular practice to prepare the document, and whether the document was contemporaneously prepared by, or from information transmitted by, a person with knowledge of the information contained therein.  In its motion, Google argued that this topic is unduly

burdensome in that it requires independent verification and investigation of the many statements in these many documents. Plaintiff has no answer to this.

Plaintiff also cannot dispute that it is improper and unduly burdensome to ask Google to authenticate documents that it did not produce. Topic 61 includes a request for Google to "authenticate" several numerous documents produced by Plaintiff in this litigation, at GO 1-380 and AOL 1-42, which Plaintiff's counsel has represented were printed out from Google's and AOL's web sites by a paralegal at their firm. During the meet and confer process, Google asked how it would be possible for Google to authenticate documents that it did not produce, and asked for clarification generally about what Plaintiff sought in Topic 61. Plaintiff refused to provide Google with an explanation then, and it fails to provide one to the Court now. It remains to be seen how Plaintiff believes Google can properly authenticate these documents, when Google has no information about the circumstances in which they were printed, or whether any changes were made as a result of their printing, etc. Nor does Plaintiff's "narrowing" of the screen shots to over 170 pages change this or alleviate the burden from Plaintiff's request.

**B.** **Plaintiff Does Not Dispute that Its 30(b)(6) Notice is Unduly Burdensome Because it Gives Google and Unreasonably Short Period of Time to Respond**

As Google pointed out in its opening motion, Rule 30(b)(1) requires a party to give "reasonable notice" for a deposition. Motion at 25. Originally, Plaintiff provided less than eleven days to produce witnesses in response to its 30(b)(6) Notice, a period of time improper under Local Rule 30(H), as well as being unreasonably short. Plaintiff does not dispute this. While Plaintiff later moved the deposition to July 10, it still would have been nearly impossible for Google to provide a witness in response to all 61 topics of the Deposition Notice in that time frame, given the parties' deposition schedule. *Id.* at 25. The complexity and sheer volume of the

Notice necessitates more time for Google to adequately prepare the designee(s), especially given that there is no one at Google with knowledge regarding all of Plaintiff's noticed topics.

The unreasonably short time frame in which to prepare 30(b)(6) designees is entirely Plaintiff's fault. Plaintiff does not dispute that it chose not to serve its 30(b)(6) Notice until June 16, despite requests for Google to serve the Notice earlier. Plaintiff's about face on accepting deposition designations only caused further delay in reaching resolution of any dispute regarding the Rule 30(b)(6) Notice.[5]

### C. Plaintiff Does Not Dispute that Its 30(b)(6) Notice is Overly Duplicative

In its opening motion, Google noted that Plaintiff's 30(b)(6) Notice is duplicative and cumulative of other discovery served in this matter. Plaintiff does not dispute this. Instead, Plaintiff argues that the duplicative nature of the deposition topics demonstrates that they are appropriate subjects on which to question Google's 30(b)(6) witness during deposition. Plaintiff's argument misses the point. Rule 26(b)(2)(C) explicitly allows the court to limit discovery that is unreasonably duplicative, or if the party had ample opportunity to obtain the information from another source. Because Plaintiff has already propounded discovery related to these topics, its 30(b)(6) Notice is duplicative and unnecessary, and it should be barred.

### D. Google Has Met Its Burden, Whereas Plaintiff Has Not

Plaintiff argues that Google has not satisfied its burden of proving that Plaintiff's 30(b)(6) Notice is unduly burdensome. But Plaintiff has it backwards: here, it is Plaintiff, not

---

[5]  Finally, it bears noting that Plaintiff itself has refused to produce a 30(b)(6) witness. Google noticed this deposition on July 2, 2008, to be held on July 22, 2008. (Bennett Dec. Ex. 3.) After suggesting on July 10 that he simply waiting to confirm whether the witness for deposition and raising no objections to the notice, counsel for Bid for Position now has said it refuses to confirm the deposition *at all* until the after Court has ruled on the instant motion which does not concern Defendants' notice. (Bennett Dec. Ex. 1.)

Google, that must meet its burden of proving that the topics it has noticed are reasonably calculated to lead to the discovery of admissible evidence. As demonstrated in Google's opening brief, Plaintiff has failed to do so.

