# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

BID FOR POSITION, LLC,

       Plaintiff,

  v.

AOL, LLC and GOOGLE INC.,

       Defendants.

CASE NO. 2:07-cv-582 JBF/TEM

**Jury Trial Demanded**

**DEFENDANTS GOOGLE AND AOL'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE:
ANTICIPATION (35 U.S.C. § 102)**

Dockets.Justia.com

# TABLE OF CONTENTS

**Page**

I.      SUMMARY OF ARGUMENTS ...................................................................................1

II.     DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF
        "UNDISPUTED FACTS" AND STATEMENT OF FACTS IN DISPUTE......................3

III.    DEFENDANTS' RESPONSIVE STATEMENT OF MATERIAL FACTS......................6

IV.     LEGAL STANDARD...............................................................................................7

V.      ARGUMENT............................................................................................................7

        A.      Plaintiff's Statement of Undisputed Facts in its Motion for Summary
                Judgment Is Improper and Warrants Denial of Plaintiff's Motion .........................7

        B.      Plaintiff Fails to Undertake a Proper Anticipation Analysis. ...................................9

        C.      Defendants Do Not Assert that the '151 Patent Is Anticipated by the
                Davis, Fisher, Ausubel, and Ad Auction References.............................................10

        D.      There Is at Least an Issue of Fact as to Whether Semret Anticipates the
                '151 Patent Under Plaintiff's Improper Interpretation...........................................10

                1.      The Elements of "Information for Selecting One of the Two or
                        More Positions of Priority that the First Bidder Wants to Maintain
                        in the Auction," and "Selected Positions of Priority" as Interpreted
                        by Plaintiff Are Present in Semret. ...........................................................11

                2.      Plaintiffs' Asserted Missing Elements in Semret Are Without
                        Merit.......................................................................................................13

                        (a)     Semret Discloses Awarding Priority Based on Bid
                                Amounts and, under Plaintiff's Interpretation, Checking
                                Bids (Claims 1[c] and 11[b]) .......................................................13

                        (b)     The Element of "Two or More Positions of Priority" Is
                                Present in Semret. ........................................................................15

                3.      Semret Discloses the Remaining Elements of the Independent
                        Claims and Dependant Claims 2-3 and 12-13 under Plaintiff's
                        Interpretation..........................................................................................15

                        (a)     The Element of "Checking for if a Second Bidder Holds the
                                Selected Position of Priority," as Interpreted by Plaintiff, is
                                Present in Semret (Claims 1[b], 11[b]).........................................16

  (b)  Under Plaintiff's Interpretation, Semret Meets Elements
     1(d) and 11(b) .................................................................7

  (c)  Under Plaintiff's Interpretation, Semret Meets Claim
     Elements 1(e, f), 11 (d, e) ..........................................17

  (d)  Under Plaintiff's Interpretation, Semret Discloses
     Dependant Claims 2-3 and 12-13 of the '151 Patent....................17

CONCLUSION.............................................................................18

## TABLE OF AUTHORITIES

### Cases

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986)................................................................7

Brown v. 3M,
  265 F.3d 1349 (Fed. Cir. 2001)................................................11

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986)................................................................7

Clark v. St. Louis Pub. Schs.,
  No. 4:05CV1299SNL, 2006 WL 208600 (E.D. Mo. Jan. 25, 2006) ....................8, 9

Grayzel v. St. Jude Med., Inc.,
  345 F. Supp. 2d 466 (D.N.J. 2004) ..........................................11

Imatec, Ltd. v. Apple Comp., Inc.,
  81 F. Supp. 2d 471 (S.D.N.Y. 2000)........................................11

IPXL Holdings, L.L.C. v. Amazon.com, Inc.,
  333 F. Supp. 2d 513 (E.D. Va. 2004) ........................................9

Power Mosfet Techs., L.L.C. v. Siemens AG,
  378 F.3d 1396, 1406 (Fed. Cir. 2004)........................................9

Roche v. Lincoln Prop. Co.,
  No. Civ. A. 02-1390-A, 2003 WL 22002716 (E.D. Va. July 25, 2003)................8, 9

Schering Corp. v. Geneva Pharms.,
  339 F.3d 1373 (Fed. Cir. 2003)................................................8

### Statutes

35 U.S.C. § 102................................................................1, 2, 9, 10

35 U.S.C. § 103................................................................2, 10

Fed. R. Civ. P. 56................................................................1

Fed. R. Civ. P. 56(c)................................................................7

Civil Local Rule 56(B)................................................................1, 3, 7, 8

# NOTE ON CITATIONS

The patent-in-suit, U.S. Patent No. 7,225,151 ("the '151 patent"), is attached to the Declaration of David E. Rosen in Support of Plaintiff Bid for Position, LLC's Motion for Partial Summary Judgment re: Anticipation (35 U.S.C. § 102) (Dkt. 141) ("Rosen Decl.") as Exhibit 1. U.S. Patent No. 7,177,832 ("Semret") is attached to the Rosen Decl. as Exhibit 5. References to the patents are indicated by column and line number, or by claim number. A reference to "3:15" means column 3, line 15.

