## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

**BID FOR POSITION, LLC,**

              **Plaintiff,**                              **CASE NO.  2:07-cv-582 JBF/TEM**

       **v.**

**AOL, LLC, GOOGLE, INC.,**
**MICROSOFT CORP., and MIVA, INC.,**

         **Defendants.**

**<u>Plaintiff Bid For Position, LLC's Reply Brief in Support of Motion for Partial</u>**
**<u>Summary Judgment re: Anticipation (35 U.S.C. §102)</u>**

Dockets.Justia.com

## I.    Introduction.

Defendants concede that the asserted claims of the Konia patent are not anticipated by Davis, Fisher, Ausubel, or Ad Auction.  Defendants further concede that, other than possibly Semret, the asserted claims are not anticipated by any other prior art references.

With regard to Semret, Defendants cannot establish that there exists a genuine issue of material fact as to whether Semret discloses each element of the asserted claims of the Konia patent.

*First*, though it is the dispositive question in deciding an anticipation motion, Defendants present no admissible evidence of whether one skilled in the art would reasonably understand that Semret teaches each element of the asserted claims.  Instead, Defendants <u>argue</u> that Semret can be read in such a way as to disclose the elements of the asserted claims.  Such argument, in the absence of supporting testimony from one skilled in the art, does not satisfy Defendants' burden of proof and requires that Plaintiff's motion be granted.

*Second*, apart from the lack of testimony of one skilled in the art, Defendants present no evidence that Semret discloses "positions of priority" or "information for selecting one of the two or more positions of priority that the first bidder wishes to maintain in the auction."  Because to defeat summary judgment Defendants must present clear and convincing evidence that each element of the asserted claims is disclosed in Semret, the absence of even one of these elements requires that Plaintiff's motion be granted.

For these reasons, Plaintiff asks this Court to issue an order establishing that Defendants' affirmative defenses and counterclaims, to the extent they rest on assertions of anticipation under Section 102, are without merit.

## II.    Defendants wholly failed to meet their burden of establishing that the asserted claims are anticipated by Semret.

Defendants were required to establish, by clear and convincing evidence, that the claims of the Konia patent are anticipated by Semret.  *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1378 (Fed. Cir. 2005) ("A patent is presumed valid.  Overcoming the presumption requires

a showing of facts proved by clear and convincing evidence. That standard of proof also applies in the summary judgment context") (internal citations omitted). To do so, Defendants were required to show "each and every limitation of the claimed invention" is found in identically in Semret. *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003).

To make this showing, Defendants were required to submit admissible evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'"). If they did not, summary judgment on Defendants' defenses and counterclaims must be granted. *Id*.

As explained below, Defendants have wholly failed to meet this burden.

### A. Defendants' failure to present evidence from one skilled in the art is fatal to their opposition.

"[T]he dispositive question regarding anticipation is whether *one skilled in the art* would reasonably understand or infer from the [prior art reference's] teaching that every claim element was disclosed in that single reference." *Dayco Prods., Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1368 (Fed. Cir. 2003) (emphasis in original; internal quotes omitted). Here, Defendants present no evidence from one skilled in the art explaining how each element of the asserted claim is disclosed in Semret.[1]

The only evidence presented by Defendants in support of their position is the Semret patent itself. Therefore, the only possible way Defendants could defeat summary judgment is if

---

[1] In several instances, Defendants cite to their experts' unsworn reports. An unsworn expert report is not evidence and may not be considered on summary judgment. *See, e.g., Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.27 (11th Cir. 2003) (unsworn expert reports "cannot be considered by a district court in ruling on a summary judgment motion") (citation omitted); *Lugue v. Hercules, Inc.*, 12 F. Supp. 2d 1351, 1258 (S.D. Ga. 1997) ("the requirements to meet Rules 56(c) and 56(e) are higher than that found in Rule 26(a)(2). Therefore, the unsworn expert reports, which may have been prepared in compliance with Rule 26(a)(2), will not be considered by the Court for purposes of summary judgment"). Moreover, as discussed below, nothing in those reports creates a factual issue sufficient to warrant denial of Plaintiff's motion.

the Semret patent, on its face, clearly and convincingly disclosed each element of the asserted claims of the Konia patent. For example, if the text of Semret used the phrase "positions of priority for providing a service," or other words that unambiguously required no interpretation, then that element would be disclosed. But Semret – on its face – does not disclose (1) an auction with two or more positions of priority, or (2) information for selecting one of the two or more positions of priority that the first bidder wishes to maintain in the auction. Instead, Defendants resort to *arguing* that the language in Semret could be construed in such a way as to possibly cover these elements of the asserted claims.

