

FILED
AUG - 4 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

BID FOR POSITION, LLC,

     Plaintiff,

v.

AOL LLC and GOOGLE INC.,

     Defendants.

CASE NO. 2:07-cv-582 JBF/TEM

**Jury Trial Demanded**

## AGREED ORDER ALLOWING DEFENDANTS' MOTION TO FILE UNDER SEAL THE DECLARATION OF CLAYTON BAVOR, JR. AND SUPPORTING EXHIBITS; THE DECLARATION OF ROHIT RAO AND SUPPORTING EXHIBITS; CERTAIN EXHIBITS TO THE DECLARATION OF EMILY C. O'BRIEN; AND PORTIONS OF DEFENDANT GOOGLE AND AOL'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,225,151

This matter comes before the Court on Defendants Google Inc. and AOL LLC's (collectively, "Defendants") Motion to File Under Seal the Declaration of Clayton Bavor, Jr. and Supporting Exhibits; the Declaration of Rohit Rao and Supporting Exhibits; Certain Exhibits to the Declaration of Emily C. O'Brien; and Portions of the Defendants Google and AOL's Memorandum in Support of Their Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,225,151 filed in this Court on July 24, 2008. And, it appearing to the Court that:

1. This Court entered a Protective Order ("Protective Order") on April 28, 2008. Paragraph 23 of the Protective Order states:

> a. In the event a party wishes to use Protected Information, or any papers containing or making reference to the contents of such Protected Information, in any pleading or document filed with the Court in this litigation, such pleading or document and Protected Information shall be filed under seal, until such time as the Court orders or otherwise denies

permission to file under seal, and such Protected Information, or papers, shall plainly state on the first page of any bound or stapled document "Confidential—Filed Under Seal" and shall be filed only in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

CONFIDENTIAL

This envelope contains documents that are subject to a Stipulation and Protective Order Governing Discovery Material entered by the Court in this action. This envelope shall neither be opened nor the contents revealed except by Order of the Court.

b. Whenever a party files a document under seal with the Court, that party shall simultaneously file a motion requesting that the Court enter an order permitting the document to remain under seal. When such a motion is filed, the following steps must be taken:

i. The Clerk shall provide public notice by docketing the motion in a way that discloses its nature as a motion to seal, with a hearing date (if any);
ii. The Clerk shall provide interested persons an opportunity to submit memoranda in support of or in opposition to the motion;
iii. The document and any confidential memoranda shall be treated as sealed pending a ruling on the motion;
iv. If the Court decides to seal the documents at issue, it must state its reasons on the record, supported by specific findings; and
v. The Court must state its reasons for rejecting alternatives to closure.

Defendants agree to follow in an expeditious manner any additional procedures imposed by the Court, including Local Rule 5 of the Local Rules of Practice for the United States District Court for the Eastern District of Virginia as a prerequisite to filing any document under seal. If the Court declines to allow the material to remain under seal, the materials shall not be unsealed until at least 10 days notice has been to the producing party to allow for the retrieval of any designated information prior to any papers being unsealed.

2. Certain declarations, including the Declaration of Clayton Bavor, Jr. and the Declaration of Rohit Rao (collectively, "Confidential Declarations"); certain exhibits, including the supporting exhibits to the Declaration of Clayton Bavor, Jr., the supporting exhibits to the Declaration of Rohit Rao, and Exhibits 4 and 5 to the Declaration of Emily C. O'Brien (collectively,

"Confidential Exhibits"); and portions of Defendants Google and AOL's Memorandum in Support of Their Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,225,151 ("Portions of the Brief in Support") contain information and testimony containing sensitive and valuable proprietary information relating, among other things, to the technical details of how certain Google, AOL and MIVA systems operate, certain information marked by Plaintiff as "Confidential Attorneys' Eyes Only" (Prosecution Bar) or "Confidential Attorneys' Eyes Only" under the Protective Order, and certain expert contentions in this matter. Because this information is confidential by operation of the Protective Order, Defendants seek permission to file the Confidential Declarations, Confidential Exhibits and Portions of the Brief in Support under seal. Failing to file the Confidential Declarations, Confidential Exhibits and Portions of the Brief in Support under seal will risk the disclosure of confidential, trade secret information, would violate the Protective Order and potentially would cause competitive harm.

3. Defendants have sent copies of the Confidential Declarations, Confidential Exhibits and Brief in Support to opposing counsel. *In-camera* copies of the same will be sent to the Court as well.

4. Before this Court may seal Court documents, it must: "(1) provide public notice of the request to seal an allowance to the parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Connoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). (Internal citations omitted.)

5. In compliance with Local Rule 5 of the Rules of this Court and *Ashcraft*, Defendants have attached a Public Notice of Defendants' Motion to Seal.

3

6. Defendants request that the Court retain sealed materials until forty-five (45) days after a final order is entered and request that unless the case is appealed that any sealed materials be returned to counsel for the filing party.

Therefore, based upon the filings of Defendants and good cause shown, the Court FINDS and ORDERS that less drastic alternatives to sealing the Confidential Declarations, Confidential Exhibits and Portions of the Brief in Support are not feasible and therefore orders that the Confidential Declarations, Confidential Exhibits and Portions of the Brief in Support be filed under seal by the Clerk. The Court shall retain sealed materials until forty-five (45) days after entry of final order. If the case is not appealed, any sealed materials should then be returned to counsel for the filing party.

THE CLERK IS REQUESTED to send a copy of this Order to all counsel of record.

ENTER: AUG 1 2008

JUDGE: /s/
Tommy E. Miller
United States Magistrate Judge
United States District Court
Eastern District of Virginia

WE ASK FOR THIS:

Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

Thomas D. Pease, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
thomaspease@quinnemanuel.com

***Counsel for Google Inc.***

Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3000
Facsimile: (757) 624-3169
senoona@kaufcan.com

Charles K. Verhoeven, *pro hac vice*
David A. Perlson, *pro hac vice*
Emily C. O'Brien, *pro hac vice*
Antonio R. Sistos, *pro hac vice*
Katherine H. Bennett, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com
emilyobrien@quinnemanuel.com
antoniosistos@quinnemanuel.com
katherinebennett@quinnemanuel.com

Thomas D. Pease, *pro hac vice*
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
thomaspease@quinnemanuel.com

John M. Williamson, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
901 New York Avenue, NW, Suite 700
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
john.williamson@finnegan.com
Robert L. Burns, II, *pro hac vice*
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Telephone: (571) 203-2700
Facsimile: (202) 408-4400
robert.burns@finnegan.com

*Counsel for AOL LLC*

SEEN AND NOT OBJECTED TO:

_____
Craig T. Merritt (VSB No. 20281)
R. Braxton Hill, IV (VSB No. 41539)
Nichole Buck Vanderslice (VSB No. 42637)
CHRISTIAN & BARTON, LLP
909 East Main Street, Suite 1200
Richmond, VA 23219-3095
Telephone: (804) 697-4100
Facsimile: (804) 697-4112
cmerritt@cblaw.com
bhill@cblaw.com
nvanderslice@cblaw.com


Gregory S. Dovel, *pro hac vice*
Christin K. Cho, *pro hac vice*
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069
greg@dovellaw.com
christin@dovellaw.com


David E. Rosen, *pro hac vice*
MURPHY ROSEN & MEYLAN, LLP
100 Wilshire Blvd., Suite 1300
Santa Monica, CA 90401
Telephone: (310) 899-3300
Facsimile: (310) 399-7201
drosen@mrmlawyers.com

*Counsel for Bid for Position, LLC*

1388291\1