Throughout its opposition, Plaintiff repeatedly claims that Google has not produced any "evidence" of the undue burden it would face if forced to respond to Plaintiff's 30(b)(6) Notice. But Google has provided evidence of undue burden. Google cited to the following specific facts as evidence of undue burden: 1) the sheer volume of 61 deposition topics[6]; 2) the overbreadth of those topics; 3) Plaintiff's refusal to provide guidance on what information it is requesting; 4) Plaintiff's improper refusal to accept Google's designations of deposition testimony on certain topics; 5) the fact that the Deposition Notice is duplicative and cumulative of other discovery in this matter; and 6) the fact that the Deposition Notice seeks testimony that is not discoverable. Plaintiff does not dispute any of this. It is unclear, however, what additional "evidence" Plaintiff would like Google to cite to. Indeed, it does not point to any disputed facts that Google has supposedly failed to demonstrate.

Plaintiff also refers to Google's status as a "multi-billion dollar company represented by a 400+ lawyer firm" in a vain attempt to justify the abusive and unnecessary discovery it intends to impose on Google. But Google's size here is irrelevant: large companies are not required to respond to inappropriate and unduly burdensome discovery just by virtue of their size. The size of Google's law firm is likewise irrelevant.

---

[6]  Plaintiff argues that the large number of deposition topics is not burdensome in part because the deposition will not be limited to 7 hours total, but to 7 hours per designee. *See* Opposition at 6, n.2. However during the parties' June 18 meet and confer, Plaintiff acknowledged that it would limited to a deposition of 7 hours. Indeed, Plaintiff insisted that it take place on only one day, July 10.

Plaintiff cites to *Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir. 1975) for the proposition that "a strong showing is required before a party will be denied entirely the right to take a deposition." 519 F.2d at 429. But Google is not arguing that Plaintiff is not entitled to take *any* 30(b)(6) deposition. Indeed, it has already provided 2 witnesses in response to Plaintiff's Notice. But Plaintiff's Notice *as drafted* is overbroad, duplicative, and unduly burdensome, and Google should not be forced to respond to *all* of it.

Similarly, Plaintiff cites to *Jackson v. United States*, 153 F.R.D. 646 (D. Colo. 1993) for the proposition that

> [t]o establish good cause under Rule 26(c), courts have generally required a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements . . .' The movant must provide specific examples of harm that will be suffered because of the disclosure of the information. Broad allegations are insufficient. Good cause requires a showing that the disclosure will work a clearly defined and serious injury.

153 F.R.D. at 648. But *Jackson* is inapposite. In that case, the movant's <u>sole objection</u> to the discovery at issue was that it violated the Court's Discovery Plan. *Id.* at 648-49. As demonstrated above, however, here Google has provided numerous specific examples of the harm it will suffer if forced to respond to Plaintiff's 30(b)(6) Notice. Moreover, Plaintiff utterly fails to dispute any of these examples. In the instant case it is Plaintiff, not Google, who has provided "stereotyped and conclusory statements" in support of its arguments.

Finally, Plaintiff argues that its 30(b)(6) Notice is not unduly burdensome by virtue of its 61 categories because Plaintiff has set out 18 sub-categories that "lay out exactly what Plaintiff is looking for" and "allow Google to determine the appropriate witness to testify." Opposition at 5. But Google has already provided testimony on these topics. Plaintiff now argues that this testimony is insufficient, however it refuses to say what additional testimony it seeks. Google has continually raised this issue, and Plaintiff has repeatedly ignored it.

## III. PLAINTIFF SHOULD NOT BE PERMITTED TO TAKE DEPOSITIONS IN EXCESS OF 10

Plaintiff also seeks leave under Rule 30(a)(2)(A)(i) to take depositions in excess of ten.[7]

Because Plaintiff has not shown good cause for depositions in excess of the limit prescribed by

Rule 30, its request should be denied.