The Expert Report of Dr. David C. Parkes Regarding Invalidity of U.S. Patent No. 7,225,151 dated June 10, 2008, and the supporting claim charts attached as Exhibits 5-12 thereto are attached to the Declaration of Katherine H. Bennett in Support of Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment re: Anticipation (35 U.S.C. § 102) ("Bennett Decl.") as Exhibit 1. Citations to the report are listed as "Parkes Invalidity Report."

The Initial Expert Report by Don Turnbull, PhD on Infringement of U.S. Patent No. 6,225,151 dated June 10, 2008 is attached to the Declaration of Emily C. O'Brien in Support of Defendants Google and AOL's Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,225,151 (Dkt. 155) ("O'Brien Decl.) as Exhibit 4. Citations to the report are listed as "Turnbull Infringement Report."

The Expert Report by Don Turnbull, PhD in Reply to the Invalidity Report of Dr. David C. Parkes dated July 9, 1008 is attached to the O'Brien Decl. as Exhibit 5. Citations to the report are listed as "Turnbull Invalidity Report."

Defendants Google, Inc. and AOL, LLC (collectively, "Defendants"), through counsel pursuant to Fed. R. Civ. P. 56 and Local Rules 7(f) and 56, submit this Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment Re: Anticipation, together with the Declaration of Katherine H. Bennett ("Bennett Decl.") sworn to on July 28, 2008.

## I. <u>SUMMARY OF ARGUMENTS</u>

Plaintiff's motion for partial summary judgment regarding the anticipation of Plaintiff's asserted '151 patent, which claims a bid management system that allows a bidder to choose one of the two or more positions of priority in an auction, should be denied for several reasons.

First, Plaintiff's Statement of Undisputed Facts is insufficient under Local Rule 56(B). Local Rule 56(B) requires that a motion for summary judgment must list and cite to support in the record for all material facts the moving party contends are undisputed. In an effort to avoid adopting any specific positions regarding the prior art of the '151 patent, Plaintiff's list is largely comprised of conclusions. But these conclusions do not express the facts that are supposedly undisputed. Indeed, Plaintiff's brief discusses many factual issues beyond its sparse statement. Plaintiff's statement of undisputed "facts" is thus insufficient to support its motion for summary judgment and its motion should be denied on this basis alone.

Second, Plaintiff's motion fails to undertake a proper anticipation analysis. Any anticipation analysis under 35 U.S.C. § 102 must begin with a construction of the patent claims in order to determine their meaning. But Plaintiff ignores claim construction entirely. Plaintiff makes its arguments without reference to the parties' dispute over the proper construction of the claims or taking any explicit position regarding what construction Plaintiff is applying. Indeed, the same day Plaintiff moved for summary judgment, the Court rendered its Claim Construction Order. Yet, despite the fact that the Order explicitly precludes some of Plaintiff's arguments,

Plaintiff did not seek to withdraw or amend its motion to account for the Court's rulings. For this reason as well, Plaintiff's motion should be denied.

Further, Plaintiff seeks summary judgment that the claims of the '151 patent are not anticipated by U.S. Patent No. 6,269,361 ("Davis"); U.S. Patent Nos. 5,835,896 and 6,243,691 (collectively "Fisher"); U.S. Patent No. 5,905,975 ("Ausubel"); and AdAuction.com. But Defendants do not assert that these references anticipate the '151 patent under 35 U.S.C. § 102. Rather, Defendants rely on these references as invalidating the '151 patent as obvious under 35 U.S.C. § 103. Thus, Plaintiff's motion raises a red herring as to these references.

Plaintiff also seeks summary judgment that U.S. Patent No. 7,177,832 ("Semret") does not anticipate the '151 patent. Semret discloses a second price auction in which the prices paid for the resources sold are based on the bids of other bidders. There is no dispute that Semret is prior art to the '151 patent. Defendants have asserted Semret anticipates the '151 patent, but only under Plaintiff's interpretation of the claims of the '151 patent. Since the Court has largely rejected Plaintiff's constructions, including through its constructions that the claims require "information entered by the bidder that indicates the bidder's choice of one of the two or more positions of priority in the auction ad" and a "specific position chosen by the bidder," Semret does not anticipate the '151 patent. This is because Semret does not allow bidders to indicate a choice of position in an auction, whereas the Court has already ruled that the '151 patent requires a bidder to make a choice of what position they will receive in the auction. However, it appears that Plaintiff Bid for Position will still attempt to argue that the '151 patent does not require an actual choice of position by the bidder. (*See* Dkt. 152 at 17-18; O'Brien Decl., Ex. 4 (Turnbull Infringement Report) at 13-14.) Despite the Court's construction to the contrary, Plaintiff still

argues that a bidder need not choose a position. Under Plaintiff's broader interpretation of its claims, Semret would anticipate these and the remaining limitations of the '151 patent.