Because Semret does not contain an explicit disclosure in the language of the patent, and the Court is left having to interpret what is disclosed, evidence is required. Moreover, when language of a prior art reference must be interpreted, it must be interpreted by a witness qualified to say *how it would have been interpreted by one of ordinary skill* at the time of the invention. *Schumer v. Lab. Computer Sys.*, 308 F.3d 1304, 1316 (Fed. Cir. 2002) ("Evidence of invalidity must be clear as well as convincing. Typically, testimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element, state the witnesses' interpretation of the claim element, and explain in detail how each claim element is disclosed in the prior art reference. The testimony is insufficient if it is merely conclusory").

Under no principle of evidence would the statements of counsel in a brief qualify as such expert testimony.

Because Defendants' arguments are not supported through the sworn testimony of one skilled in the art, Defendants have failed to meet their burden of proof and Plaintiff's motion should be granted. *See, e.g., Schumer*, 308 F.3d at 1316 ("It is not our task, nor is it the task of the district court, to attempt to interpret confusing or general testimony to determine whether a case of invalidity has been made out, particularly at the summary judgment stage").[2]

---

[2]    Notably, Mr. Semret is an employee of Google. Thus, Defendants not only had access to the Semret inventor, but also presumably had access to his work product. One would assume that if Mr. Semret was in possession of information suggesting that his invention taught the various elements of the asserted claims, such information would have been presented in Defendants' opposition.

**B.** **Defendants have failed to present sufficient evidence to create a factual issue on whether Semret teaches an "auction having at least two or more positions of priority**."

The patent requires an "auction having at least two or more positions of priority." '151 patent, Claims 1, 11. As explained in Bid For's opening brief, Semret does not consider or teach a system where there are two or more positions of priority. Instead, Semret teaches an auction for a divisible resource. (Bid For Opening Brief at 11.)

Unable to cite to anything in Semret that expressly discloses an auction with two or more positions of priority, Defendants <u>argue</u> that Semret's auction for divisible resources could be interpreted as teaching an auction with two or more positions of priority. (Def. Opposition at 15.) Defendants' argument fails to create a factual issue sufficient to defeat summary judgment for the following reasons.

**1.** **Defendants did not, and cannot, present evidence to support their argument.**

As discussed above, Defendants present no evidence from a person skilled in the art to support their contention that Semret teaches an auction with two or more positions of priority, or that an auction for a divisible resource anticipates an auction for positions of priority. Though Defendants cite to the inadmissible report of their expert to support <u>other</u> arguments in their opposition, they do not do so for this proposition.

The reason for this omission is clear. As explained in Bid For's opening brief, Defendants' expert merely argues that "[w]hile the 'positions of priority' to which the Konia patent applies are not divisible, one skilled in the art would recognize that there is nothing to prevent the Semret invention being used as is for the allocation of indivisible items." (Ex. 7 to Bid For Opening Brief at 93, ¶236.) As also explained in the opening brief, Defendants' expert confuses the standard for anticipation with the standard for other invalidity defenses, and tacitly acknowledges that an auction for indivisible resources – such as positions of priority – are not found in Semret. (Bid For Opening Brief at 11.) Defendants <u>do not dispute</u> these facts. Thus,

4

not only have Defendants failed to present evidence from one skilled in the art to support their contention that Semret teaches an auction for positions of priority, it is clear why they are unable to do so. Their own expert agrees with Bid For Position on this point.

**2. An auction of divisible resources does not disclose an auction of multiple positions or priority.**

Defendants must argue that an auction for positions of priority is an auction for divisible resources because Semret clearly states that it is teaching only auctions for arbitrarily divisible resources. Semret 9:38-43 ("Auctions, as formulated here, are applicable in a setting where the resources are arbitrarily divisible."); Semret 13:6-9 (its teachings apply "to the case where an arbitrarily divisible resource is to be shared"). Accordingly, Defendants must prove that an auction for positions of priority is an auction for divisible resources. If not, Semret says nothing about an auction for positions of priority. Defendants' unsupported argument that an auction for positions of priority is an auction for divisible resources is without merit.

*First*, as explained in Plaintiff's opening brief, and <u>undisputed</u> by Defendants, positions of priority are not divisible. Thus, unlike participants in the Semret auction that can arbitrarily divide and share (for example) a quantity of oil or internet bandwidth, participants in the auction disclosed in the Konia patent cannot divide and share (for example) an ad position on a search results page or an airline seat. Furthermore, also <u>undisputed</u> by Defendants, positions of priority are not fungible. Thus, whereas there is no qualitative difference between the oil or bandwidth received by the participants in the Semret auction, there is a clear qualitative difference (i.e. a *priority* relationship) between advertiser position 2 or 8 on a search results page, or an airline seat in row 2 verses row 22. As such, an auction for a divisible resource does not disclose an auction for multiple positions of priority. At the very least, there is no basis to make such a finding in the absence of testimony from one skilled in the art. And, as discussed above, the reason that Defendants do not present evidence from one skilled in the art is that their expert has opined that "the 'positions of priority' to which the Konia patent applies are not divisible." (Ex. 7 to Bid For Opening Brief at 93, ¶236.)