In its reply, Plaintiff again attempts to justify these additional depositions by merely

citing to the following provision in the Court's Rule 26(f) Order:

> There shall be no limit placed upon the number of military witnesses, *or of witnesses not subject to summons for trial, which are undertaken by the proponent of the witness for the purpose of presenting such deposition testimony at trial.*

(O'Brien Dec. Ex. 23 at 3) (emphasis added).  Notably, Plaintiff's brief provides no explanation

*why* this provision of the Court's Order permits depositions in excess of ten.  During the parties'

meet and confer process, however, Plaintiff argued that this language permitted such depositions

because the witnesses it noticed are outside of the Court's jurisdiction, and Plaintiff intends to

present their deposition testimony at trial.  But as Google pointed out in its opening motion,

Plaintiff has previously admitted that it was *not* just seeking testimony from these deponents to

present at trial, but was also seeking them for purposes of discovery as well.  Motion at 28.

Further, if this language truly allowed unlimited depositions of witnesses not subject to summons

for trial, Plaintiff would be permitted to take as many party or third party depositions as it

wanted, provided that the witnesses were located outside the Court's jurisdiction.  Thus

---

[7]   Plaintiff suggests that Rule 30 does not require leave of court until the actual number of depositions taken would exceed ten.  This makes no sense.  It became clear that Plaintiff intended to take depositions in excess of ten when it noticed its eleventh deposition via the 30(b)(6) Notice on Google.  Plaintiff made its intention to violate Rule 30 even clearer when it noticed the depositions of five additional witnesses on June 26.  Does Plaintiff honestly contend that Defendants should have waited until one of these depositions commenced before bringing Plaintiff's improper behavior to the attention of the Court?

Plaintiff's reading of the Court's Order would effectively vitiate Rule 30's ten deposition limit. Here again, Plaintiff has no answer to any of this.

Plaintiff also argues that additional depositions are necessary because Google has not yet provided a witness with knowledge of the "design, development, and operation of Google AdWords." As explained above, however, Google has already produced Clayton Bavor, a witness with precisely this kind of knowledge. Plaintiff tries to get around this by claiming that Mr. Bavor has only limited knowledge of the Adwords auction. This is false. Again, Plaintiff has indicated that it is really seeking a witness that knows how Google calculates Ad Rank, ranks the Ads, and calculates Actual CPC, and knows about the computer systems that perform these tasks. Clay Bavor has provided testimony regarding these calculations. Bavor provided testimony regarding how Google calculates Ad Rank (*Id.* Ex. 12 at 51:4-8, 80:15-20), how Ads are ranked (*Id.* at 39:2-40:12, 207:10-208:6), and how Google calculates Actual CPC (*Id.* at 91:24-92:11, 93:4-11) for the "search network," as Google understood Plaintiff to mean that term. Plaintiff ignores all of this testimony. While Mr. Bavor may not have knowledge of the low-level details or minor features of the AdWords system that are not relevant to the case, he was able to provide testimony regarding the "design, development, and operation" of the AdWords system. Given all of this, it is unclear why Plaintiff believes Mr. Bavor's testimony is insufficient, or how Google may better prepare Bavor—or any other witness—to provide Plaintiff with the testimony it seeks.

Moreover, Plaintiff's suggestion that Google somehow "revel[s]" at the fact that a number of its designated witnesses lack knowledge of the AdWords system is baseless and inappropriate. In its motion, Google noted that it informed Plaintiff beforehand that three of the witnesses it was to depose had no knowledge on AdWords generally, and instead had knowledge

of Position Preference.  Yet Plaintiff still proceeded with these depositions.  Google further noted

that three additional depositions that Plaintiff took or planned to take were of witnesses whom

Google previously disclosed as having knowledge of financial or licensing information, not

knowledge of the AdWords system.  Google noted these things not to "revel" in its witnesses'

lack of knowledge, but to demonstrate that Plaintiff's complaint rings hollow—if Plaintiff was so

concerned that these witnesses had no general knowledge of the AdWords systems, it never

should have scheduled these depositions in the first place.

Finally, while Plaintiff repeatedly insists that "good cause" exists to allow depositions in

excess of ten, it never actually explains what exactly this "good cause" is.  Opposition at 14-15.