Accordingly, Plaintiff's motion should be denied.

## II. DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF "UNDISPUTED FACTS" AND STATEMENT OF FACTS IN DISPUTE

Pursuant to Local Rule 56(B), Defendants hereby respond to Plaintiff's statement of "Undisputed Facts." In this instance, Plaintiff has provided twelve paragraphs of "facts" allegedly not in dispute. (*See* Plf.'s Mem. at 5-6.) Defendants respond to Plaintiff's statement as follows:

1.     "U.S. Patent No. 7,225,151 was issued to Konia on May 29, 2007 based on an application filed on January 27, 2000. ("the Konia patent")."

**Response:** Defendants do not dispute this information.

2.     "U.S. Patent No. 6,269,361 was issued to Davis, et al. on July 3, 2001 ("Davis")."

**Response:** Defendants do not dispute this information and ask that it be deemed admitted.

3.     "U.S. Patent No. 5,835,896 was issued to Fisher, et al. on November 10, 1998 and U.S. Patent No. 6,243,691 was issued to Fisher, et al. on June 5, 2001 (collectively, "Fisher")."

**Response:** Defendants do not dispute this information and ask that it be deemed admitted.

4.     "U.S. Patent No. 7,177,832 was issued to Semret, et al. on February 13, 2007 ("Semret")."

**Response:** Defendants do not dispute this information and ask that it be deemed admitted.

5. "U.S. Patent No. 5,905,975 was issued to Ausubel on May 18, 1999 ("Ausubel")."

**Response:** Defendants do not dispute this information and ask that it be deemed admitted.

6. "Defendants contend that Adauction.com was founded in February 1998 and operated an online marketplace ("Ad Auction")."

**Response:** Defendants do not dispute that Ad Auction was founded in February 1998 and operated an online marketplace and ask that this fact be deemed admitted.

7. "Davis does not disclose every limitation of the asserted claims of the '151 patent."

**Response:** This is a conclusion, not a fact. In any event, Defendants do not dispute that, under the Court's Claim Construction Order, Davis does not disclose every limitation of the claims of the '151 patent. Nor do Defendants assert that Davis anticipates the '151 patent.

8. "Fisher does not disclose every limitation of the asserted claims of the '151 patent."

**Response:** This is a conclusion, not a fact. In any event, Defendants do not dispute that, under the Court's Claim Construction Order, Fisher does not provide every limitation of the asserted claims of the '151 patent. Nor do Defendants assert Fisher anticipates the '151 patent.

9. "Semret does not disclose every limitation of the asserted claims of the '151 patent."

**Response:** This is a conclusion, not a fact. In any event, Defendants do not dispute that, under the Court's Claim Construction Order, Semret does not meet every limitation of the asserted claims of the '151 patent. However, Semret meets all the limitations of the asserted claims of '151 patent (except dependant claims 4 and 14) under Plaintiff's apparent infringement theory contrary to the Court's construction. (Rosen Dec., Ex. 5 (Semret).)

10. "Ausubel does not disclose every limitation of the asserted claims of the '151 patent."

**Response:** This is a conclusion, not a fact. In any event, Defendants do not dispute that, under the Court's Claim Construction Order, Ausubel fails to provide every limitation of the asserted claims of the '151 patent. Nor do Defendants assert Ausubel anticipates the '151 patent.[1]

11. "Ad Auction does not disclose every limitation of the asserted claims of the '151 patent."

**Response:** This is a conclusion, not a fact. In any event, Defendants do not dispute that, under the Court's Claim Construction Order, Ad Auction does not provide every limitation of the asserted claims of the '151 patent. Nor do Defendants assert Ad Auction anticipates the '151 patent.

12. "No other prior art discloses every limitation of the asserted claims of the '151 patent."

---

[1] While the Ausubel claim chart at Exhibit 10 to the Rosen Declaration (Exhibit 8 to the Parkes Invalidity Report) and AdAuction claim chart at Exhibit 11 of the Rosen Declaration (Exhibit 11 to the Parkes Invalidity Report) are titled "'151 Invalidity Chart as Anticipated by [Reference]," that is an error. Pages 68-69, 71, and 82 of the Parkes Invalidity Report, as well as the charts themselves each note missing elements in these references, making clear that Defendants do not assert anticipation as to them. Defendants attach the entire Parkes Invalidity Report and claim (footnote continued)

**Response:** Plaintiff provides no evidence in support of this broad assertion. In any event, Defendants do not presently assert any other individual reference discloses every limitation of the asserted claims of the '151 patent.

## III.  DEFENDANTS' RESPONSIVE STATEMENT OF MATERIAL FACTS

Rule 56 also requires Defendants to provide "a specifically captioned section listing all material facts as to which it is contended there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute." Defendants provide the following statement:[2]

### U.S. Patent No. 7,177,832 ("Semret")

1. U.S. Patent No. 7,177,832 ("Semret") was issued on February 13, 2007, based on an application filed on March 23, 1999.