***Second***, Defendants' argument confuses the ordering of winners in an auction that has multiple winners with an auction for positions of priority. The distinction is this: Any auction (*e.g.* one for oil, cars, or a painting) may order the bids -- highest bid, second highest bid, third highest, and so on. But those are not "positions of priority" because those are not the things being auctioned. As this Court construed the claims of the Konia patent, it requires "an auction that determines priority for . . . a continuing service." (July 11, 2008 Order at 19.) Thus, the "positions of priority" are what is actually being auctioned. In contrast, what is auctioned in Semret is a divisible resource. Defendants' citations to the Semret patent merely establish that the divisible resource is allocated to the highest bidders, that is, the highest bidders are all winners. (Semret, Ex. 5 to Rosen Decl., 5:50-6:5, 6:33-34, Fig 1.) In other words, the bids are ordered before the resource is distributed. But each winner receives the same fungible resource delivered at exactly the same time. Winner number 1 gets nothing different from number 2, and number 2 gets nothing different from number 3, etc. Because there is no qualitative difference between what each winner receives (they each receive the same fungible resource), an auction that orders winning bids is not the same as an auction for positions of priority. At the very least, there is no basis for a jury to make such a finding in the absence of testimony from one skilled in the art.

As the foregoing demonstrates, Semret does not disclose an auction with two or more positions of priority. At the very least, Defendants fail to present clear and convincing evidence to satisfy their burden of proof. Summary adjudication is appropriate.

**C.      Defendants admit that Semret does not disclose "information for selecting one of the two or more positions of priority that the first bidder wishes to maintain in the auction."**

Defendants admit that, under this Court's construction of the claims of the Konia patent, "Semret does not allow bidder's to provide information indicating a choice of position in the auction, nor does it have a specific position chosen by the bidder." (Def. Opposition at 11.)

6

Accordingly, this element is missing, which provides an independent basis for granting summary adjudication as to anticipation by Semret.[3]

Defendants argue, however, that "if merely participating in an auction with positions of priority is enough to indicate a choice of position . . ., Semret contains these limitations." (*Id.* at 12-13.) The fallacy in Defendants' argument is that it confuses <u>whether</u> an element is disclosed with <u>how</u> that element might be satisfied.

As Defendants acknowledge, this Court has construed this element to mean "information entered by the bidder that indicates the bidder's choice of one of the two or more positions of priority in the auction." (July 11, 2008 Order at 12.) Therefore, what must be disclosed in Semret is an auction in which bidders enter information that indicates the bidder's choice of one of the two or more positions of priority in the auction.

<u>How</u> such information is entered by the bidder is a completely separate inquiry from <u>whether</u> the reference, Semret, discloses a bidder entering such information. For example, there could be an auction where, pursuant to the rules of that auction, by clicking on a particular button the bidder indicates that its choice of one of the two or more positions available in the auction is the highest position available. Such an auction discloses "information entered by the bidder that indicates the bidder's choice of one of the two or more positions of priority in the auction."[4] <u>How</u> that information is entered by the bidder is by clicking on the button. This does not mean, however, that every auction that discloses clicking on a button also discloses "information entered by the bidder that indicates the bidder's choice of one of the two or more positions of priority in the auction."

Here, Defendants present no evidence of <u>whether</u> Semret discloses "information for selecting one of the two or more positions of priority that the first bidder wishes to maintain in

---

[3]     Consistent with this admission, Defendants' expert opines: "Semret does not allow bidders to indicate a choice of position in the auction." David Parkes, Reply report dated July 28, 2008.

[4]     This is particularly true in light of this Court's finding that "the bidder may also choose the highest bidding position possible." (July 11, 2008 Order at 12.)

the auction." In other words, Defendants present no evidence that Semret discloses a system where bidders enter information that indicates a bidder's choice of one of the two or more positions of priority in the auction.

Though Defendants cite to their expert's report to support their argument (Def. Opposition at 13), the report does not raise a genuine issue of fact for two reasons. *First*, as discussed above, an unsworn expert report is not evidence.

*Second*, the expert report does not address the critical "<u>whether</u>" question. Instead, the report merely states that: "The Semret patent contains this element of bid management data . . . [because] all that Bid For Position seems to require within the Konia patent is that a bid can receive the highest priority possible given its submitted bid." (Ex. 1 to Bennett Decl., ¶240.) As explained above, just because the highest bidder in Semret will be first in line to receive the divisible resource does not mean the Semret discloses a system where bidders enter information indicating their choice a position of priority available in the auction. Stated differently, if Semret disclosed that a bidder that participates in the auction received the highest position possible, this does not discloses a system that teaches entering data that indicates a choice of position. Neither Defendants nor their experts cite to anything in Semret that indicates Semret teaches such a system. At the very least, and in the absence of such testimony from one skilled in the art, Defendants fail to present sufficient evidence to satisfy their heavy burden of proof.