As explained above, Plaintiff has already taken the deposition of a witness  knowledgeable in the

"design, development, and operation of Google AdWords."  Moreover, Plaintiff cannot justify

additional depositions by citing to Google's disclosures of nearly 200 witnesses in its initial

disclosures.  As explained in Google's opening brief, nearly all of these witnesses were

designated as having knowledge of the prior art, and Plaintiff does not now seek the depositions

of these witnesses.  For all these reasons, then, Google respectfully requests that this Court enter

a protective order barring Plaintiff from taking any depositions beyond the ten permitted by Rule

30(a)(2)(A).[8]

---

[8]   It bears noting that Plaintiff current request for additional depositions is entirely different from
the depositions it requested before Google filed its motion.  Plaintiff now claims that it only
seeks the following additional depositions: 1) a witness with personal knowledge of how the
AdWords auction works; 2) each of Google's four expert witnesses; and 3) a 30(b)(6) deposition
of defendant AOL.  Opposition at 15.  Prior to the filing of this motion, however, Plaintiff
improperly sought the depositions of five additional Google fact witnesses in violation of Rule
30(a)(2)(A).  Motion at 11.  Moreover, on July 3, Plaintiff removed the depositions of seven
Google witnesses from the calendar until the Court rules on Plaintiff's request.  (Bennett Dec.
Ex. 2.)  Two of these depositions had been scheduled based on the parties' agreement, and
Google had already invested time planning and preparing for these depositions in reliance on the
(footnote continued)

## IV. CONCLUSION

For the aforementioned reasons, Google respectfully requests that the Court grant a protective order barring Plaintiff's 30(b)(6) Notice and barring Plaintiff's deposition notices beyond the 10-deposition rule.  Google also seeks all costs and relief afforded under Federal Rule of Civil Procedure 37.

Dated:  July 14, 2008

Respectfully submitted,

/s/
Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

_____

parties' agreement.  The ten-deposition limit provided by Rule 30(a)(2)(A) is not new, and Google had repeatedly informed Plaintiff of its applicability to this case.  It was therefore improper for Plaintiff to cancel these depositions at the last minute without a valid reason and without respect for the witnesses and attorneys who had set aside time for these deposition.

Thomas D. Pease, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
thomaspease@quinnemanuel.com

*Counsel for Defendant Google Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff Bid for Position, LLC**
Craig T. Merritt (VSB No. 20281)
R. Braxton Hill, IV (VSB No. 41539)
Nichole Buck Vanderslice (VSB No. 42637)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
bhill@cblaw.com
nvanderslice@cblaw.com

Gregory S. Dovel, *pro hac vice*
Christin K. Cho, *pro hac vice*
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069
greg@dovellaw.com
christin@dovellaw.com

David E. Rosen, *pro hac vice*
MURPHY ROSEN & MEYLAN, LLP
100 Wilshire Blvd., Suite 1300
Santa Monica, CA 90401
Telephone: (310) 899-3300
Facsimile: (310) 399-7201
drosen@mrmlawyers.com

**<u>Counsel for Defendant AOL LLC</u>**
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  (757) 624-3000
Facsimile:   (757) 624-3169
senoona@kaufcan.com

John M. Williamson, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
901 New York Avenue, NW, Suite 700
Washington, DC  20001
Telephone:  (202) 408-4000
Facsimile:   (202) 408-4400
john.williamson@finnegan.com

Robert L. Burns, II, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190
Telephone:  (571) 203-2700
Facsimile:   (202) 408-4400
robert.burns@finnegan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone:  (415) 875-6600
Facsimile:   (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

Thomas D. Pease, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone:  (212) 849-7000
Facsimile:   (212) 849-7100

thomaspease@quinnemanuel.com


**Counsel for Defendant Microsoft Corporation**
William D. Dolan, III (VSB No. 12455)
Michael W. Robinson (VSB No. 26522)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, VA 22182
Telephone: (703) 760-1684
Facsimile: (703) 821-8949
wddolan@venable.com
mwrobinson@venable.com

Richard A. Cederoth, *pro hac vice*
Laura L. Kolb, *pro hac vice*
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
rcederoth@sidley.com
lkolb@sidley.com


**Counsel for Defendant MIVA, Inc.**
Dana J. Finberg (VSB No. 34977)
LECLAIR RYAN, PC
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, VA 23219
Telephone: (804) 916-7109
Facsimile: (804) 916-7219
dana.finberg@leclairryan.com

Paul D. Ackerman, *pro hac vice*
Aasheesh Shravah, *pro hac vice*
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
ackerman.paul@dorsey.com
shravah.aasheesh@dorsey.com


/s/ _____

Stephen E. Noona
VSB No. 25367
*Counsel for Defendant Google Inc.*
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com