2. Semret describes an electronic "second-price" auction for resources like Internet bandwidth. (Rosen Decl., Ex. 5 (Semret) at Abstract.) The bidders in Semret submit bids specifying the quantity of the resource they desire and the amount that they are willing to pay for the resource. (*Id.* at 4:49-67.)

2. Semret allocates resources to bidders in order of decreasing bids until it exhausts the resource. (*Id.* at 5:50-6:5.) Bidders do not pay the price that they submitted as their bid. (*Id.* at 6:37-46.) Rather, the auction computes prices based on the bids of other bidders. (*Id.* at 6:57-60.) The payment collected from a bidder in Semret will therefore change over time depending on the bids by other bidders. (*See id.*)

---

charts to the Bennett Declaration as Plaintiff only attached portions of the report to the Rosen Declaration.
[2]  Defendants only address Semret as it is the only reference Defendants assert (under Plaintiff's interpretation) anticipates the '151 patent.

3.     Semret also discloses "[a] software agent [that] can be programmed to automatically bid according to the user's needs and the market as represented by the other users' bids." (*Id.* at 4:67-5:2.)

## IV.    **LEGAL STANDARD**

Under Rule 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-52 (1986). Summary judgment is inappropriate where, as here, the non-moving party presents evidence demonstrating the existence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 247-48.

## V.    **ARGUMENT**

### A.    Plaintiff's Statement of Undisputed Facts in its Motion for Summary Judgment Is Improper and Warrants Denial of Plaintiff's Motion.

Local Rule 56(B) provides that a motion for summary judgment must include "a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed." Civil Local Rule 56(B). Plaintiff's statement of undisputed facts (Plf's Mem. at 5-6), fails to set forth the undisputed facts and evidence on which Plaintiff's motion relies. Indeed, Plaintiff's entire motion is reduced to just 12 allegedly undisputed "facts." *Id.*

While Plaintiff alleges that Defendants' prior art references fail to anticipate the claims of the '151 patent and discusses the disclosures of these references in its arguments, Plaintiff

provides no description of them in its statement of facts. For example, one allegedly undisputed "fact" is stated as "Semret does not disclose every limitation of the asserted claims of the '151 patent." (*Id.* at 6.) As support for this "fact," Plaintiff merely points to 3 exhibits to the Declaration of David Rosen without any identification or explanation of the "facts" in the attached documents of Plaintiff that support this conclusion. Similarly, Plaintiff alleges that the Davis, Fisher, Ausubel, and Ad Auction references do not disclose every limitation of the asserted claims of the '151 patent, but identifies no "facts" in its attached documents that support these conclusions. Indeed, Plaintiff does not even include the discussion of its own patent as part of its Statement of Undisputed Facts. (*Id.* at 2-6.)

Failure to comply with Local Rule 56(B) is reason alone to deny a motion for summary judgment. *Roche v. Lincoln Prop. Co.*, No. Civ. A. 02-1390-A, 2003 WL 22002716, *9 (E.D. Va. July 25, 2003) (denying Plaintiff's motion for summary judgment for failure to comply with Local Rule 56(B)) (reversed on other grounds). Where a party provides only conclusions and not undisputed facts, denial of summary judgment is appropriate. *Clark v. St. Louis Pub. Schs.*, No. 4:05CV1299SNL, 2006 WL 208600, *1 (E.D. Mo. Jan. 25, 2006) (denying party's motion for summary judgment where uncontroverted material facts "are not statements or facts but rather personal opinion statements, legal conclusions, and speculations").

The reason Plaintiff has provided such an incomplete statement of undisputed facts is clear: by doing so, Plaintiff hopes to avoid adopting any specific positions regarding the prior art to the '151 patent. Instead, by stating its positions of "facts" in an intentionally vague manner, Plaintiff hopes to avoid contradicting its own arguments made elsewhere in this case or that it may want to make in the future. But Local Rule 56(B) is clear. It requires a statement which sets forth every fact upon which Plaintiff relies. Because Plaintiff has failed to provide the

required statement of undisputed facts, its motion for summary judgment should be denied. *Roche*, 2003 WL 22002716 at \*9; *Clark*, 2006 WL 208600 at \*1.

B. <u>Plaintiff Fails to Undertake a Proper Anticipation Analysis.</u>

A claim is anticipated and therefore invalid if each and every limitation is found either expressly or inherently in a single prior art reference. 35 U.S.C. § 102(a); *Schering Corp. v. Geneva Pharms.*, 339 F.3d 1373, 1379 (Fed. Cir. 2003). The first step in the anticipation analysis is to determine the meaning of the claims in light of the specification and the prosecution history. *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1406 (Fed. Cir. 2004). Indeed, "a proper claim construction stands as a prerequisite to . . . an invalidity analysis based upon a theory of anticipation." *IPXL Holdings, L.L.C. v. Amazon.Com, Inc.*, 333 F. Supp. 2d 513 (E.D. Va. 2004).