### III.    Defendants' other arguments are without merit.

In an apparent effort to draw attention away from the absence of evidence to support their anticipation defense, Defendants argue that this motion should be denied because (1) Plaintiff's statement of undisputed facts is improper, and (2) Plaintiff "fails to undertake a proper anticipation analysis." Each of these contentions is without merit.

*First*, there is nothing improper about Plaintiff's statement of undisputed facts. As explained in the opening brief, Plaintiff's motion need only point to the Defendants' lack of evidence supporting their defense. *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828

F.2d 211, 216 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 325). Thus, the statement of undisputed facts need merely inform the court of the basis of the motion and point out the absence of evidence. Plaintiff's statement of undisputed facts easily meets this standard.

The cases cited by Defendant are inapposite. In *Roche v. Lincoln Prop. Co.*, 2003 U.S. Dist. LEXIS 23353 (E.D. Va. 2003), Plaintiff filed a motion for summary judgment on claims *on which they had the burden of proof*. The court denied Plaintiff's summary judgment motion because "Plaintiffs filed a five-page motion for summary judgment and failed to include a memorandum in support and failed to include any supporting evidence or authority demonstrating that they are entitled to summary judgment." *Id*. at *27. In *Clark v. St. Louis Pub. Schs.*, 2006 U.S. Dist. LEXIS 76790 (E.D. Mo. 2006), a pro se plaintiff with the burden of proof filed a summary judgment motion as his opposition to defendant's motion to dismiss. The motion was denied because "Plaintiff's 'uncontroversial material facts' is an impermissible narrative of how plaintiff believes he has been wronged. When reviewing a summary judgment motion, a court can only consider admissible evidence" (*id*. at *3), and because "Plaintiff's summary judgment motion fails to properly raise any genuine issue of fact and fails to cite any legal authority showing that as a matter of law he is entitled to judgment. Thus, his summary judgment motion will be denied" (*id*. at *3-4). These cases have no application to the facts here.

***Second***, Defendants' suggestion that the motion should be denied because Plaintiff did not "first address[] the parties' dispute over the proper construction of these claims or tak[e] any explicit position regarding what construction Plaintiff is applying" is absurd. Plaintiff brought the motion because summary judgment was appropriate under either party's proposed constructions as a result of key admissions made by Defendants' own expert. Therefore, the motion did not hinge on any claim construction disputes. Moreover, the cases cited by Defendants identify the analytical steps for *proving* anticipation (*i.e.*, one must first construe the claims then apply them to the prior art). The cases say nothing about what must be included by in a summary judgment motion by plaintiff.

As discussed above, Defendants cannot demonstrate any genuine issues of material that warrant trial on the issue whether Semret discloses every element of the asserted claims. Thus, Plaintiff is entitled to summary judgment on this issue. Nothing in Local Rule 56(B) or in the manner in which Plaintiff presented its motion changes this fact.

## IV.    Conclusion.

Semret does not anticipate the asserted claims of the Konia patent, and Defendants conceded that no other prior art reference does so. Accordingly, Plaintiff respectfully requests that this Court issue an order establishing that Defendants' affirmative defenses and counterclaims, to the extent they rest on assertions of anticipation under Section 102, are without merit.

Dated:  July 31, 2008                                         Respectfully submitted,

                                                                        BID FOR POSITION, LLC

                                                                        By Counsel


/s/
R. Braxton Hill, IV (VSB No. 41539)
bhill@cblaw.com
Craig T. Merritt (VSB No. 20281)
Nichole Buck Vanderslice (VSB No. 42637)
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: 804-697-4100
Facsimile: 804-697-4112

Gregory S. Dovel, *p.h.v*
Christin Cho, *p.h.v*
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Facsimile:  310-657-7069

David Rosen, *p.h.v*
Murphy Rosen & Meylan LLP
100 Wilshire Boulevard Suite 300

Santa Monica, CA 9040l
Telephone: 310-899-3300
Facsimile: 310-399-7201

ATTORNEYS FOR BID
FOR POSITION, LLC

888304

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2008, I served the following by electronic

transmission:

Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

Thomas D. Pease, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
thomaspease@quinnemanuel.com

***Counsel for Google Inc.***

Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

John M. Williamson, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT &
DUNNER LLP
901 New York Avenue, NW, Suite 700
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
john.williamson@finnegan.com

Robert L. Burns, II, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT &
DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400
robert.burns@finnegan.com

***Counsel for AOL LLC***

_____/s/_____
R. Braxton Hill, IV (VSB 41539)
*Attorney for Bid for Position, LLC*
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
Email: bhill@cblaw.com