In its motion, Plaintiff claims that Defendants cannot present sufficient evidence that any of their prior art references teach every limitation of the asserted claims of the '151 patent. But Plaintiff makes this assertion without first addressing the parties' dispute over the proper construction of these claims or taking any explicit position regarding what construction Plaintiff is applying. For this reason alone, Plaintiff's motion should be denied. *Power Mosfet Techs.*, 378 F.3d at 1406.

This deficiency in Plaintiff's analysis became more problematic when the Court issued its Claim Construction Order, which ruled against Plaintiff on a number of its constructions that Plaintiff seems to rely on in the instant motion. For example, Plaintiff's motion asserts that Semret does not meet claim elements 1[c] and 11[b] because it awards priority based on bid amounts, not the relative the "value" of bid. (Plf's Mem. at 12.) This argument is based on Plaintiff's proffered construction of the term "value" in the phrase "wherein the relative position of priority for providing the service for the first bidder is dependent on whether the value of the

first bid exceeds the value of the second bid" meant "relative worth, utility, or importance." But the Court held that "value" meant "amount," thus precluding Plaintiff's argument that Semret does not meet this limitation. (Dkt. 142 at 21-22.) Nevertheless, Plaintiff did not seek to withdraw or amend its summary judgment motion in any way. Because Plaintiff has failed to undertake the proper anticipation analysis, its motion should be denied.

C.    Defendants Do Not Assert that the '151 Patent Is Anticipated by the Davis, Fisher, Ausubel, and Ad Auction References.

Plaintiff seeks summary judgment that the claims of the '151 patent are anticipated by Davis, Fisher, Ausubel, and Ad Auction. (Plf's Mem. at 8-10, 12-14.) Defendants do not, however, assert these references anticipate the '151 patent under § 102. Instead, Defendants assert these references render the '151 patent obvious under 35 U.S.C. § 103. Thus, Plaintiff's motion on anticipation raises a moot issue as to these references. Although Defendants intend no admission or agreement as to each of Plaintiff's arguments regarding these references, because Defendants do not assert any of these references anticipate the '151 patent, Defendants do not address Plaintiff's arguments as to them.

D.    There Is at Least an Issue of Fact as to Whether Semret Anticipates the '151 Patent Under Plaintiff's Improper Interpretation.

Defendants previously asserted Semret anticipates the '151 patent under Plaintiff's interpretation of the '151 patent, including Plaintiff's theory that the '151 patent does not require selection of a position by the bidder. (*See* Bennett Decl., Ex. 1 (Parkes Invalidity Report) at 91-97.) The Court, however, has now found that the claims require "information entered by the bidder that indicates the bidder's choice of one of the two or more positions of priority in the auction" and a "specific position chosen by the bidder." (Dkt. 142 at 9-14.) Semret does not allow bidders to provide information indicating a choice of position in the auction, nor does it

have a specific position chosen by the bidder. Thus, under a proper application of the Court's constructions, Semret cannot anticipate.

It appears, however, that Plaintiff will still attempt to argue that under the Court's construction, the "information entered by the bidder that indicates the bidder's choice of one of the two or more positions of priority in the auction" and "specific position chosen by the bidder" may be met by merely participating in an auction. (*See* O'Brien Decl., Ex. 4 (Turnbull Infringement Report) at 10, 14.) It is well settled that, "[t]hat which infringes if later anticipates if earlier." *Brown v. 3M*, 265 F.3d 1349, 1352 (Fed. Cir. 2001); *Grayzel v. St. Jude Med., Inc.*, 345 F. Supp. 2d 466, 478 (D.N.J. 2004). *C.f. Imatec, Ltd. v. Apple Comp., Inc.*, 81 F. Supp. 2d 471, 489-90 (S.D.N.Y. 2000) ("In light of the prior art, an interpretation [] that was so expansive as to include [the accused technology] would violate the principle that patents are to be construed, if possible, in a way that sustains their validity. Thus, the undisputed facts make clear that no reasonable fact-finder could find either literal infringement or infringement by equivalence.") (internal citations omitted). As detailed below, Defendants disagree with Plaintiff's improper application of the '151 patent which should be rejected. However, should Plaintiff be permitted to pursue its flawed interpretations, Semret would anticipate the claims of the '151 patent as interpreted by Plaintiff.

      1.    <u>The Elements of "Information for Selecting One of the Two or More Positions of Priority that the First Bidder Wants to Maintain in the Auction," and "Selected Positions of Priority" as Interpreted by Plaintiff Are Present in Semret (Claims 1[a], 11[a]).</u>

Both independent claims of the '151 patent (claims 1 and 11) require that the bidder enter "bid management data." In claim 1, the "received bid management data" includes "information for selecting one of the two or more positions of priority that the first bidder wishes to maintain in the auction." (Rosen Decl., Ex. 1 ('151 Patent) at 14:9-12.) In claim 11, "the received bid

management data" includes the "selected one of the two or more positions of priority that the first bidder wishes to maintain in the auction." (*Id.* at 15:11-14.) Claims 1 and 11 refer back to the position of priority chosen by the bidder by use of the phrase "selected position of priority." (Dkt. 142 at 12.) The Court found that "selected position of priority" means "the specific position chosen by the bidder." (*Id.* at 14.) As the Court explained, "the bidder provides the bid management data that includes the bidder's selection as to 'one of the two or more positions of priority that the bidder wishes to maintain in the auction,' and the system then manages the bidding with those parameters in mind." (*Id.* at 13.)

This Court's Claim Construction Order has now rejected Plaintiff's main infringement theory that allowed for the system, rather than the bidder, to select the position of priority. (*Id.* at 11-12.) Although far from clear, it seems that Plaintiff will argue, given the Court's construction, that the advertiser's bid, ad text and web site address it submits to AdWords is the "information entered by the bidder that indicates the bidder's choice of one of the two or more positions of priority in the auction." (*See* O'Brien Decl., Ex. 4 (Turnbull Infringement Report) at 10, 14.) But this information does not include anything that "indicates the bidder's choice of one of the two or more positions of priority in the auction." Nor does it indicate "the specific position of priority chosen by the bidder" as required by the selected position of priority limitations. In other words, as none of these inputs provide any indication of a bidder's "choice," it seems that Plaintiff asserts that simply entering a multi-position auction is sufficient to "indicate the bidder's choice of one of the two or more positions of priority in the auction" or to provide a "specific position chosen by the bidder."

Defendants dispute this theory. (*See* Dkt. 152 at 18.) However, if merely participating in an auction with positions of priority is enough to indicate a choice of position as Plaintiff asserts,

Semret contains these limitations as interpreted by Plaintiff. (Bennett Decl., Ex. 1 (Parkes Invalidity Report) at 91-94.) Indeed, any auction with positions of priority would meet this requirement. Notably, Plaintiff does not argue that Semret fails to disclose this limitation as interpreted by Plaintiff.

2. Plaintiffs' Asserted Missing Elements in Semret Are Without Merit.

    (a) Semret Discloses Awarding priority Based on Bid Amounts and, under Plaintiff's Interpretation, Checking Bids (Claim 1[c] and 11[b]).

Plaintiff's analysis is flawed in several respects as to elements 1[c] and 11[b]. First, Plaintiff argues that "element [c] of claim 1 and element [b] of claim 11 of the Konia patent provide for checking for whether a first bid exceeds a second bid 'wherein the relative position of priority for providing the service for the first bidder is dependent on whether the value of the first bid exceeds the value of the second bid.'" (Plf's Mem. at 12.) Plaintiff, however, seems to be conflating two separate limitations in elements 1[c] and 11[b].

These elements both limit the '151 Patent to use with auctions "wherein the relative position of priority for providing the service for the first bidder is dependent on whether the value of the first bid exceeds the value of the second bid, and wherein the relative position of priority for providing the service for the second bidder is dependent on whether the value of the second bid exceeds the value of the first bid." (Rosen Decl. Ex. 1 ('151 Patent) at 14:19-25, 15:22-28.) The Court has construed this phrase to mean "where the bidder that bids the greater amount always gets priority over the bidder that bids the lower amount," consistent with Defendants' proposed construction. (Dkt. 142 at 23-24.) These elements also separately require "checking for whether a first bid from the first bidder exceeds a second bid from the second bidder." (Rosen Decl., Ex. 1 ('151 Patent) at 14:15-16, 15:17-19.) The Court construed this separate limitation to mean "comparing and ascertaining whether a bid entered by the first bidder

is greater than the bid entered by the second bidder." Dkt. 142 at 16. It is unclear which of these separate limitations Plaintiff seeks to address in its argument.

Plaintiff appears to argue that Semret does not meet the "wherein" clause because it assigns priority based on bid amounts. (Plf's Mem. at 12.) But the Court found that the value of the bid for this element *is* the bid amount, not as Plaintiff asserted some sort of "relative worth, utility, or importance." (Dkt. 142 at 20-22.) Thus, Plaintiff's argument actually establishes this limitation is met in Semret.

To the extent Plaintiff's argument is based on the "checking" limitation in 1[c] and 11[b], Plaintiff mischaracterizes this limitation. Plaintiff suggests that under this limitation "whether one bid exceeds another should be determined based on a comparison of the value of one bid to the value of another bid, rather than the amount of the bids." (Plf's Memo at 12.) But the construction of the "checking" element requires "comparing and ascertaining whether *the bid* entered by the first bidder is greater than *the bid* entered by the second bidder." (Dkt. 142 at 14-16.) It does not provide for the comparison of some relative "value" associated with a bid as Plaintiff seems to suggest. In any event, the Court has already rejected Plaintiff's "relative worth" theory of the '151 patent. (*Id.*. at 22.)

Defendants, however, assert that this checking element is met under Plaintiff's incorrect interpretation of the patent. Plaintiff appears to assert that the "checking" element may be met when an auction system (as opposed to the proxy bidding system actually claimed in the '151 patent) determines priority in an auction. (O'Brien Decl., Ex. 4 (Turnbull Infringement Report) at 23-25, 53; Bennett Decl., Ex. 1 (Parkes Invalidity Report) at 95.) If that is true, then this limitation is met by the several references in Semret to the auction comparing bid amounts

Plaintiff points to in its brief.  (Rosen Decl., Ex. 5 (Semret) at 2:62-65, 2:39-42, 4:27-30, 5:32-39, 5:44-50.)

        (b)      <u>The Element of "Two or More Positions of Priority" Is Present in Semret.</u>

Plaintiff concludes that that the "two or more positions of priority" limitation of the '151 patent is not met because Semret discloses an auction for a divisible resource.  (Plf's Mem. at 10-11.)  Notably, Plaintiff cites to no evidence, expert or otherwise, to support this argument.  It just concludes that there can only be one position because divisible resources can be divided into increments of equal value.  (*Id.*)  But Plaintiff does not explain why this means this element is not met.  It does not.  Instead, as Semret notes, "[w]ith many bidders in an auction, most players will receive a part of the resource commensurate with their valuation of the resource being auctioned."  (Rosen Decl., Ex. 5 (Semret) at 4:8-11.)  The resource is first allocated to the highest bidder.  If the supply is not fully exhausted, the bidder with the next highest bid is allocated the lesser of his demand or the remaining supply.  This process continues until the supply is fully exhausted.  (*Id.*, Fig. 1, 5:50-6:5; 6:33-34.)  In other words, the highest-rank bidder gets the highest position of priority as to that resource, the second highest-rank bidder gets the second-highest position of priority as to that resource, and so on.  Thus, there are multiple positions of priority.

        3.      <u>Semret Discloses the Remaining Elements of the Independent Claims and Dependant Claims 2-3 and 12-13 under Plaintiff's Interpretation.</u>

Plaintiff also states that "Semret does not identically set forth all of elements [b] and [d] through [f] of claim 1 or all of elements [c] through [e] of claim 11, or the additional elements of the dependent claims of the '151 patent."  (Plf's Memo at 12.)  Plaintiff provides no facts in support of these assertions.  (*Id.*)  Thus, it is unclear just what Plaintiff contends is missing in Semret.  In any event, as interpreted by Plaintiff, these elements are met.

(a)    The Element of "Checking for if a Second Bidder Holds the Selected Position of Priority," as Interpreted by Plaintiff, Is Present in Semret (Claims 1[b], 11[b]).

Plaintiff asserts this element can be met by simply determining priority in a multi-position auction. (See O'Brien Decl., Ex. 5 (Turnbull Invalidity Report) at 19, 53 (asserting that this element is met in AdWords because an auction system can assign a bidder to a given position of priority only if it has first checked whether another bidder holds that position of priority).) Like the checking element of claim 1[c] discussed above, Plaintiff essentially asserts that *any* multi-position auction that sets priority meets this "checking" element. Thus, under Plaintiff's interpretation, Semret, which does have multiple positions of priority that the auction must assign, meets this limitation.

(b)    Under Plaintiff's Interpretation, Semret Meets Elements 1(d) and 11(b).

Elements 1(d) and 11(b) require "according to the bid management data received from the first bidder, automatically incrementing the first bid to a value exceeding the second bid if the first bid does not exceed the second bid to thereby maintain the selected position of priority for providing the service for the first bidder." (Rosen Decl., Ex. 1 ('151 Patent) at 14:26-31, 15:28-34.) Plaintiff contends this limitation is met through an auction assigning prices in separate iterations of an auction if the price is set higher than in a previous auction. (*See* O'Brien Decl., Ex. 4 (Turnbull Infringement Report) at 33-38, 53 (asserting this limitation is met because AdWords may calculate an advertiser's cost per click in an auction that is higher than the cost per click calculated by AdWords in a previous auction).) While Defendants do not agree setting the price in an auction can meet this limitation which requires increasing a *bid*, under Plaintiff's interpretation, Semret meets this limitation. The automated pricing scheme outlined in Semret will result in a calculated payment that may be higher from one auction to the next. (Rosen

Decl., Ex. 5 ('151 Patent) at Fig. 1, 6:47-60.) Thus, under Plaintiff's interpretation, Semret

meets this limitation of the '151 patent.

      (c)      Under Plaintiff's Interpretation, Semret Meets Claim Elements 1[e, f], 11 [d, e].

Elements 1 (e) and 11(d) require "checking for whether the first bid is higher than needed

to maintain the selected position of priority that the first bidder wishes to maintain in the

auction." (Rosen Decl., Ex. 1 ('151 Patent) at 14:32-34, 15:37-40.) Elements 1(f) and 11(e)

disclose "if the first bid is higher than needed to maintain the selected position of priority that the

first bidder wishes to maintain in the auction, automatically reducing the first bid to a minimum

which allows the bidder to keep the selected position of priority." (*Id.* at 14:35-39, 15:43-45.)

Plaintiff contends that these elements are met through an auction setting a price that is lower than

the amount bid. (*See* O'Brien Decl., Ex. 4 (Turnbull Infringement Report) at 38-45, 54-55)

(asserting these limitations are met because AdWords calculates an advertiser's cost-per-click

based on the Ad Rank of another advertiser, which may result in a cost-per-click that is lower

than the advertiser's bid).) Again, Defendants do not that agree setting the price in an auction

can meet this limitation, which requires decreasing a *bid*. But under Plaintiff's interpretation,

Semret meets this limitation. The price determined by the auction Semret is also generally lower

than the amount bid, as it is set based on the bid of the lower ranked bidder. (*See* Rosen Decl.,

Ex. 1 ('151 Patent) at 6:47-60.) Thus, under Plaintiff's interpretation, Semret meets this element

of the '151 patent.

      (d)      Under Plaintiff's Interpretation, Semret Discloses Dependent Claims 2-3 and 12-13 of the '151 Patent.

Dependent claims 2 and 12 disclose the element of "checking and incrementing a

plurality of times." (Rosen Decl., Ex. 1 ('151 Patent) at 14:40-41, 15:46-48.) Dependent claim

23 provides the element of "executing a plurality of times the step of automatically reducing the

first bid to a minimum which allows the bidder to keep the selected position of priority if the first bid exceeds a value needed to maintain the selected position of priority." (*Id.* at 16:37-41.) The auction in Semret is intended to be used multiple times, and thus the checking, incrementing, and reducing of bids, under Plaintiff's interpretation, would occur multiple times. (*See id.*, Ex. 5 (Semret) at 10:52-53 ) Further, dependent claims 3 and 13 disclose the element of "pausing for a fixed period of time between each series of steps of checking and incrementing." (*Id.*, Ex. 1 ('151 Patent) at 14:42-44, 16:1-3.) Plaintiff asserts this pause is met by the simple passage of time between auctions. (*See* O'Brien Decl., Ex. 4 (Turnbull Infringement Report) at 45-46.) The auction in Semret runs whenever a new bid arrives, which may occur at fixed intervals. (Rosen Decl., Ex. 5 (Semret) at 10:52-43 ("Bidders join the auction at different times and bid, for example, once per second."), 12:10-41.) Thus, under Plaintiff's interpretation, this element is present in Semret.[3]

## CONCLUSION

For the foregoing reasons, Defendants' respectfully request that the Court deny Plaintiff's motion for partial summary judgment.


Dated: July 28, 2008

<div style="margin-left:40%">

Respectfully submitted,



_____
Stephen E. Noona
VSB No. 25367
***Counsel for Defendants Google Inc. and AOL LLC***
KAUFMAN & CANOLES, P.C.

</div>

---

[3]  Dependant claims 4 and 14 further provide the element of "providing ranking of hypertext links to web pages in search results in an on-line web page search engine." (Rosen Decl., Ex. 1 ('151 Patent) at 14:45-47, 16:4-7.) Defendants do not assert that Semret anticipates these claims.

150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
***Counsel for Defendants Google Inc. and AOL LLC***
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

Thomas D. Pease, *pro hac vice*
***Counsel for Defendants Google Inc. and AOL LLC***
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
thomaspease@quinnemanuel.com

John M. Williamson, *pro hac vice*
***Counsel for Defendant AOL LLC***
FINNEGAN HENDERSON FARABOW GARRETT &
  DUNNER LLP
901 New York Avenue, NW, Suite 700
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
john.williamson@finnegan.com

Robert L. Burns, II, *pro hac vice*
***Counsel for Defendant AOL LLC***
FINNEGAN HENDERSON FARABOW GARRETT &
  DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400
robert.burns@finnegan.com

20

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2008, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following:

**Counsel for Plaintiff Bid For Position, LLC**
Craig T. Merritt (VSB No. 20281)
R. Braxton Hill, IV (VSB No. 41539)
Nichole Buck Vanderslice (VSB No. 42637)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
bhill@cblaw.com
nvanderslice@cblaw.com

Gregory S. Dovel, *pro hac vice*
Christin K. Cho, *pro hac vice*
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069
greg@dovellaw.com
christin@dovellaw.com

David E. Rosen, *pro hac vice*
MURPHY ROSEN & MEYLAN, LLP
100 Wilshire Blvd., Suite 1300
Santa Monica, CA 90401
Telephone: (310) 899-3300
Facsimile: (310) 399-7201
drosen@mrmlawyers.com

/s/
Stephen E. Noona
VSB No. 25367
*Counsel for Defendants Google Inc. and AOL LLC*
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com